IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
At ROME

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW BATTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00179 |
| | ) | |
| K-VAT-FOOD STORES, INC. d/b/a | ) | JUDGE: |
| FOOD CITY, | ) | MAGISTRATE: |
| | ) | |
| Defendant. | ) | |

ANSWER

K-VA-T Food Stores, Inc. d/b/a Food City ("Food City"), by undersigned counsel, responds to the allegations in the Complaint and submits defenses, as follows:

1. Food City admits that Plaintiff is an adult, and admits the residency allegation on information and belief. Food City admits that it employed Plaintiff from about March of 2019 until February 14, 2022.
2. Food City admits the allegations in the first sentence of paragraph 2 of the Complaint. With respect to the second sentence, Food City admits that it employed Plaintiff in more than one location and that one of those locations was in Ringgold, GA. Food City does not know what Plaintiff considers to be "all times relevant to this Complaint" and therefore does not admit that allegation.
3. Food City admits that this Court has federal question jurisdiction but denies that Plaintiff has a valid claim for relief under federal law or otherwise.
4. Food City admits that venue is proper herein but denies that any actions giving rise to a valid cause of action took place.

5. Food City understands that Plaintiff has some limitations but is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to the underlying reasons for same and therefore denies the allegations in paragraph 5 of the Complaint.
6. Food City understands that Plaintiff has some limitations but is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to the underlying reasons for same and therefore denies the allegations in paragraph 6 of the Complaint.
7. Food City understands that Plaintiff has some limitations but is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to the underlying reasons for same and therefore denies the allegations in paragraph 7 of the Complaint.
8. Food City is without knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint and therefore denies the same.
9. Food City admits the allegations in the first two sentences of paragraph 9 of the Complaint. Food City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 9 of the Complaint and therefore denies the same.
10. Food City admits the allegations in the first sentence of paragraph 10 of the Complaint. With respect to the second sentence of paragraph 10, Food City admits that fuel clerks typically work inside a kiosk and that in general customers to not enter the inside of the kiosk. With respect to the third sentence of paragraph 10, Food City avers that fuel

clerks are often alone for a significant part of the shift and denies that they are always alone during the full shift.

11. Food City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore denies the same.
12. Food City admits only that in the Summer of 2021 Plaintiff requested time off of work in connection with receiving a dog.
13. Food City admits that it approved time off for Plaintiff in or around July of 2021. The allegations in the second sentence of paragraph 13 of the Complaint are denied.
14. Food City understands that at some point in or around July of 2021 Plaintiff received a dog. Food City is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations in paragraph 14 of the Complaint and therefore denies the same.
15. Food City admits that on July 23, 2021, Plaintiff reported to work with his dog and brought associated paperwork.
16. Food City avers that before Plaintiff reported to work on July 23, 2021, he spoke on the phone with the Human Resources Coordinator at the Store and indicated for the first time that he intended to bring a dog with him to work. Food City admits that the Human Resources Coordinator indicated that she was unsure whether Plaintiff would be allowed to have a dog with him at work.
17. Food City denies that the stated dates are correct but agrees that Plaintiff worked with his dog present for a short period of time.

18. Food City admits that in a meeting on or about August 6, 2021 Plaintiff was informed that he would not be allowed to work with the dog present. Food City denies that Plaintiff was suspended from employment.
19. Food City admits that on or about August 12, 2021, Plaintiff was again informed that he could not work with the dog present. Further, during this discussion and others Food City initiated discussion of other accommodation options and asked Plaintiff for suggestions of other options, and Plaintiff rejected such options.
20. Food City admits that David Ellison, who is with Human Resource and not Store management, discussed with Plaintiff the possibility of transferring to a USCAN position with the store, which would permit Plaintiff to use a stool for periods of time and to be around others, and further admits that Plaintiff declined that offered accommodation.
21. Food City admits that another meeting took place on August 18, 2021, and that Plaintiff was told he would not be allowed to have the dog at work. Food City further avers that Mr. Ellison again raised the possibility of Plaintiff working in a USCAN position and that Plaintiff dismissed that consideration immediately. Food City admits that Mr. Ellison discussed with Plaintiff that a leave of absence might be used as an accommodation, including potentially FMLA leave or a personal leave.
22. Food City admits the allegations in paragraph 22 of the Complaint.
23. Food City admits the allegations in paragraph 23 of the Complaint.
24. Food City denies that Plaintiff was effectively discharged on August 6, 2021, and admits that Plaintiff communicated a desire to return to work. Food City further avers

that it appropriately engaged Plaintiff in discussions regarding a potential return to work.

