**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**AT ROME**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW BATTEN**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**K-VA-T FOOD STORES, INC. d/b/a FOOD CITY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 4:22-cv-00179**<br><br>**JURY DEMANDED** |

---

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

---

## 1. Description of Case

**a) Describe briefly the nature of this action.**

This is an action for employment discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., and the Americans with Disabilities Act of 2008

b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

The Plaintiff, Matthew Batten, was employed by Defendant, Food City, from about May 2019 until August 2021 as a fuel clerk. Mr. Batten worked at several different locations during his employment with Food City, but, at all times relevant to this lawsuit, he worked at the Food City located at 150

Highway 41, Ringgold, Catoosa County, Georgia. Mr. Batten has permanent physical limitations as a result of a severe motorcycle crash in 2014. In the Summer of 2021, Mr. Batten attended a training course as part of receiving a certified service dog to assist him with his physical limitations. During August, Food City declined Mr. Batten's requests to have his service dog at work and instead discussed potential accommodations other than use of a service dog. Mr. Batten did not find the other accommodations to be acceptable. The parties did not reach agreement with respect to having the service dog at work, and Mr. Batten did not return to work for Food City after August 6, 2021.

**c) The legal issues to be tried are as follows:**

1) Whether Defendant failed to provide Plaintiff with reasonable accommodations and failed to comply with the interactive process in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., and the Americans with Disabilities Act of 2008.

2) Whether Defendant discriminated against him and discharged him because of his disability, his record of having a disability, or because Defendant regarded him as having a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., and the Americans with Disabilities Act of 2008.

3) Whether Defendant retaliated against Plaintiff for engaging in a protected activity related to his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., and the Americans with Disabilities Act of 2008.

4) Whether Plaintiff fully participated in the interactive process contemplated by the Americans with Disabilities Act.

**d) The cases listed below (including both style and action number) are:**

**1) Pending Related Cases:**
None

**2) Previously Adjudicated Related Cases:**
None

**2. This case is complex because it possesses one (1) more of the features listed below (please check):**

**____ (1) Unusually large number of parties**
**____ (2) Unusually large number of claims or defenses**
**____ (3) Factual issues are exceptionally complex**
**____ (4) Greater than normal volume of evidence**
**____ (5) Extended discovery period is needed**
**____ (6) Problems locating or preserving evidence**
**____ (7) Pending paralegal investigations or action by government**
**____ (8) Multiple use of experts**
**____ (9) Need for discovery outside United States boundaries**
**____ (10) Existence of highly technical issues and proof**
**____ (11) Unusually complex discovery of electronically stored information**

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the respective parties:

For Plaintiff: R. Ethan Hargraves

For Defendants: Howard B Jackson

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes  __X__ No

5. **Parties to This Action:**

a) **The following persons are necessary parties who have not been joined:**
None

b) **The following persons are improperly joined as parties:**
None

c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**
None

d) **The parties shall have a continuing duty to inform the Court of any contentions regarding the unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**
None at this time.

b) **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions**

a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1

c) *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties do not object to serving initial disclosures, and same are to be exchanged by the parties on or before October 14, 2022.

**9. Request for Scheduling Conference**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

No.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the Complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**11. Discovery Limitations:**

**a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(E) that service may be made by electronic mail, with copies sent to all attorneys of record for the party served, and that the three-day response time extension of Federal Rule of Civil Procedure 6(d) shall be applicable to such service. The parties agree to break down into multiple emails or arrange for service via alternative delivery, including FTP or other cloud-based procedure, when larger than 10 Mb.

b) **Is any party seeking discovery of electronically stored information?**

__X__ Yes _____ No

If "yes,"

1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

At this time, the parties do not anticipate the need for further limitations on the scope of production of electronically stored information.

2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Formant (TIFF or .TIF files), Portable Document Format (PDF), or native), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to produce documents in TIFF or PDF format. For particular documents whose native format is a spreadsheet, database, audio, video, or MS PowerPoint (or other presentation file format), or another structured data file type that is not easily converted to or read in an image format, a party may make a reasonable request that the particular documents be produced in original native format. The parties agree not to degrade the searchability of any documents as part of the document production process.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule16(b) and (c)?**

The parties have conferred and at this time do not anticipate the need for any other orders from this Court at this time. At such time as a protective order may become necessary, the parties will attempt in good faith to provide the Court with an Agreed Order.

**13. Settlement Potential:**

**a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 21, 2022, and that they participated in settlement discussions.**

**For Plaintiff:** Lead counsel (signature): /s/ R. Ethan Hargraves

**For Defendant:** Lead counsel (signature): /s/ Howard B. Jackson (w/express permission)

**b) All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears that there is now:**

**(____) A possibility of settlement before discovery.**
**(_X_) A possibility of settlement after discovery.**
**(____) A possibility of settlement, but a conference with the judge is needed.**
**(____) No possibility of settlement.**

**c) Counsel ___X____ do or __________ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference:** is not scheduled.

**14. Trial by Magistrate Judge:**

**NOTE: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**a) The parties _______ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court on __________.**

**c) The parties ___X___ do not consent to having this case tried before a magistrate judge of this court.**

**Respectfully submitted this 29th day of September 2022.**

Massey & Associates, P.C.

Ethan Hargraves

R. Ethan Hargraves, GA No. 793839
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529/ F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiff*

Wimberly Lawson Wright Daves & Jones, PLLC

Howard Jackson (by REA with permission)

Howard B. Jackson, BPR No. 021316
P.O. Box 2231
Knoxville, TN 37901-2231
Ph: 865.546.1000/F: 865.546.1001
hjackson@wimberlylawson.com
*Attorney for Defendant*