IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
AT ROME

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW BATTEN,<br><br>Plaintiff,<br><br>v.<br><br>K-VAT-FOOD STORES, INC. d/b/a<br>FOOD CITY,<br><br>Defendant. | ) | Case No. 4:22-cv-00179 |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the Joint Motion of the parties herein and for good cause shown:

IT IS HEREBY ORDERED AS FOLLOWS:

1. All documentary information produced or exchanged in the course of discovery in this litigation that contains financial, personnel information, business, customer, personal, credit, private medical, tax, corporate policies or business strategies, or other similar confidential information that is so designated by either party to this litigation by stamping "Confidential" on each such document by the producing party, shall be deemed confidential material.
2. Confidential material shall be used solely for the purpose of this litigation.
3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:
   a. Attorneys representing any party in this litigation, employees of such attorneys or law firms with which such attorneys are associated, and other professional and non-professional personnel providing office services to such attorneys or law firms

(including but not limited to office support staff and outside copying services) but only for purposes of this litigation;

b. Relevant in-house counsel for the parties;

c. Outside experts, advisors or consultants retained by counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

d. Insurers;

e. Secretarial, paralegal, clerical, duplicating and data processing personnel employed with the attorneys described in subsection 3(a) above.

f. The Court and court personnel;

g. Any mediator or arbitrator and their staff that the parties engage in this matter or that this Court appoints, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

h. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who agree to be bound by this Agreed Protective Order;

i. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

j. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

k. Witnesses, including at trial, or potential witnesses contacted by counsel of record in the litigation in good faith, but only for the purpose of obtaining evidence or testimony for any deposition, hearing, trial or other proceeding in this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

l. Any mediator who is engaged to assist the Parties in settlement negotiations on a confidential basis;

m. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

n. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives and other employees participating in decisions with reference to this lawsuit and other decision-makers or personnel necessary to prosecute and/or defend this action; and

o. Other persons by written consent of the designating party or third party on such conditions as may be agreed or ordered.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality expressly waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. This Order does not apply to the use of such confidential material during the course of trial, discovery depositions, or any hearing in this case.
6. Unless necessary for appeal purposes or otherwise agreed by the parties, all Confidential material under this Order not received in evidence and all copies shall be destroyed or made available for return to the producing party after the conclusion of the case, provided, however, that all counsel of record may retain a copy of the Confidential material for their files, as well as any pleadings or attorney and consultant work product containing such Confidential material.
7. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:
    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. There is no limitation or waiver of the period for an objection, nor shall the period from receipt to objection be deemed a waiver of an objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days after receipt of such objection, and shall state with particularity the grounds for asserting that the documents or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, counsel for the objecting party shall present the dispute to the Court initially by motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. Upon the filing of a motion challenging the designation of a document or item, the burden will be upon the designating party to establish that the designation is proper.

c. Nothing herein shall prevent the parties from providing courtesy copies of pleadings, briefs or memoranda to the Court. Such courtesy copies shall note in the caption that they contain or disclose information that has been designated as Confidential information under this Stipulation and Order.

8. A time-stamped copy of this Order as entered shall be treated as an original.

ENTER: this ________ day of ________________________, 2022.

____________________________________
JUDGE

**CONSENTED TO AND APPROVED FOR ENTRY:**

/s/ Howard B. Jackson
Howard B. Jackson, BPR #021316
Wimberly Lawson Wright Daves & Jones, PLLC
P.O. Box 2231
Knoxville, TN 37901-2231
(865) 546-1000
(865) 546-1001 (fax)
hjackson@wimberlylawson.com
Attorney for K-VA-T Food Stores, Inc.

/s/ Ethan Hargraves
Ethan Hargraves, GA Bar No.: 793839
Massey and Associates, P.C.
6400 Lee Highway, Suite 101
Chattanooga, Tennessee 37421
(888)885-1982
(423)634-8886
amandaj@masseyattorneys.com
Attorney for Plaintiff,
Christopher Matthew Batten

EXHIBIT A

I, ____________________, being duly sworn, state that:

1. My present address is _________________________________________. .

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL MATERIAL, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me.

4. I will return all CONFIDENTIAL MATERIAL that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

_______________________________

[Signature]

Sworn and subscribed to before me this ____ day of ______________, 202_.

Notary Public

My Commission expires: