**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW BATTEN,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **4:22-cv-00179** |
| | ) | |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **K-VA-T FOOD STORES, INC., d/b/a** | ) | |
| **FOOD CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**AMENDED NOTICE TO TAKE DEPOSITION OF K-VA-T FOOD STORES, INC., d/b/a FOOD CITY**

---

**TO: K-VA-T FOOD STORES, INC., d/b/a FOOD CITY**
**c/o HOWARD B. JACKSON**
**WIMBERLY LAWSON WRIGHT DAVES & JONES, PLLC**
**P.O. BOX 2231**
**KNOXVILLE, TN 37901**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, notice is hereby given that the discovery deposition of **K-VA-T FOOD STORES, INC., d/b/a FOOD CITY** shall take place on Wednesday, March 8, 2023, at 10:00 a.m. EST at the offices of Massey & Associates, P.C., 6400 Lee Highway, Suite 101, Chattanooga, TN 37421. Said deposition shall be taken for all purposes allowed by the Federal Rules of Civil Procedure and shall be taken by oral examination before a notary public or other officer authorized by law and will be recorded via

stenographic means and will continue from day to day until completed. We will secure a notary public to attend this deposition. If the above date is unsatisfactory, please immediately contact counsel for Plaintiff, and we will make every effort to schedule the deposition at a mutually agreeable date and time for all parties, to the extent possible given the deadlines in this case.

DESIGNATED MATTERS

Pursuant to the Federal Rules of Civil Procedure, **K-VA-T FOOD STORES, INC., d/b/a FOOD CITY** is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The designated persons must then testify to matters known or reasonably available to the organization. Examination is requested on the following matters:

1. The existence of the documents requested in Plaintiff's First Requests for Production of Documents to Defendant.
2. The existence of the documents requested in Plaintiff's Second Requests for Production of Documents to Defendant.
3. The accuracy and completeness of Defendant's answers to Plaintiff's First Set of Interrogatories to Defendant.
4. The location and source of any of the documents requested in Plaintiff's First Requests for Production of Documents to Defendant. This item is intended to

include the identity of any individual(s) in possession of such documents; any electronic source from which such documents could be obtained, or any other filing system used by the organization, or another organization, from which such documents could be obtained.

5. The location and source of any of the documents requested in Plaintiff's Second Requests for Production of Documents to Defendant. This item is intended to include the identity of any individual(s) in possession of such documents; any electronic source from which such documents could be obtained, or any other filing system used by the organization, or another organization, from which such documents could be obtained.
6. The identification of the particular documents that are responsive to each individual request contained in Plaintiff's First Requests for Production of Documents.
7. The identification of the particular documents that are responsive to each individual request contained in Plaintiff's Second Requests for Production of Documents.
8. The organization, storage, indexing, and/or filing of the documents requested in Plaintiff's First Requests for Production of Documents.
9. The organization, storage, indexing, and/or filing of the documents requested in Plaintiff's Second Requests for Production of Documents.

10. Any document retention/destruction policy or procedures that relate in any way to the documents requested in Plaintiff's First Requests for Production of Documents to Defendant.
11. Any document retention/destruction policy or procedures that relate in any way to the documents requested in Plaintiff's Second Requests for Production of Documents to Defendant.
12. The methods of search for the documents requested by Plaintiff's First Requests for Production of Documents to Defendant.
13. The methods of search for the documents requested by Plaintiff's Second Requests for Production of Documents to Defendant.
14. The completeness of the documents produced in response to Plaintiff's First Requests for Production of Documents to Defendant.
15. The completeness of the documents produced in response to Plaintiff's Second Requests for Production of Documents to Defendant.
16. The authenticity of the documents produced in response to Plaintiff's First Requests for Production of Documents to Defendant.
17. The authenticity of the documents produced in response to Plaintiff's Second Requests for Production of Documents to Defendant.

18. Identification of the person(s) involved in the search of the documents requested in Plaintiff's First Requests for Production of Documents to Defendant.

19. Identification of the person(s) involved in the search of the documents requested in Plaintiff's Second Requests for Production of Documents to Defendant.

