IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
At ROME

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW BATTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00179 |
| | ) | |
| K-VAT-FOOD STORES, INC. d/b/a | ) | |
| FOOD CITY, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, and this Court's Local Rules, the Defendant herein, K-VA-T Food Stores, Inc, d/b/a Food City ("Food City") hereby MOVES this Honorable Court for summary judgment as to all of the allegations in the Complaint.

Food City files herewith the Statement of Material Facts as to which there is no genuine issue, the supporting Memorandum of Law and the following exhibits:

Exhibit 1: Deposition of Plaintiff Batten (Ex. 1, Pl.'s Depo.).

Exhibit 2: Deposition of Gary Richards, (Ex. 2, Richards Depo).

Exhibit 3: Deposition of David Ellison, (Ex. 3, Ellison Depo).

Exhibit 4: Deposition of Sherrill Lyons, (Ex. 4 Lyon Depo).

Exhibit 5: Deposition of Donnie Meadows, (Ex.5, Meadows Depo).

Plaintiff alleges Food City violated the Americans with Disabilities Act of 1990 and the ADAAA of 2008 (collectively, "ADA") by failing to provide him with reasonable accommodations and failing to engage in the interactive process. Plaintiff also alleges Food City discriminated against him and discharged him because of a disability, or his record of having a disability or because Food City regarded him as having a disability in violation of the ADA. Lastly, Plaintiff alleges Food City retaliated against him for engaging in a protected activity in violation of the ADA.

Food City did not discriminate against Plaintiff on the basis of his disability or on any other basis prohibited by law. Food City did not fail to provide a reasonable accommodation to the Plaintiff. The undisputed material facts show that Food City in fact initiated the interactive process with Plaintiff in an effort to gather information and discuss potential alternative accommodations to Plaintiff but Plaintiff advised Food City he would not accept any accommodation except being allowed to bring his dog to work.

The undisputed material facts show that Plaintiff did not require a service animal to perform the essential functions of his job and that to the extent he sought to bring his service animal to address stability concerns, there were alternative reasonable accommodations which Plaintiff made clear to Food City that he would not consider. The undisputed material facts show that Plaintiff failed to engage in

the interactive process with Food City to identify an accommodation because he stated he would not work without his service animal.

The undisputed material facts show that Food City did not terminate Plaintiff in retaliation for engaging in a protected activity under the ADA. There is no evidence of retaliation on the part of Food City. In addition, the undisputed material facts establish that there is no causal link between protected activity on the part of Plaintiff and his separation from employment.

Based on the applicable law, and pursuant to the Americans with Disabilities Act of 1990 and the Americans with Disabilities Amendments Act of 2008, the Defendant, K-VA-T Food Stores, Inc., d/b/a Food City is entitled to summary judgment as matter of law as to all of Plaintiff's claims.

The undisputed material facts and applicable legal authority reflect that Food City is entitled to summary judgment as a matter of law as to all of Plaintiff's claims. In accordance with Local Rule 56.1B, Food City has simultaneously filed its Statement of Facts as to which there is No Genuine Issue and Memorandum of Law.

Respectfully submitted this 11th day of April 2023.

/s/Howard B. Jackson
Howard B. Jackson, BPR # # 021316
hjackson@wimberlylawson.com
Wimberly Lawson Wright Daves
& Jones PLLC
550 W. Main Ave, Suite 900
Knoxville, TN 37902
(865) 564-1000 Telephone
(865) 546-1001 Facsimile

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Summary Judgment to Plaintiff was served this 11th day of April 2023, by United States First Class Mail and email on the following:

Ethan Hargraves
Massey and Associates, P.C.
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
amandaj@masseyattorneys.com

s/Howard B. Jackson
Howard B. Jackson

CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies compliance with LR 5.1(B) regarding Font and Point selections as well as all other Local Rules of this Court.

/s/ Howard B. Jackson
Howard B. Jackson BPR ## 021316