**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**AT ROME**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW BATTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:22-cv-00179** |
| | ) | |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **K-VA-T FOOD STORES, INC. d/b/a** | ) | |
| **FOOD CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, Christopher Matthew Batten, by and through undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and respectfully submits this Response to Defendant's Statement of Undisputed Material Facts as follows. Defendant's numbered statements are reproduced below, each followed by Plaintiff's response:

1. Plaintiff, Christopher Matthew Batten ("Plaintiff") began his employment with Food City in May 2019 as a part-time fuel clerk at Food City's Store in Ooltewah, Tennessee. (Ex. 1, Plaintiff's depo., p. 22, lines 21-23; p. 37, lines 13-18).

    **a. Admitted**

2. As of July of 2021, Plaintiff had transferred to the fuel clerk position at Food City's Store #214 in Ringgold, Georgia. (Ex. 1, Plaintiff's depo., p. 45, lines 21-23; Ex. 2, Richards Depo., p. 19-23).

    **a. Admitted**

3. K-VA-T Food Stores, Inc., d/b/a/ is a retail supermarket grocery store. (Ex. 3, Ellison depo., p. 12, lines 4- 7).

    **a. Admitted**

4. When Plaintiff was hired in May of 2019, he interviewed with several Food City individuals, including David Ellison, who was the Store Manager at the Food City Store in Ooltewah, Tennessee and who is now a Senior Human Resource Specialist with Food City. (Ex. 1, Plaintiff depo, p. 25, lines 1-25; Ex. 3, Ellison Depo., p.10, lines 11-20; p. 25, lines 19-25).

    **a. Admitted**

5. When Plaintiff was hired, his disability was apparent in that he does not have the use of one arm, which was discussed with Plaintiff in terms of performing the essential job duties of the fuel clerk position. (Ex. 3 Ellison depo., p. 25, Line 6-18).

    **a. Admitted**

6. From his hire date in May 2019 through his last day of work in 2021, Plaintiff performed his job as a fuel clerk at various Food City locations in a satisfactory manner. (Ex.3, Ellison Depo., p. 24, lines 14 to p. 25, line 5).
    a. **Admitted**
7. At all times during his employment, Plaintiff was capable of performing the essential functions of the job of a fuel clerk. (Ex.1, Plaintiff depo., p. 70, line 4-13).
    a. **Movant's citation does not support Movant's fact.**
8. Plaintiff does not use a cane or any other assistive devices at work. (Ex.1, Plaintiff depo., p. 59, line 12-17; p. 68, lines 12-22).
    a. **Admitted**
9. On July 23, 2021, Plaintiff reported to work at Food City in Ringgold, Georgia with his service dog. (Ex.1, Plaintiff depo., p. 65, lines, 22-25).
    a. **Movant's citation does not support Movant's fact.**
10. Shortly after arriving to work on July 23, 2021 with his service dog, Plaintiff was asked to meet with Emily Hobbs, HR Coordinator and Gary Richards, Store Manager for the Ringgold location of Food City. (Ex.1, Plaintiff depo., p. 62, lines 19-25.)
    a. **Movant's citation does not support Movant's fact.**

11. Plaintiff's conversation with Ms. Hobbs and Mr. Richards took place sometime after Plaintiff reported to work with his service dog (Ex.1, Plaintiff depo., p. 65, line 23 to p. 66, line 8).

    a. **Admitted**

12. Plaintiff was advised by Mr. Richards that he (Richards) had never dealt with the issue of a service dog and that he would need to get input from human resources on the protocol for allowing service animals at work. (Ex.1, Plaintiff depo., p. 66, line 11-18; Ex.3, Richards Depo., p. 32, line 5 -17).

    a. **Admitted**

13. David Ellison is now a Senior Human Resources Specialist with Food City and was Store Manager when Plaintiff was hired. (Ex.3, Ellison Depo., p.10, lines 11-20; p. 25, lines 19-25).

    a. **Admitted**

14. On August 6, 2021, Plaintiff met with David Ellison and Mr. Richards (Ex.1, Plaintiff depo., p. 67, lines 17-20).

    a. **Admitted**

15. During the August 6, 2021 meeting, Plaintiff advised David Ellison and Mr. Richards that his concerns and need for the service animal were isolation, stability, anxiety, and being there for stability to help him get up if he falls. (Ex.1, Plaintiff, p. 68, lines 6-11).

a. **Admitted**

16. Plaintiff has testified that nothing about his ability to perform his job at Food City changed in 2021. (Es.1, Plaintiff depo., p. 70, lines 1-4).

a. **Admitted for the purposes of summary judgment only**

17. During the August 6, 2021, meeting with Mr. Ellison and Mr. Richards, Plaintiff advised them that he still had the ability to perform the same job he had been performing. (Ex.1, Plaintiff depo., p. 70, lines 9-13; Ex.3, Ellison depo., p. 38, line 12 to p. 39, line 14).

a. **Admitted**

18. At the conclusion of the August 6, 2021, meeting, Plaintiff was taken off work pending further investigation and discussion regarding his request. (Ex.1, Plaintiff depo., p 70, lines 23-25).

a. **Admitted**

19. A second meeting took place with Mr. Ellison and Mr. Richards on August 12, 2021, during which Food City discussed with Plaintiff the alternative accommodation of the position of a USCAN cashier. (Ex.1, Plaintiff depo., p. 72, line 23 to p. 73, line 14).

a. **Admitted**

20. The duties of a USCAN cashier generally are to make sure store customers in the self-check-out lines are getting checked out right, to check ID if individual customers are buying alcohol. (Ex.1, Plaintiff depo., p. 73, lines 15-21).

    a. **Admitted**

21. At a Food City store, there are a number of options that Food City could have provided other than Plaintiff's request to bring his service dog to work, such as working the self-checkout operator (USCAN cashier position) with a cane or a stool. (Ex.4, Lyon depo., p. 39 line 21 to p. 40 line 7.)

    a. **Denied**. The Gas 'N' Go fuel clerk position was the only position offered by Defendant that allowed Mr. Batten to sit and stand as needed for his disability. (Richards Dep[1]. 56:7-10). Further, Defendant knew that without modification, the USCAN Attendant position would not address Mr. Batten's stability concerns. (Food City 30(b)(6) Dep[2]. 62:8-12; Richards Dep. 56:3-6).

---

[1] All references to "Richards Dep." are to the deposition of Gary Richards, which was taken January 12, 2023. Cited excerpts from this deposition are attached as **Exhibit D** to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment are attached herewith.

[2] All references to "Food City 30(b)(6) Dep." are to the deposition of Food City's Corporate Representative Sherrell Lyon, Jr., which was taken on March 3, 2023. Cited excerpts from this deposition are attached as **Exhibit E** to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment are attached herewith.

22. During the August 12, 2021, meeting with Mr. Ellison and Mr. Richards, Plaintiff made it clear to Mr. Ellison and Mr. Richards that regardless of the job he was assigned to, whether the job was in-store, or out of the store, his service dog was going to be there. (Ex.1, Plaintiff depo., p. 74, lines 16-25).

    a. **Admitted.**

23. Plaintiff made it clear to Food City that he would not accept any accommodation or position that did not include bringing the dog to work with him. (Ex.4, Lyon depo., p. 42, lines 1-13).

    a. **Admitted for the purposes of summary judgment only**

24. Plaintiff has testified that there would not have been any accommodation that Food City could have offered him that did not include the dog being present that would have been acceptable to him. (Ex.1, Plaintiff depo., p. 75, lines., 5-9; Ex. 3, Ellison depo., p. 57, lines 2-7).

    a. **Admitted**

25. Plaintiff has testified that he made it clear to Mr. Ellison and Mr. Richards that there was no type of job that Food City could offer that would be acceptable to him that did not include the dog being present. (Ex.1, Plaintiff depo., p. 75, lines 12-23).

    a. **Admitted**

26. Plaintiff was "just not open to any solution other than the service animal" and effectively gave Food City an ultimatum that he either brings his service animal to work or he wouldn't be at work. (Ex.5, Meadows Dep., p. 41, lines 12-24).

    a. **Objection**. This paragraph contains improper argument in its characterization of Mr. Batten's comments as an "ultimatum." Furthermore, Mr. Meadows's cited testimony constitutes speculation that would be inadmissible at trial under Federal Rule of Evidence 602 and not a proper lay opinion under Federal Rule of Evidence 701 as he was not present for the conversation with Mr. Batten that he references in the cited testimony.

27. During Plaintiff's meeting with David Ellison on August 12, 2021, Plaintiff "immediately shot down" the discussion regarding the USCAN position as an alternative to his service dog and as a result of Plaintiff's position, Food City did not continue the discussion regarding that position so as to offer the use of a chair, stool or cane. (Ex.3, Ellison Depo., p. 45, line 9 to p. 46, line 4).

    a. **Denied**. Testimony in the record establishes that Defendant never had any plan or intention to offer Mr. Batten a stool, chair, cane or other assistive device in the USCAN Attendant position. (Food City 30(b)(6)

Dep. 63:9-24; Ellison Dep[3]. 46:5-9). This paragraph's claim that the use of a chair, stool, or cane was not offered to Mr. Batten because he "immediately shot down" the discussion is a disputed fact.

28. Donnie Meadows served as Vice-President of Human Resources for Food City until his retirement on August 27, 2021. (Ex.5, Meadows Depo., p. 19 line 25 to p. 20 line 5).

    a. **Admitted**

29. Sherrill Lyon was the Director of Human Resources during Plaintiff's employment and later became the Vice-President of Human Resources for Food City after Mr. Meadows' retirement. (Ex.4, Lyon Depo., p. 10, lines 6-14).

    a. **Admitted**

30. The decision not to move forward with the service dog request of Plaintiff was made by Donnie Meadows, Vice President of Human Resources for Food City. (Ex.5, Meadows Depo., p. 40, lines 4 – 17).

    a. **Admitted**

---

[3] All references to "Ellison Dep." are to the deposition of David Gary Ellison which was taken on January 11, 2023. Cited excerpts from this deposition are attached as **Exhibit C** to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, which is being filed herewith.

31. Mr. Meadows' decision was to discuss alternatives with Plaintiff and move forward with a different accommodation for Plaintiff other than the service dog. (Ex.5, Meadows Depo., p. 40, lines 6-9).

    a. **Admitted for the purposes of summary judgment only**

32. During the meeting with Plaintiff on August12, David Ellison advised Plaintiff that his request to work with his service dog would not be approved. (Ellison depo., p. 42, lines 14-17).

    a. **Admitted**

33. In response to questioning from Plaintiff's counsel, Mr. Meadows' testified that his decision to deny the presence of the service dog was based on the fact that Plaintiff could perform the job and had been doing so for a couple of years, that the main thing he was requesting was to provide stability but that he was not open to any solution other than the service animal and effectively gave Food City an ultimatum that he either brings his service animal to work or he wouldn't be at work. (Ex.5, Meadows Depo., p.41, lines 1 – 23).

    a. Admitted that paragraph 33 accurately summarizes testimony of Mr. Meadows.

    b. **Objection**. This paragraph contains improper argument in its characterization of Mr. Batten's comments as an "ultimatum." Furthermore, Mr. Meadows's cited testimony constitutes speculation

that would be inadmissible at trial under Federal Rule of Evidence 602 and not a proper lay opinion under Federal Rule of Evidence 701 as he was not present for the conversation with Mr. Batten that he references in the cited testimony.

34. Food City was willing to provide Plaintiff an accommodation, but one that was different than his request for a service dog. (Ex. 5, Meadows Depo., p. 42, lines 8-12).

a. Admitted that paragraph 34 accurately summarizes testimony of Mr. Meadows.

b. **Objection**. This paragraph contains improper argument in its characterization of Defendant's willingness to provide Plaintiff with an accommodation. Defendant's actual willingness to provide an accommodation is disputed because the record demonstrates that the "accommodation" offered to Mr. Batten did not actually accommodate his needs. (Ellison Dep. 47:18-23, 51:15-20; Batten Dep[4]. 72:23-73:14; Food City 30(b)(6) Dep. 62:8-12; Richards Dep. 56:3-6).

[4] All references to "Batten Dep." are to the deposition of Christopher Matthew Batten which was taken on January 11, 2023. Cited excerpts from this deposition are attached as **Exhibit B** to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, which is being filed herewith.

35. On August 18, 2021, David Ellison met with Plaintiff along with Bryan Wattenbarger. (Ex.3, Ellison Depo., p. 52, lines 6-16).

    a. **Admitted**

36. At the August 18, 2021 meeting, Mr. Ellison asked Plaintiff to reconsider reassignment to the USCAN cashier position, which Plaintiff declined. (Ex.3, Ellison, p. 54, lines 7 – 13).

    **a. Admitted for purposes of summary judgment only**

37. At the August 18, 2021 meeting, Plaintiff again advised Food City that he would not work at any position without his service animal present. (Ex.3, Ellison Depo., p. 57, line 2-7).

    **a. Admitted for purposes of summary judgment only**

38. As of August 18, 2021, Food City placed Plaintiff on a leave of absence the purpose of which was to allow Plaintiff time to reconsider and engage in further discussion with Food City to identify other alternatives that would meet his needs besides the service dog, such as the USCAN position. (Ex.5, Meadows Depo., p. 83, lines 12-18).

    **a. Admitted for purposes of summary judgment only**

39. Plaintiff was separated from his employment with Food City on February 14, 2022. (Ex.3, Ellison Depo., p. 62, lines 6-17).

    a. **Admitted**

40. Plaintiff was separated from employment with Food City when he did not return to work at Food City after the leave of absence was exhausted. (Ex.3, Ellison Depo., p. 63, Lines 7-16).

a. **Admitted**

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves, GA No. 793839
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ph: 423.697.4529, F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of May 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves