**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**AT ROME**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW BATTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:22-cv-00179** |
| | ) | |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **K-VA-T FOOD STORES, INC. d/b/a FOOD CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Defendant K-VA-T Food Stores, Inc., d/b/a Food City ("Food City") respectfully submits this Reply Brief in Support of its Motion for Summary Judgment and in Reply to the Plaintiff's Response Brief as follows:

## A. PLAINTIFF DID NOT REQUIRE AN ACCOMMODATION

Plaintiff argues Food City was required to provide a reasonable accommodation to him under the Americans with Disabilities Act (ADA) even though he could perform the essential job duties without an accommodation and had satisfactorily performed his job for two years. The issues related to this aspect of Plaintiff's claim are not disputed. In his response to Food City's Statement of Material Facts, Plaintiff admitted the following facts relevant to this issue:

> 6. From his hire date in May 2019 through his last day of work in 2021, Plaintiff performed his job as a fuel clerk at various Food City locations in a satisfactory manner. (Ellison Depo., p. 24, lines 14 to p. 25, line 5).
>
> **a. Admitted**.
>
> 16. Plaintiff has testified that nothing about his ability to perform his job at Food City changed in 2021. (Plaintiff depo., p. 70, lines 1-4).
>
> **a. Admitted for purposes of summary judgment only.**
>
> 17. During the August 6, 2021 meeting with Mr. Ellison and Mr. Richards, Plaintiff advised them that he still had the ability to perform the same job he had been performing. (Plaintiff depo., p. 70, lines 9-13; Ellison depo., p. 38, line 12 to p. 39, line 14).
>
> **a. Admitted**.

(Plaintiff's Resp. to Def's Stmt. Of Undisputed Mat. Facts, Doc. 43, p. 5)

Plaintiff relies on the non-binding decision of Hollingsworth v. O'Reilly Auto Stores, Inc. No. 4:13-cv-01623-KOB, 2015 U.S. LEXIS 10957 (N.D. Ala.2015) for the proposition that even if the Plaintiff was able to perform the essential functions of his job without accommodation, the employer may still be obligated to provide a reasonable accommodation to the employee.

Plaintiff's reliance on Hollingsworth is misplaced for two reasons. First, the precedent in the Eleventh Circuit on this issue is set forth recently in a 2022 decision from the Court of Appeals, Edwards v. WellStar Med. Grp., LLC, 2022 U.S. App. LEXIS 21036, 2022 WL 3012297, wherein the Court of Appeals affirmed summary judgment to the employer on plaintiff's ADA claim because the plaintiff failed to

establish that she needed an accommodation to perform the essential job duties. The Court of Appeals recognized as follows:

> …a plaintiff must show that the accommodation is *necessary* – in that the accommodation "makes it possible" for her to do her job…….If an employee does not require an accommodation to perform her essential job functions, then the employer is under no obligation to make an accommodation, even if the employee requires an accommodation that is reasonable and could be easily provided.

Edwards v. WellStar Med. Grp., LLC, 2022 U.S. App. LEXIS 21036, *16-17, citing LaChance v. Duffy's Draft House, Inc, 146 F.3d 832, 835 (11th Cir. 1998) and D'Onofrio v. Costco Wholesale, Corp. 964 F.3d 1014, 1022 (11th Cir. 2020), *cert. denied*, 2021 U.S. LEXIS 826, 141 S. Ct. 1435, 209 L. Ed. 2d 155 (emphasis in original).

The second reason Plaintiff's reliance on Hollingsworth is misplaced is based on the facts, which are easily distinguishable from the facts before this Court. In Hollingsworth, the plaintiff had complained to his employer that he was having difficulty lifting items over 60 pounds because the other employees on his team were not assisting him, which was a condition stated in his job description. The plaintiff testified he had complained to his employer about this issue. Hollingsworth, 2015 U.S. LEXIS 10957, *27-28.

Plaintiff herein never reported any falls or performance issues to Food City during the two years he performed his job without incident. It was only when he obtained his service dog that he claimed to have difficulties performing his job. Contrary to Plaintiff's assertion that D'Onofrio is "in conflict with other case law in this jurisdiction" (Doc. 42, p. 17), the Plaintiff only cites to cases from outside the

Eleventh Circuit and to Hollingsworth, supra, an Alabama District Court decision which is not binding precedent, pre-dates D'Onofrio and is factually distinguishable. Based on relevant precedent in this jurisdiction, Food City is entitled to summary judgment on this issue. Edwards v. WellStar Med. Grp., LLC, 2022 U.S. App. LEXIS 21036, 2022 WL 3012297 (11th Cir. 2022); D'Onofrio v. Costco Wholesale, Corp. 964 F.3d 1014, 1022 (11th Cir. 2020). See also, Barron v. Delta Airlines, 2023 U.S. Dist. LEXIS 92695, (N.D. Ga., May 26, 2023)(Defendant granted summary judgment on ADA accommodation claim based on application of Edwards, *supra* and D'Onofrio, *supra*.)

## B. FOOD CITY DID NOT FAIL TO ENGAGE IN THE INTERACTIVE PROCESS

In his Response, Plaintiff asserts that "Defendant has admitted that at no time did anyone discuss or make any plan to offer Mr. Batten a modification of the USCAN position to address Mr. Batten's stated stability issues." (Plaintiff's Response, Doc. 42, p. 20). To the contrary, Food City has ***not*** "admitted" that fact, but has replied to that factual allegation as follows:

> ANSWER: OBJECTION because the statement is stated as an issue or legal conclusion, rather than a statement of fact (LR 56.1(B)(1)(e). Defendant was prepared to discuss alternatives to plaintiff's service dog for reasonable accommodations, including modifications to the USCAN position, but plaintiff insisted on his service dog and refused to consider alternative reasonable accommodation options. (See Pl's Response to Def. Stmt. Of Facts, ¶¶ 22, 23, 24, 25 and 34).

(DOC.50; Def's Resp. to Plaintiff's Stmt. Of Additional Material Facts, ¶44, p. 13)

Plaintiff's Responses to the following four (4) of Food City's Statement of Undisputed Material Facts are directly relevant to this issue:

> 22. During the August 12, 2021 meeting with Mr. Ellison and Mr. Richards, Plaintiff made it clear to Mr. Ellison and Mr. Richards that ***regardless of the job he was assigned to, whether the job was in-store, or out of the store, his service dog was going to be there***. (Ex.1, Plaintiff depo., p. 74, lines 16-25).
>
> **a. Admitted**
>
> 23. Plaintiff made it clear to Food City that he ***would not accept any accommodation or position that did not include bringing the dog to work with him***. (Ex.4, Lyon depo., p. 42, lines 1-13).
>
> **a. Admitted for the purposes of Summary Judgment only**
>
> 24. Plaintiff has testified that ***there would not have been any accommodation that Food City could have offered him that did not include the dog*** being present that would have been acceptable to him. (Ex.1, Plaintiff depo., p. 75, lines., 5-9; Ex. 3, Ellison depo., p. 57, lines 2-7).
>
> **a. Admitted**
>
> 25. Plaintiff has testified that he made it clear to Mr. Ellison and Mr. Richards that ***there was no type of job that Food City could offer that would be acceptable to him that did not include the dog being present***. (Ex.1, Plaintiff depo., p. 75, lines 12-23).
>
> **a. Admitted**

(Doc. 43, Pl's Resp. to Def's Statement of Undisputed Mat.Facts, p.7; Italics emphasis added).

Plaintiff objects to the term "ultimatum," but that is precisely what Plaintiff gave to Food City in response to Food City's efforts to engage in the interactive process with Plaintiff and that is reflected from the Plaintiff's own testimony and the admissions noted above. Based on the foregoing, Food City is entitled to summary judgment on this issue.

**C. FOOD CITY DID NOT VIOLATE THE ADA BASED ON THE DENIAL OF PLAINTIFF'S REQUEST FOR A SERVICE DOG**

The ADA does not impose liability on an employer for failure to provide the accommodation *particularly desired by an employee*. Rather, the ADA only requires an employer, such as Food City, to engage in the interactive process and provide a reasonable accommodation.

As noted in the recent case of Owens v. Governor's Office of Student Achievement, 52 F. 4th 327, 2022 LEXIS 31087 (11th Circuit, November 9, 2022), cert. denied, 2023 LEXIS 2048 (U.S., May 15, 2023):

> We have made clear that "an employer is not required to accommodate an employee in any manner that the employee desires - or even provide that employee's preferred accommodation." D'Onofrio, 964 F.3rd 1014, 1022, cert. denied, 141 S. Ct. 1435, 209 L.Ed. 2d 155 (2021). Therefore, when an employee triggers an employer's accommodation duties, the employer must expend time and expense to explore the *universe of reasonable accommodations*, identify one that is mutually agreeable to the parties, and implement it.

Owens v. Georgia, Governor's Office of Student Achievement, 52 F.4th 1327, 1335 (11th Cir. 2022).

In this case, the Plaintiff has admitted that he would not consider any accommodation that did not include his service dog. By not considering any other options, the Plaintiff failed to engage in the interactive process and precluded Food City's ability to engage in the interactive process and prevented the consideration of "*the universe of reasonable accommodations*." Owens v. Georgia, Governor's Office of Student Achievement, 52 F.4th 1327, 1335.

## D. PLAINTIFF HAS NO EVIDENCE OF RETALIATION

To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action. Stewart v. Happy Herman's Cheshire Bridge, 117 F.3d 1278, 1287 (11th Cir. 1997). Plaintiff has failed to state any facts supporting his allegation of a causal link between the Plaintiff's statutorily protected conduct and the eventual separation of the Plaintiff from employment. Without factual support for his allegation of retaliation, Food City is entitled to summary judgment on the issue of alleged retaliation under the ADA.

**E. CONCLUSION**

Based on all the foregoing, the applicable authority, and the record before the Court, Food City is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56 as to all the allegations in the Complaint.

Respectfully submitted,

*/s/ Howard B. Jackson*

Howard B. Jackson, BPR #021316
Wimberly Lawson Wright Daves & Jones, PLLC
550 W. Main Street, Suite 900
Knoxville, TN 37902
Ph: 865.546.1000 F: 865.546.1001
hjackson@wimberlylawson.com
*Attorney for K-VA-T Food Stores, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2023, I electronically filed the foregoing REPLY BRIEF in SUPPORT OF MOTION FOR SUMMARY JUDGMENT with the Court using the CM/ECF system which will automatically send email notification of such filing to the following:

**Ethan Hargraves**
**Massey and Associates, P.C.**
**6400 Lee Highway, Suite 101**
**Chattanooga, TN 37421**
**ethan@masseyattorneys.com**

*/s/ Howard B. Jackson*
Howard B. Jackson