**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW BATTEN,** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO.** |
| | ) | **4:22-CV-00179** |
| **v.** | ) | |
| | ) | |
| **K-VA-T FOOD STORES, INC.,** | ) | |
| **d/b/a FOOD CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE JOHNSON'S AUGUST 25, 2023, ORDER AND FINAL REPORT AND RECOMMENDATION**
**(ORAL ARGUMENT REQUESTED)**

---

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...2

I. INTRODUCTION ...4

II. BACKGROUND ...5

III. STANDARD OF REVIEW ... 6

IV. ARGUMENT ...7

A. Summary Judgement in Favor of Defendant on Plaintiff's Claim of ADA Failure to Accommodate is Unwarranted

1. The Report ignores on-point persuasive precedent while simultaneously interpreting distinguishable precedent in such a way that it contradicts the clear statutory language and remedial purpose of the ADA.

2. While improperly applying Eleventh Circuit caselaw that is clearly distinguishable the Report ignored persuasive authority that is directly on-point.

B. Summary Judgment in Favor of Defendant on Plaintiff's ADA Retaliation Claim is Unwarranted

1. The Report fails to consider material evidence in the record on the issue of whether Mr. Batten can present a prima facie case of disability discrimination.

2. The Report fails to consider material evidence in the record on the issue of whether Defendant retaliated against Plaintiff because of his disability.

3. The Report improperly weighs the evidence on the issue of whether Defendant failed to engage in the interactive process.

V. CONCLUSION ……………………………………………………….. 24

## TABLE OF AUTHORITIES

### CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) …………………………… 6

*Batson v. Salvation Army*, 897 F.3d 1320 (11th Cir. 2018) ………………………. 10

*Beasley v. O'Reilly Auto Parts*, 69 F.4th 744 (11th Cir. 2023) ……………....8, 9, 19, 20

*Branson v. West*, 1999 U.S. Dist. LEXIS 7343 (N.D. Ill. May 11, 1999) ……….. 19

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) …………………………………… 6

*Change v. Midtown Neurology, P.C.*, No. 1:19-cv-00885-SCJ (N.D. Ga. 2021) …. 5

*D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014 (11th Cir. 2020) ……. passim

*Hollingsworth v. O'Reilly Auto. Stores, Inc.*, No. 4:13-cv-01623-KOB,
2015 U.S. Dist. LEXIS 10956 (N.D. Al. 2015) ………………………………17, 18

*LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832 (11th Cir. 1998) ……… passim

*Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249 (11th Cir. 2001) ……………….. passim

*Nawrot v. CPC Int'l*, 259 F. Supp. 2d 716 (N.D. Ill. 2003) ........................... 19

*Owens v. Georgia, Governor's Office of Student Achievement*
52 F.4th 1327 (11th Cir. 2022) ........................................................ 24

*Rauen v. United States Tobacco Mfg.*, 319 F.3d 891 (7th Cir. 2003) .................. 18

*Reaves v. Nexstar Broad., Inc.*, 327 F. Supp. 3d 1352 (D. Or. 2018) ................ 18

*Schoenfeld v. Babbitt,* 168 F.3d 157 (11th Cir. 1999) .................................. 4

*Stewart v. Happy Herman's Cheshire Bridge, Inc.*,
117 F.3d 1278 (11th Cir. 1997) ....................................................... 22

*Taylor v. Farrier*, 910 F. 2d 518, 520 (8th Cir. 1990) ................................. 6

*United States v. Diebold, Inc.*, 369 U.S. 654 (1962) .................................. 7

*Willis v. Conopco, Inc.*, 108 F.3d 282 (11th Cir. 1997) ........................... passim

**STATUTES**

28 U.S.C. § 636(b)(1) ........................................................... 4, 6

42 U.S.C. § 12111(8) .............................................................. 7

**RULES**

Fed. R. Civ. P. 56(a) ............................................................. 6

Fed R. Civ. P. 72 .................................................................. 6

Fed. R. Civ. P. 72(b) ............................................................. 4

N.D. Ga. Civ. R. 72.1(B) and (D)................................................ 4

**COURT ORDERS**

Standing Order18-01 (N.D. Ga. Feb. 12, 2018) ........................................ 4

**COURT MATERIALS**

12 Charles A. Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 3070.2 (2d ed. 2017) .............................. 6

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), N.D. Ga. Civ. R. 72.1(B), (D), and Standing Order 18-01 (N.D. Ga. Feb. 12, 2018), Plaintiff, Christopher Matthew Batten ("Mr. Batten"), respectfully submits the following Objections to the Order and Final Report and Recommendation ("the Report") issued by the Honorable United States Magistrate Judge Walter E. Johnson.

## I. INTRODUCTION

This action arises under the Americans with Disabilities Act (ECF No. 1 at p. 1). At specific issue in this case is whether the Plaintiff, Matthew Batten, was entitled to an accommodation of his disability, but at larger issue is whether this Court will propagate an interpretation of precedent that contradicts both the remedial purpose and the plain text of the ADA while punishing disabled persons specifically for their efforts to perform their jobs despite their physical limitations.

The Report at issue here makes several critical errors. First, it ignores on-point persuasive precedent while simultaneously interpreting distinguishable precedent in such a way that it contradicts the clear statutory language and remedial purpose of the ADA. Second, it improperly ignores credible evidence from which a jury could rule in favor of the Plaintiff. In so doing, it violates the clear mandate that the evidence in the record be viewed in "the light most favorable to the non-moving party," *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1264 (11th Cir. 1999), and that all

reasonable doubts be resolved in favor of the non-moving party. *Change v. Midtown Neurology, P.C.*, No. 1:19-cv00885-SCJ at *6 (N.D. Ga. 2021).

## II. BACKGROUND

The Plaintiff in this case is Matthew Batten. Mr. Batten is disabled because of serious injuries he received in a horrific motorcycle crash in 2014. (Batten Affidavit ¶ 2) [1]. Mr. Batten has hardware and screws throughout the right side of his body; his right arm was amputated; has an altered gait; and he suffers from Complex Regional Pain Syndrome. (Batten Affidavit ¶¶ 3-4, 13). This case arose from Mr. Batten's request to be allowed to bring his new service dog to his job in the fuel kiosk at Food City. Despite the Defendant admitting that Mr. Batten's use of the service dog would likely help him with his disabilities, (Meadows Dep. 99:13-22) [2], and not cause any burden to Defendant, (ECF No. 50 at ¶¶ 51-55), the Defendant denied his request.

Following discovery, Defendant filed the present Motion for Summary Judgment. (ECF No. 29). Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (ECF No. 42), a Response to Defendant's Statement of Undisputed Material Facts (ECF No. 43), and a Statement of Additional Material Facts Which Present an Issue for Trial (ECF No. 44) on May 25, 2023. On August 25, 2023, the Honorable United States Magistrate Judge Walter

---

[1] Affidavit of Matthew Batten attached as Exhibit A, which is being filed herewith
[2] Depositions portions are attached as part of the collective Exhibit B, which is being filed herewith.

E. Johnson issued the Report recommending that Defendant's Motion for Summary Judgment be granted.

## III. STANDARD OF REVIEW

A district court reviews de novo all portions of a magistrate judge's recommendation to which a party has properly objected. *See* Fed. R. Civ. P. 72. The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," or may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "De novo review of those portions of the magistrate's report and findings to which a party timely objects is mandated by statute . . . and [is] crucial to the constitutionality of the Federal Magistrate Act, as amended." *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990); *see also*, 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3070.2 (2d ed. 2017) (a district judge "must not . . . rubber stamp" a magistrate's facts and legal conclusions on de novo review).

A court may grant summary judgment only if the moving party "shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[S]ummary judgment will not lie if . . . a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Inferences from the facts are viewed in

the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## IV. ARGUMENT

### A. Summary Judgement in Favor of Defendant on Plaintiff's Claim of ADA Failure to Accommodate is Unwarranted.

#### 1. The Report ignores on-point persuasive precedent while simultaneously interpreting distinguishable precedent in such a way that it contradicts the clear statutory language and remedial purpose of the ADA.

Under the ADA, a "qualified individual" is defined as "an individual who, with *or without* reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 USCS § 12111(8) (emphasis added). The black letter law unambiguously contemplates a "qualified individual" who is able to perform the essential functions of his job even without accommodation. Defendant's argument to this Court, and the interpretation adopted by the Report, would effectively render that language meaningless by requiring this Court to find that a disabled person who can perform his job without accommodation is not a qualified individual under the ADA. In other words, the application proposed by the Report would effectively amend the ADA to read that a "qualified individual" is only one who "*with* reasonable accommodation, can perform the essential functions of the employment position." This interpretation is inconsistent with the remedial nature of the ADA, which is designed to ensure that "those with disabilities

can fully participate in all aspects of society, including the workplace." *Willis v. Conopco, Inc*., 108 F.3d 282, 285 (11th Cir. 1997) (per curiam).

The Report relies primarily on four cases in reaching its conclusion: *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014 (11th Cir. 2020), cert. denied, 141 S. Ct. 1435 (2021); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249 (11th Cir. 2001); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832 (11th Cir. 1998); and *Willis v. Conopco, Inc*., 108 F.3d 282 (11th Cir. 1997) (per curiam).

The Eleventh Circuit Court of Appeals recently evaluated all four of these decisions in the case of *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 758-60, n.10 (11th Cir. 2023).[3] As the Report acknowledges, the *Beasley* decision "criticized *D'Onofrio* and its line of cases . . . ." (ECF No. 53 at p. 22). Specifically, The *Beasley* decision described the rule which arose from the *D'Nofrio* line of cases as "expansive" and "broad statements" that are "necessarily tethered to the facts of those cases." *Id*. at 757. The *Beasley* decision further described the rule from those cases as "dicta" saying that "judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced." Finally, the *Beasley* Court noted that those "broad statements" from the *D'Nofrio* line of cases "are in tension with the text of the statute and the EEOC regulations that implement it." *Id*.

---

[3] The Report notes that the *Beasley* decision was issued after the summary judgment briefing in this case had concluded. (ECF No. 53 at p. 22).

Nevertheless, the Report dismisses the *Beasley* decision's approach to the relevant line of cases as "incorrect." (ECF No. 53 at p. 27). In doing so, the Report dismisses the most recent case from the Eleventh Circuit that speaks to the issue in this case. Plaintiff will demonstrate why each of the four decisions are distinguishable from the present matter and thus why the Report erred in its application of those cases, and their progeny, to the present matter.

D'Onofrio v. Costco Wholesale Corp

The primary support for both the Defendant's position and the Report's conclusion is the decision from the Eleventh Circuit Court of Appeals *in D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014 (11th Cir., 2020), cert. denied, 2021 U.S. LEXIS 826 (U.S. Feb. 22, 2021). In that case, the Court addressed the plaintiff, D'Onofrio's, argument that she had been denied reasonable accommodations related to her disability as a deaf person. *D'Onofrio*, 964 F.3d at 1021. D'Onofrio claimed that although she had had no issues communicating with her managers for "many years," she began to have communication issues with a new general manager in 2012. *Id*. at 1016. The Court interpreted this to mean that the communication issues were "new" and related solely to the new manager. *Id*. at 1017.

D'Onofrio made two requests for accommodations related to the communication issues with the new manager: (1) that the new manager be transferred, and (2) that all the other managers be trained on "deaf culture." *Id*. The

Court noted that "D'Onofrio did not ask . . . for any other specific accommodation that might help her improve her communications with [the new manager]." *Id*. The employer "responded appropriately to D'Onofrio's two requests." *Id*. at 1024. The employer denied the request to transfer the new manager, which the Court declared a "legally permissible response" given that both the EEOC and 11th Circuit caselaw hold that such an action is not a reasonable accommodation. *Id*. Nevertheless, the employer promised D'Onofrio that it would work to improve communication with the new manager and followed that up with the installation of specialized equipment in the workplace to aid in her communication with all managers. *Id*. In response to the second request, the employer agreed to organize deaf-culture training. *Id*.

D'Onofrio argued that these actions by her employer were not reasonable accommodations because she had requested "alternative accommodations that were not granted." *Id*. at 1028. The Court, however, noted that "'D'Onofrio cites no evidence to show that she requested alternative accommodations that went unfulfilled." *Id*. In fact, the Court ultimately affirmed the holding of the district court "because D'Onofrio cannot point to a 'specific instance in which she needed an accommodation and was denied one." *Id*. at 1032 (quoting *Batson v. Salvation Army*, 897 F.3d 1320, 1326 (11th Cir. 2018)).

LaChance v. Duffy's Draft House, Inc.

In *LaChance*, the Eleventh Circuit reviewed a district court's grant of summary judgment in favor of the defendant holding that the plaintiff was not a "qualified individual" under the ADA. *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 833 (11th Cir. 1998). The plaintiff suffered from a years-long history of regular seizures. *Id*. These seizures would cause the plaintiff to become dazed and disoriented such that at times he would simply "wander off." *Id*. at 834. The plaintiff worked as a "line cook" which required that he "cook on a gas flat top grill, use a fryolator filled with hot grease, and use slicing machines." *Id*. The plaintiff's doctor testified that Mr. LaChance should be restricted from using such equipment. *Id*. The district court concluded that "LaChance was not a qualified individual because he could not perform the essential functions of the job without threat of harm to himself or others." *Id*. The Court of Appeals affirmed the district court's ruling, finding that Mr. LaChance had failed to produce evidence that "reasonable accommodations were available." *Id*. at 836.

Lucas v. W.W. Grainger, Inc.

In *Lucas*, the Eleventh Circuit Court of Appeals reviewed a decision of this Court granting summary judgment to the defendant in an ADA discrimination case. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1252 (11th Cir. 2001). This Court had determined that the Plaintiff had "not established a triable issue as to whether he was

disabled . . . ," and therefore granted summary judgment in favor of the defendant. *Id*. at 1256. The Court of Appeals chose to assume without deciding that the plaintiff was disabled and then affirmed on separate grounds. *Id.* The plaintiff there argued that there were five reasonable accommodations, job reassignments, that the defendant could have provided but failed to. *Id*. The Court of Appeals rejected all of them.

Reassignment to some positions was not proper because either there were no vacancies or the reassignments would have been a promotion, which is not mandated by the ADA. *Id*. at 1257. Reassignment to other positions was not proper because the plaintiff's disability prevented him from performing physical labor, *Id*. at 1259, or his doctor's restrictions would have required eliminating essential functions of the position. *Id*. at 1260. All of this meant that the plaintiff could not be considered "otherwise qualified," because even with the requested accommodations, he could not perform the essential functions of the job.

<u>Willis v. Conopco, Inc.</u>

The *Willis* Court's decision hinged on the Plaintiff's burden to "identify an accommodation that would allow her to perform her job duties." *Willis v. Conopco, Inc*., 108 F.3d 282, 283 (11th Cir. 1997) (per curiam). There, the Court of Appeals ruled against the Plaintiff by finding that the Plaintiff had failed "to produce evidence . . . of the existence of any 'accommodation' at all . . . ." *Id*. at 287. As such, the

Court of Appeals affirmed the District Court's finding that "no triable issue of material fact existed on whether Defendant could have made reasonable accommodations for Plaintiff's disability." *Id*. at 284.

The plaintiff failed in her burden because she had identified only two possible accommodations, neither of which would have addressed her disability. The first accommodation Ms. Willis requested was re-assignment to a new position. *Id.* at 283. The second accommodation requested by Ms. Willis was a modification to her workspace. *Id*. The Court found that Ms. Willis failed in her burden on the first because she presented "no competent evidence that any alternative position existed," *Id*. at 286, and failed in her burden on the second because she testified in her deposition that even if the work-space accommodation had been provided, she would still have been unable to perform her job in that environment. *Id*. at 287.

None of the above cases directly involve a situation where the plaintiff could perform the job, with great difficulty, without the accommodation, and where the accommodation would relieve the difficulty. Instead, the respective holdings of *D'Onofrio*, *LaChance*, *Lucas*, and *Willis* can be summed up as follows: A disabled employee is not entitled to accommodation of his disability where, even with the identified accommodation, he could not perform the essential functions of his job. *See D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1017 (11th Cir. 2020), cert. denied, 141 S. Ct. 1435 (2021) (finding that the plaintiff had not identified any

accommodations "that might help her" other than the ones the defendant had already granted); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 834 (11th Cir. 1998) ("LaChance had not requested any accommodation from [Defendant] . . . such that he could have still performed the essential functions of a line cook."); *Willis v. Conopco, Inc.*, 108 F.3d 282, 287 (11th Cir. 1997) (per curiam) ("The ADA, as far as we are aware, is not intended to punish employers for behaving callously if, in fact, no accommodation for the employee's disability could reasonably have been made."). Thus, these cases are not on point.

Unlike in *D'Onofrio*, Mr. Batten did not suddenly develop brand new problems at work related to his disability. Mr. Batten pushed himself to fulfill his job requirements with Defendant despite his disabilities causing him constant pain and causing him to fall on numerous occasions throughout his employment. (ECF No. 44 at ¶ 7-10). Furthermore, unlike in *D'Onofrio*, Mr. Batten in fact did request a "specific accommodation that might help" with his problems related to his disability. (Batten Affidavit ¶¶ 8-9; Ellison Dep. 36:18-23, 37:4-10). It was denied.

By contrast to the Plaintiffs in *D'Nofrio*, *LaChance*, *Lucas*, and *Willis* respectively, Mr. Batten has produced competent evidence that a reasonable accommodation existed that would "allow him to perform his job duties." Specifically, Mr. Batten identified an accommodation for his disability that would have "enable[d] [him] to perform the essential functions of the job." *Id*. at 835.

Specifically, the evidence in the record is that Mr. Batten's use of a service dog would have assisted him perform the essential functions of his job. (Batten Affidavit ¶ 18; Meadows Dep. 99:13-22). Mr. Batten testified that the use of his service dog helped with his stability issues which in the past had caused him to fall down while at work. (Batten Dep. 71:11-21). Mr. Batten also testified that he suffered from "lock-down panic attacks" and that his service dog was trained to identify and assist when those occurred. (Batten Affidavit ¶ 8)

The evidence in the record establishes several aspects of his disabilities that can interfere, and in fact have in the past interfered with his ability to perform the essential functions of his job. Specifically, Mr. Batten reported to Defendant that he had had issues with anxiety, isolation, and stability and that he had fallen "maybe five times" while at work because of his stability issues caused by the extensive hardware in his body from his accident. (Batten Affidavit ¶ 7; Ellison Dep. 36:1-15). The evidence in the record establishes that allowing Mr. Batten to have his service dog with him at work would have helped him to perform the essential functions of his job. (Batten Affidavit ¶ 18; Meadows Dep. 99:13-22). In other words, Mr. Batten—through uncommon persistence and perseverance—could perform the requirements of his job to the satisfaction of his employer, but doing so caused him great physical pain, exacerbation of his disabilities, and exposed him to the risk of

serious physical harm. A simple accommodation that was not burdensome eased these consequences.

The Report would have this Court adopt a reading of Eleventh Circuit caselaw that will result in cases where disabled plaintiffs are able to establish every element of a prima facie case and yet be denied their day in court. (See infra pp. 19-21). There is, however, an interpretation of the *D'Nofrio* line of cases that avoids this inconsistent and unjust result. The law in the Eleventh Circuit recognizes that an accommodation "can qualify as 'reasonable,' and thus be required by the ADA, only if it enables the employee to perform the essential functions of the job." When this is strictly applied to Mr. Batten's case, the answer is clear—allowing him to work with his service dog would undoubtedly have enabled him to perform the essential functions of his job. The Report goes too far by impliedly adding that not only must the accommodation enable the employee to do his job, but he must be totally *unable* to perform the essential functions of his job without it.[4] That critical addition has no support in the plain text of the ADA or the governing regulations.

[4] Such a reading of the word "enable" is not dictated by its usual understanding. One definition of the word "enable" is "to make possible, practical, or easy." Merriam-Webster's Collegiate Dictionary, Merriam-Webster, "Enable" https://unabridged.merriam-webster.com/collegiate/enable, (last visited Sep. 7, 2023). Simply adopting this proper definition could reconcile the *D'Nofrio* line of cases with the result reached by the Northern District of Alabama in *Hollingsworth v. O'Reilly Auto. Stores, Inc.*, No. 4:13-CV-01623-KOB, 2015 U.S. Dist. LEXIS 10956 (N.D. Al. 2015).

**2. While improperly applying Eleventh Circuit caselaw that is clearly distinguishable the Report ignored persuasive authority that is directly on-point.**

In response to the Defendant's Motion for Summary Judgment, Plaintiff cited to the decision of the Northern District of Alabama in *Hollingsworth v. O'Reilly Auto. Stores, Inc.*, No. 4:13-CV-01623-KOB, 2015 U.S. Dist. LEXIS 10956 (N.D. Al. 2015). That decision clearly stands for the proposition that an employer may be obligated to provide reasonable accommodation to an employee even if the employee has been able to perform the essential functions of his job without accommodation. *Id*. at *27. Nevertheless, the Report makes no mention of the *Hollingsworth* decision, much less offers any explanation of how the Report's interpretation of the *D'Onofrio* line of cases is consistent with *Hollingsworth*.

Unlike the *D'Onofrio* line of cases, *Hollingsworth* is directly on point. In the *Hollingsworth* case, the plaintiff brought a claim for failure to accommodate under the ADA. *Hollingsworth*, No. 4:13-CV-01623-KOB, 2015 U.S. Dist. LEXIS 10956, at *1. Mr. Hollingsworth had suffered significant injuries in a prior motorcycle accident that among other things affected his ability to ambulate. *Id*. at *3. The defendant sought summary judgment arguing that the plaintiff "did not need an accommodation because he was able to perform the essential functions of his job without an accommodation." *Id*. at *26. The Court noted that although the plaintiff was able to perform the essential functions of his job, "doing so caused him

significant pain . . . .” *Id*. at *27. The Court stressed that an employer “cannot avoid its obligation to provide a reasonable accommodation to [an employee] simply because he was able to endure the pain of performing his job.” *Id*. The Court found that this created a genuine issue of material fact for trial. *Id*. at 28.

In the present case, Mr. Batten likewise suffered significant injuries in a motorcycle crash that, among other things, affected his ability to ambulate. (ECF No. 44 at ¶¶ 1-7; Batten Affidavit at ¶¶ 2, 17; Batten Dep. 21:5-11). Mr. Batten likewise suffered significant pain in his attempts to perform the essential functions of his job. (ECF No. 44 at ¶ 8; Batten Dep. 29:6-19). Mr. Batten pushed himself to fulfill his job requirements with Defendant despite his disabilities causing him constant pain and causing him to fall on numerous occasions throughout his employment. (ECF No. 44 at ¶ 9; Batten Dep. 31:20-32:13, 84:6-20). Mr. Batten’s physical struggle to perform his job remained consistent throughout his employment with Defendant. (Batten Dep. 34:20-25).

The *Hollingsworth* decision is consistent with the approach taken by several other jurisdictions. *See, e.g.*, *Rauen v. United States Tobacco Mfg.*, 319 F.3d 891, 896-97 (7th Cir. 2003) (holding that while an employee’s ability to perform all essential job functions without accommodation is a factor weighing against the reasonableness of an accommodation, it is not a complete bar to a claim for failure to accommodate); *Reaves v. Nexstar Broad., Inc.*,7 327 F. Supp. 3d 1352, 1373 (D.

Or. 2018) ("[A]n employer may be obligated to provide an accommodation that may prevent a condition from worsening even though the employee could perform the essential functions of the job without the accommodation."); *Nawrot v. CPC Int'l*, 259 F. Supp. 2d 716, 725 (N.D. Ill. 2003) (court could not conclude as a matter of law on summary judgment that breaks were not a reasonable accommodation for a diabetic employee to perform the essential functions of his job when without them, the employee "may collapse and be unable to perform his essential job functions"); *Branson v. West*, No. 97-C-3538, 1999 U.S. Dist. LEXIS 7343 at *10-12 (N.D. Ill. May 11, 1999) (paraplegic employee whose use of a wheelchair was causing fatigue and other physical ailments requested reasonable accommodation of a service dog).[5]

**B. Summary Judgement in Favor of Defendant on Plaintiff's ADA Retaliation Claim in Unwarranted.**

**1. The Report fails to consider material evidence in the record on the issue of whether Mr. Batten can present a prima facie case of disability discrimination.**

To establish a prima facie case of disability discrimination under the ADA, a plaintiff need only show that: (1) he is disabled; (2) he was a "qualified individual" at the relevant time; and (3) he was discriminated against because of his disability, which includes "'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability' unless doing

[5] These decisions are attached as part of the collective Exhibit C, which is being filed herewith.

so 'would impose an undue hardship' on the employer." *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023) (quoting 42 U.S.C. § 12112(b)(5)(A)).

The Report notes here that only the third element of the prima facie case is in dispute. (ECF No. 53 at p.19). The Report then concludes, based on its reading of the *D'Onofrio* line of cases and its rejection of *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023) (*see* discussion supra at pp. 7-16), that Mr. Batten has failed to prove the third element. (ECF No. 53 at p. 28). The Report premised this conclusion on its finding that Mr. Batten "did not require an accommodation to perform the essential functions of his job." (Id.).

The Report concludes that Mr. Batten "could perform the essential functions of his job without reasonable accommodation." (ECF No. 53 at p. 28). The admissions of fact upon which the Report bases this conclusion paint a more nuanced picture. It is undisputed that nothing about Mr. Batten's ability to do his job changed during the time that he worked there, (ECF No. 43 at ¶ 16); however, this is exactly what Mr. Batten described when he said that his physical struggle to perform his job remained consistent throughout his employment with Defendant. (Batten Dep. 34:20-25). The Report's analysis ignores this fact as well as the fact that Mr. Batten's disabilities caused him constant pain and caused him to fall on numerous occasions throughout his employment. (ECF No. 50 at ¶¶ 7-10).

There is no dispute here that Mr. Batten was disabled. (*See* ECF No. 50 at ¶¶ 7, 65). There is no dispute that he was a "qualified employee." (See ECF No. 50 at ¶ 48; Meadows Dep. 42:21-43:12). And there can be no dispute that the Defendant denied Mr. Batten's request for a service dog which they admit caused absolutely no burden, undue or otherwise. (ECF No. 50 at ¶¶ 51-55). And yet, the Report would have this Court turn Mr. Batten away because he had the strength of will to work through his pain and his falls. A reasonable jury could conclude that although Mr. Batten was generally able to perform his job, he would not be able to do so during a fall, particularly if it caused him to injure himself, or that the use of his service dog would have aided him in the performance of his job by preventing such interruptions.

**2. The Report Fails to Consider Material Evidence in the Record on the Issue of Whether Defendant Retaliated Against Plaintiff Because of his Disability.**

The Report concludes that "there is no probative evidence that plaintiff was separated from employment because he sought accommodation." (ECF No. 53 at p. 33). This conclusion ignores a clear chain of admissions that proves the opposite. Defendant admits that Mr. Batten requested to have his service dog at work because of his disabilities. (ECF No. 43 at ¶ 15). Defendant admits that they told Mr. Batten he could not come to work with his service dog. ((Food City 30(b)(6) Dep. 34:24-35:1; *see also* Batten Dep. 65:1-7). Defendant admits that they then placed Mr. Batten on personal leave after denying his request. (ECF No. 43 at ¶ 38). Defendant

admits that they terminated Mr. Batten when the leave expired. (ECF No. 50 at ¶ 75). A reasonable jury could quite reasonably conclude that, had Mr. Batten not requested the use of a service dog, Defendant would never have placed him on leave or ultimately terminated his employment.

**3. The Report Improperly Weighs the Evidence on the Issue of Whether Defendant Failed to Engage in the Interactive Process**

The Report concludes that "the undisputed material facts show that plaintiff caused a breakdown in the interactive process." (ECF No. 53 at p. 30). In reaching this conclusion, the Report accepts as true the Defendant's allegation that Mr. Batten caused a breakdown in the interactive process by imposing an "ultimatum." (ECF No. 53 at pp. 29-31). In concluding that Mr. Batten "would accept no accommodation that did not include the presence of his service animal," the Report ignores facts from which a reasonable jury could conclude that it was the Defendant who caused the breakdown in the interactive process, not Mr. Batten.

The Report relies explicitly on the case of *Stewart v. Happy Herman's Cheshire Bridge, Inc*., 117 F.3d 1278, 1286 (11th Cir. 1997). In the *Stewart* case, the plaintiff there caused a breakdown in the interactive process by refusing all five of the accommodations offered by her employer without providing "any substantive reasons as to why [the accommodations] were unreasonable given her medical needs." *Stewart*, 117 F.3d at 1286-87.

In this case, it is undisputed that the Defendant offered Mr. Batten only one accommodation—they offered to move him to a different position inside the store. (ECF No. 43 at ¶ 19). Mr. Batten provided a significant reason why he refused the only accommodation offered by the Defendant—he could not physically do it because of his disability. Specifically, he told Defendant that he could not perform the position because he could not work a standing position due to the metal hardware throughout his body and his Complex Regional Pain Syndrome. (Batten Affidavit ¶¶ 13-15; Ellison Dep. 45:6-16, 47:18-23, 51:5-20). The Defendant has admitted this fact. (ECF No. 50 at ¶ 41). The Report makes absolutely no mention of this fact which clearly distinguishes this case from *Stewart*.

The Report further concludes that Mr. Batten "refus[ed] to consider any options other than the one he desired" (ECF No. 53 at p. 31). This ignores the fact that Mr. Batten ended his discussion with Defendant by indicating he would wait to hear other options from the Defendant. (Batten Affidavit ¶ 16). Defendant never offered any. A reasonable jury could find that Mr. Batten did not refuse to consider other options, because no other options were ever presented to him aside from the one that he was physically incapable of accepting.

The Report also ignores the evidence that Defendant failed to engage in the interactive process by offering accommodation that they *admit* they knew would not actually address Mr. Batten's stated need for stability. (Food City 30(b)(6) Dep. 62:8-

12; Richards Dep. 56:3-6). The law requires that "when an employee triggers an employer's accommodation duties, the employer must expend time and expense to explore the universe of *reasonable* accommodations, identify one that is mutually agreeable to the parties, and implement it." *Owens v. Georgia, Governor's Office of Student Achievement*, 52 F.4th 1327, 1335 (11th Cir. 2022). A reasonable jury could conclude that the Defendant's blatantly hollow and insincere offer of an "accommodation" that they knew would be ineffective was not "reasonable" and therefore a failure to engage in the interactive process.

## V. CONCLUSION

For all of the aforementioned reasons, Defendant's argument that Mr. Batten is not entitled to accommodation because he had been able to perform without accommodation in the past is completely without merit. There exists a genuine issue for trial and Defendant's Motion for Summary Judgment on this issue must be denied. Plaintiff respectfully requests that the Court reject the findings and conclusions of the Report and deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

/s/ R. Ethan Hargraves
R. Ethan Hargraves, GA No. 793839
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ph: 423.697.4529, F: 423.634.8886
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Plaintiff's Objections to Magistrate Judge Johnson's August 25, 2023, Order and Final Report and Recommendations were served upon Defendant, using the CM/ECF system which will automatically send email notification of such filing to the following:

Howard B. Jackson
Mary Moffatt
Wimberly Lawson Wright Daves & Jones PLLC
550 W. Main Avenue, Suite 900
Knoxville, TN 37902
hjackson@wimberlylawson.com
mmoffatt@wimberlylawson.com

This 8th day of September 2023.

**MASSEY & ASSOCIATES, P.C.**

/s/ R. Ethan Hargraves
R. Ethan Hargraves, GA Bar No. 793839
ethan@masseyattorneys.com

## CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies compliance with LR 5.1(B) regarding Font and Point selections.

/s/ R. Ethan Hargraves
R. Ethan Hargraves GA Bar No. 793839