IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
At ROME

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW BATTEN,<br><br>Plaintiff,<br><br>v.<br><br>K-VAT-FOOD STORES, INC. d/b/a FOOD CITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:22-cv-00179 |

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE JOHNSON'S AUGUST 25, 2023
ORDER AND FINAL REPORT AND RECOMMENDATION

Pursuant to N.D. Local Rule 72(E), the Defendant herein, K-VA-T Food Stores, Inc, d/b/a Food City ("Food City") hereby responds to the Plaintiff's Objections to the Magistrate Judge Johnson's August 25, 2023 Order and Final Report and Recommendation (Doc. 55) ("the Report").

Food City respectfully submits the Plaintiff's Objections should be overruled, and the Magistrate Judge's Report should be adopted by the Court in its entirety. In support of its position, and in response to Plaintiff's Objections, Food City respectfully submits Plaintiff's Objections stand in direct conflict with decades of legal authority in the Eleventh Circuit, including recent authority from the Eleventh Circuit Court of Appeals. Plaintiff supports his Objections primarily with reference to Beasley v. O'Reilly Auto Parts, 69 F.4th 744 (11th Cir. 2023). However, the Court

of Appeals' decision in Beasley *did not overrule* the four (4) decisions which the Magistrate Judge primarily relied on: D'Onofrio v. Costco Wholesale Corp, 964 F.3d 1014 (11th Cir. 2020), cert. denied, 141 S. Ct. 1435 (2021); Lucas v. W. W. Grainger, Inc., 257 F.3d 1249 (11th Cir. 2001); LaChance v. Duffy's Draft house, Inc. 146 F.3d 832 (11th Cir. 1998); and Willis v. Conopco, Inc., 108 F.3d 282 (11th Cir. 1997). Rather, the Beasley Court noted that the specific facts of each case were distinguishable from the facts before the Court in Beasley. Beasley v. O'Reilly Auto Parts, 69 F.4th 744, 758 (11th Cir. 2023).

**I. In the Report, the Magistrate Judge correctly considered and applied applicable precedent in granting Summary Judgment in favor of Food City on Plaintiff's claims of discrimination under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., ("ADA").**

**A. The Magistrate Judge did not "dismiss" the Beasley decision.**

In Plaintiff's Objections, he alleges the Magistrate Judge "dismissed" the Beasley decision. (ECF Doc. 53, p. 9.) This is not accurate. Rather, the Magistrate Judge specifically noted that the Beasley Court recognized that "judicial decisions cannot make law beyond the facts the cases in which those decisions are announced." Report, Doc. 53, p. 23, quoting Beasley, 69 F. 4th at 765-57. The Magistrate further noted the Beasley panel held that, "[t]o the extent that those three opinions' broad statements about essential job functions go beyond the facts of those cases, we are not bound by those statements." Report, Doc. 53, p. 23, quoting Beasley, 69 F. 4th at 760.

This treatment from the Magistrate Judge is important because it reflects the Magistrate Judge's reasoned analysis and consideration that the underlying facts in Beasley are dissimilar to the case *sub judice*.

In Beasley, the plaintiff was deaf and the Court of Appeals held there were genuine issues of material facts concerning whether the plaintiff's inability to understand or participate in work-related meetings due to his deafness adversely impacted his employment. There was no dispute in Beasley that the plaintiff was deaf and that he had had an interpreter present for his first in-person interview with O'Reilly. In fact, at the time he was hired, the plaintiff had signed a form with O'Reilly which stated that he needed an accommodation to perform the essential functions of that job. Beasley v. O'Reilly Auto Parts, 69 F.4th 744, 747 (11th Cir. 2023). Later in his employment, the plaintiff in the Beasley case requested accommodations specifically related to his hearing deficit but those accommodations were either never provided or were denied. Beasley v. O'Reilly Auto Parts, 69 F.4th 744, 746-747 (11th Cir. 2023). As the Magistrate Judge has observed in the Report, in Beasley, *supra*, the employer argued that the accommodations were not necessary for the plaintiff to perform the essential functions of his job and denied the request for accommodations. (Report, p. 22).

In his response to Food City's Statement of Material Facts (ECF Doc. 43), Plaintiff admitted the following facts relevant to this issue:

6. From his hire date in May 2019 through his last day of work in 2021, Plaintiff performed his job as a fuel clerk at various Food City locations in a satisfactory manner. (Ex. 3, Ellison Depo., p. 24, lines 14 to p. 25, line 5).

**a. Admitted**.

16. Plaintiff has testified that nothing about his ability to perform his job at Food City changed in 2021. (Ex.1, Plaintiff depo., p. 70, lines 1-4).

**a. Admitted for purposes of summary judgment only.**

17. During the August 6, 2021 meeting with Mr. Ellison and Mr. Richards, Plaintiff advised them that he still had the ability to perform the same job he had been performing. (Ex. 1, Plaintiff depo., p. 70, lines 9-13; Ex. 3, Ellison depo., p. 38, line 12 to p. 39, line 14).

**a. Admitted**.

(Plaintiff's Resp. to Def's Stmt. Of Undisputed Mat. Facts, ECF Doc. 43, p. 3, 5)

The undisputed material facts in this case show that Plaintiff advised Food City he would not accept any accommodation that did not include being allowed to bring his dog to work. The undisputed material facts show that Plaintiff did not require a service animal to perform the essential functions of his job and that to the extent he sought to bring his service animal to address stability concerns, there were

alternative reasonable accommodations which Plaintiff made clear to Food City that he would not consider.

These facts are markedly different from Plaintiff Batten's employment history with Food City. Food City did not refuse to provide *any and all* accommodations to the Plaintiff; rather it declined to provide the only, single accommodation that Plaintiff insisted upon - which was to bring his dog to work. The facts of this case are simply not comparable to the facts of Beasley. Beasley v. O'Reilly Auto Parts, 69 F.4th 744 (11th Cir. 2023).

**B. The Hollingsworth decision is neither factually relevant nor binding.**

Plaintiff further claims the Magistrate Judge failed to consider the case of Hollingsworth v. O'Reilly Auto Stores, Inc. No. 4:13-cv-01623-KOB, 2015 U.S. LEXIS 10956, 2015 WL 412894 (N.D. Ala.2015), but Hollingsworth is not binding precedent on this case and is factually distinguishable.

In Hollingsworth, *supra*, the plaintiff had complained to his employer that he was having difficulty lifting items over 60 pounds because the other employees on his team were not assisting him, which was a condition stated in his job description. The plaintiff testified he had complained to his employer about this issue. Hollingsworth, 2015 U.S. LEXIS 10956, *4-6. After leaving two messages with his employer regarding the need for an accommodation, Hollingsworth never received a return call from anyone in the O'Reilly HR department. Hollingsworth, 2015 U.S.

LEXIS 10956, *5-6

Unlike the facts in Hollingsworth, Food City initiated the interactive process which broke down because the Plaintiff herein refused to consider any accommodation that did not include bringing his dog to work.

17. During the August 6, 2021 meeting with Mr. Ellison and Mr. Richards, Plaintiff advised them that he still had the ability to perform the same job he had been performing. (Ex.1, Plaintiff depo., p. 70, lines 9-13; Ex.3, Ellison depo., p. 38, line 12 to p. 39, line 14).

a. ADMITTED.

18. At the conclusion of the August 6, 2021 meeting, Plaintiff was taken off work pending further investigation and discussion regarding his request. (Ex.1, Plaintiff depo., p 70, lines 23-25).

a. ADMITTED.

19. A second meeting took place with Mr. Ellison and Mr. Richards on August 12, 2021 during which Food City discussed with Plaintiff the alternative accommodation of the position of a USCAN cashier. (Ex.1, Plaintiff depo., p. 72, line 23 to p. 73, line 14).

a. ADMITTED.

(Plaintiff's Resp. to Def's Stmt. Of Undisputed Mat. Facts, Doc. 43, p. 5).

Plaintiff herein never reported any falls or performance issues to Food City during the two years he performed his job without incident. It was only when he obtained his service dog that he claimed to have difficulties performing his job. Based on relevant precedent in this jurisdiction, Food City is entitled to summary judgment on this issue. Edwards v. WellStar Med. Grp., LLC, 2022 U.S. App. LEXIS 21036, 2022 WL 3012297 (11th Cir. 2022); D'Onofrio v. Costco Wholesale, Corp. 964 F.3d 1014, 1022 (11th Cir. 2020).

Moreover, Food City did not refuse to consider an accommodation to the Plaintiff. The ADA does not impose liability on an employer for failure to provide the accommodation *particularly desired by an employee*. Stewart v. Happy Herman's Cheshire Bridge, 117 F.3d 1278, 1286 (11th Cir. 1997). Rather, the ADA only requires an employer, such as Food City, to engage in the interactive process and provide a reasonable accommodation. As the Court of Appeals noted in Stewart, *supra*, "Stated plainly, under the ADA a qualified individual with a disability is 'not entitled to the accommodation of her choice, but only to a reasonable accommodation'." Stewart, *supra*, at 1286, quoting Lewis v. Zilog., 908 F. Supp. 931, 948 (N.D. Ga. 1995).

The Magistrate's Report recommends Summary Judgment in favor of Food City based on the following: (1) the plaintiff did not require an accommodation to perform the essential functions of his job and therefore, Food City was not required

to provide an accommodation; and (2) even if Food City was required to provide an accommodation, the Plaintiff's demand for use of his service animal, without considering any other alternative accommodations, caused the breakdown in the interactive process to identify accommodations. (ECF Doc. 53, Report, p. 31-32). Knowles v. Sheriff, 460 F. App'x 833 (11th Cir. 2012); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 ("Liability simply cannot arise under the ADA when an employer does not obstruct an informal interactive process; makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses; and the employee's action cause a breakdown in the interactive process.)

Specifically, the undisputed material facts in this case include the following:

22. During the August 12, 2021 meeting with Mr. Ellison and Mr. Richards, Plaintiff made it clear to Mr. Ellison and Mr. Richards that regardless of the job he was assigned to, whether the job was in-store, or out of the store, his service dog was going to be there. (Ex.1, Plaintiff depo., p. 74, lines 16-25).

a. ADMITTED.

23. Plaintiff made it clear to Food City that he would not accept any accommodation or position that did not include bringing the dog to work with him. (Ex.4, Lyon depo., p. 42, lines 1-13).

a. ADMITTED.

24. Plaintiff has testified that there would not have been any accommodation that Food City could have offered him that did not include the dog being present that would have been acceptable to him. (Ex.1, Plaintiff depo., p. 75, lines., 5-9; Ex. 3, Ellison depo., p. 57, lines 2-7).

a. ADMITTED.

25. Plaintiff has testified that he made it clear to Mr. Ellison and Mr. Richards that there was no type of job that Food City could offer that would be acceptable to him that did not include the dog being present. (Ex.1, Plaintiff depo., p. 75, lines 12-23).

a. ADMITTED.

(Plaintiff's Response to Def's Stmt. Of Undisputed Material Facts, ECF Doc. 43, p. 7-8.)

As noted in the recent case of Owens v. Governor's Office of Student Achievement, 52 F. 4th 327, 2022 LEXIS 31087 (11th Circuit, November 9, 2022), cert. denied, 2023 LEXIS 2048 (U.S., May 15, 2023):

> We have made clear that "an employer is not required to accommodate an employee in any manner that the employee desires - or even provide that employee's preferred accommodation." D'Onofrio, 964 F.3rd 1014, 1022, cert. denied, 141 S. Ct. 1435, 209 L.Ed. 2d 155 (2021). Therefore, when an employee triggers an employer's accommodation duties, the

> employer must expend time and expense to explore the *universe of reasonable accommodations*, identify one that is mutually agreeable to the parties, and implement it.

Owens v. Georgia, Governor's Office of Student Achievement, 52 F.4th 1327, 1335 (11th Cir. 2022).

By his own admissions above, Plaintiff was not willing to consider any other options, and thus it was Plaintiff who failed to engage in the interactive process and precluded Food City's ability to engage in the interactive process and prevented the consideration of "*the universe of reasonable accommodations*." Owens v. Georgia, Governor's Office of Student Achievement, 52 F.4th 1327, 1335.

Thus, the fact that the Magistrate Judge did not include an analysis of the Hollingsworth decision as related to this case is no reason to reject the Report. Hollingsworth is clearly neither relevant factually, nor is it binding precedent on this Court.

**II. In the Report, the Magistrate Judge correctly considered and applied applicable precedent and Summary Judgment in favor of Food City on Plaintiff's claim of retaliation under the ADA is appropriate.**

The undisputed material facts show that Food City did not terminate Plaintiff in retaliation for engaging in a protected activity under the ADA. Plaintiff argues that "a reasonable jury could quite reasonably conclude that, had Mr. Batten not requested the use of a service dog, the Defendant would never have placed him on

leave or ultimately terminated his employment." (Pl's Objections, ECF Doc. 55, p. 22). Contrary to Plaintiff's assertion, this argument incorrectly states the standard to establish a claim of retaliation under the ADA, which the Magistrate Judge thoroughly addressed in the Report at page 32. (ECF 53, Report at page. 32).

There is no evidence that Food City retaliated against the Plaintiff in violation of the ADA. Rather, the undisputed material facts simply show an employee (i.e. Plaintiff) who refused to return to work at Food City unless he could bring a service dog to work with him. Food City was certainly not *unwilling* to explore reasonable accommodations with Plaintiff, but Plaintiff was only willing to return to work if Food City agreed to the single accommodation he had proposed. When Plaintiff failed to return to work at Food City after exhausting his leave of absence, Food City removed him from employment. This does not constitute retaliation and the Magistrate Judge's Report should be affirmed on this claim as well.

CONCLUSION

Plaintiff fails to overcome the persuasive and binding authority of the Eleventh Circuit Court of Appeals in D'Onofrio v. Costco Wholesale Corp, 964 F.3d 1014 (11th Cir. 2020), cert. denied, 141 S. Ct. 1435 (2021); Lucas v. W. W. Grainger, Inc., 257 F.3d 1249 (11th Cir. 2001); LaChance v. Duffy's Draft house, Inc. 146 F.3d 832 (11th Cir. 1998); and Willis v. Conopco, Inc., 108 F.3d 282 (11th Cir. 1997). Plaintiff fails to establish any evidence to support his allegations of discrimination and/or retaliation under the ADA.

Based on the foregoing, Defendant requests that the District Court overrule Plaintiff's Objections and (1) adopt the Report and Recommendation from the Magistrate Judge in all respects and (2) grant Defendant's Motion for Summary Judgment as to all of Plaintiff's claims.

This 22nd day of September, 2023.

Howard B. Jackson, BPR #021316
(Signature of Counsel)

September 22, 2023
Date

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE JOHNSON'S AUGUST 25, 2023 ORDER AND FINAL REPORT AND RECOMMENDATION was served this 22nd day of September, 2023, by United States First Class Mail and email on the following:

Ethan Hargraves
Massey and Associates, P.C.
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
amandaj@masseyattorneys.com

s/Howard B. Jackson
Howard B. Jackson

CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies compliance with LR 5.1(B) regarding Font and Point selections as well as all other Local Rules of this Court.

/s/ Howard B. Jackson
Howard B. Jackson BPR ## 021316