25. Food City admits that it sent Plaintiff a letter on or about October 6, 2021. The letter speaks for itself and Food City denies any attempted characterization of its contents.
26. Food City admits that it sent Plaintiff a letter on or about April 19, 2022. The letter speaks for itself and Food City denies any attempted characterization of its contents.
27. Food City admits that Plaintiff did not request a personal leave of absence. Food City avers that Plaintiff made it clear during discussions that he was capable of performing the duties of the Fuel Clerk position with or without the assistance of a service dog but that he nevertheless insisted on having the dog present and would not work otherwise.
28. Food City denies the allegations in paragraph 28 of the Complaint.
29. Food City denies the allegations in paragraph 29 of the Complaint.
30. Food City denies the allegations in paragraph 30 of the Complaint.
31. Food City denies the allegations in paragraph 31 of the Complaint.
32. Food City admits that it was aware Plaintiff had some limitations, but denies the legal conclusions contained in paragraph 32 of the Complaint.
33. Food City admits that it was aware Plaintiff had some limitations, but denies the legal conclusions contained in paragraph 33 of the Complaint.
34. Food City admits that Plaintiff was able to perform the essential functions of the Fuel Clerk position and further avers that he made it clear he could do so without the assistance of a service dog.
35. Food City admits that it was aware Plaintiff had some limitations.

36. The allegation in paragraph 36 states a legal conclusion to which no response is required.
37. Food City admits the allegation contained in paragraph 37 of the Complaint.
38. Food City admits the allegation in paragraph 38 of the Complaint.
39. Food City admits the allegation in paragraph 39 of the Complaint.
40. The EEOC Determination speaks for itself and Food City denies any characterization of its contents. Further, such Determinations are not relevant or admissible.
41. Food City admits that the EEOC issued a Notice of Right-to-Sue to Plaintiff, on or about June 16, 2022.
42. Food City denies the allegations in paragraph 42 of the Complaint.
43. Food City denies that Plaintiff is entitled to any of the relief prayed for in the prayer for relief that follows paragraph 42 of the Complaint, including the relief requested in sub-paragraphs A through E thereunder.
44. Except as specifically admitted above, Food City denies all allegations in the Complaint.
45. Food City submits the following affirmative and other defenses:

FIRST DEFENSE

The claims in the Complaint are subject to all applicable statutory limitations periods.

SECOND DEFENSE

Plaintiff's claims for lost compensation are barred to the extent that Plaintiff failed to reasonably mitigate same.

THIRD DEFENSE

All claims under the Americans With Disabilities Act which were not the subject of a timely charge filed with the EEOC are barred.

FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred because the acts and omissions of Food City, if any, fail to rise to the level required to sustain an award of punitive damages. There was no evil intent, no evidence of a malicious, knowing, oppressive or fraudulent intent to deny Plaintiff of her protected rights, and no wantonness or willfulness, and thus no support for an award of punitive damages.

FIFTH DEFENSE

If Plaintiff is entitled to any relief (which KVAT denies) he has adequate remedies at law.

SIXTH DEFENSE

KVAT contends that no discriminatory employment decisions were made in this case; however, KVAT may not be held vicariously liable for punitive damages under the ADA on unlawful employment decisions made by its managerial agents, if any are proven, because any such unlawful decisions were contrary to KVAT's policies and good-faith efforts to comply with the ADA.

Respectfully submitted this 13th day of September 2022.

/s/ Howard B. Jackson
Howard B. Jackson, BPR #021316
Wimberly Lawson Wright Daves & Jones, PLLC
P.O. Box 2231
Knoxville, TN 37901-2231
(865) 546-1000
(865) 546-1001 (fax)

Attorney for K-VA-T Food Stores, Inc.

**CERTIFICATE OF SERVICE**

I certify that the foregoing Answer was served on the following person, via e-mail and U.S. Mail, this 13th day of September 2022:

Ethan Hargraves
Massey and Associates, P.C.
6400 Lee Highway, Suite 101
Chattanooga, Tennessee 37421
(888)885-1982
(423)634-8886
amandaj@masseyattorneys.com

/s/ Howard B. Jackson

Howard B. Jackson