20. If the documents listed below reflect policies or procedures adopted by Defendant for a particular period of time, the examination is requested regarding the policy or procedure and the period of time during which the policy or procedure was in effect.

21. The policies and procedures of Defendant regarding hiring, promotion, discipline, and termination of employees, including supervisory and management personnel.

22. The policies and procedures of Defendant concerning the qualifications, training and supervision of employees, including supervisory and managerial personnel.

23. The policies and procedures of Defendant regarding performance evaluations of employees, including supervisory and managerial personnel.

24. Defendant's attendance policies and procedures.

25. Defendant's policies and procedures regarding ADA accommodation requests.
26. Defendant's policies and procedures regarding personal leaves of absence.
27. Defendant's policies and procedures regarding disabled employees.
28. The substance of any report made to Defendant in the past 5 years of harassment, discrimination, or retaliation concerning the filing of a request for ADA accommodations.
29. The amount of Defendant's annual revenue from 2015 to present.
30. The total number of employee disability accommodation requests for the 5 years preceding August 1, 2021, and the number of those that were denied.
31. Any actions by Defendant to comply with the Americans with Disabilities Act.
32. The existence of any tax or other benefits to Defendant from the employment of persons with disabilities.
33. The date when Defendant first became aware of Defendant's plan to obtain a service dog.
34. The job titles and complete work duties of Plaintiff during his employment with Defendant.
35. The substance and timing of all communications with Plaintiff regarding his job title and duties.

36. The substance and timing of all communications between Defendant and Plaintiff regarding Plaintiff's disability.
37. The substance and timing of all communications between Defendant and Plaintiff regarding Plaintiff's job performance or the reasons for Plaintiff's termination.
38. The substance and timing of all communications between Defendant and Plaintiff regarding Plaintiff's need for accommodations.
39. The substance and timing of all internal communications regarding Plaintiff's disability or request for accommodations.
40. The number of employees employed by Defendant per year between 2015 to present.
41. All Defendant's reasons for Defendant's decision to deny Plaintiff's request for the use of his service dog.
42. Any and all documents upon which Defendant's decision to deny Plaintiff's request for the use of his service dog was based, whether in whole or in part.
43. Any and all witness accounts (whether verbal or written) upon which Defendant's decision to deny Plaintiff's request for the use of his service dog was based, whether in whole or in part.

44. Any other evidence, of any kind, upon which Defendant's decision to deny Plaintiff's request for the use of his service dog was based, whether in whole or in part.

45. The current job status of any employees who have requested ADA accommodations from 2015 to present.

46. All facts which support or relate to any of Defendant's affirmative defenses listed in Defendant's Answer.

47. Any and all communications constituting or relating to discussions about whether to provide Matthew Batten with a stool, chair, cane, or any other assistive device of any kind to be used by Mr. Batten in the USCAN Attendant position.

48. The substance of any training used by Food City related to employee disability accommodation requests under the ADA and which Food City employee positions receive said training.

49. The substance of the "Megastar" training used by Food City related to labor law compliance and which Food City employee positions receive said training.

50. The substance of the "ADA Guidelines Service Animals" training used by Food City and which Food City employee positions receive said training.

51. The substance and timing of all internal communications regarding the decision to offer Plaintiff an accommodation in the form of the USCAN Attendant position.

52. All of Defendant's reasons for offering Plaintiff the USCAN Attendant position.

53. Whether another employee or new hire was selected to fill Mr. Batten's position as the Fuel Clerk after Mr. Batten was terminated and whether said employee or new hire has disclosed a disability to Food City.

This 27th day of February 2023.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves, GA No. 793839
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ph: 423.697.4529
F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW BATTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.** |
| | ) | **4:22-CV-00179** |
| **v.** | ) | |
| | ) | **JURY DEMANDED** |
| **K-VA-T FOOD STORES, INC.,** | ) | |
| **d/b/a FOOD CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**CERTIFICATE OF SERVICE**

---

I certify that this 27th day of February 2023, I electronically filed AMENDED NOTICE OF DEPOSITION OF K-VA-T FOOD STORES, INC., d/b/a FOOD CITY with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves