**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

CHRISTOPHER MATTHEW BATTEN,

Plaintiff,

v.

K-VA-T FOOD STORES, INC., d/b/a FOOD CITY,

Defendant.

CIVIL ACTION FILE
NO. 4:22-cv-00179-WMR

# ORDER

Before the Court is the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 53], which recommends that Defendant K-VA-T Food Stores, Inc.'s Motion for Summary Judgment [Doc. 29] be granted. Plaintiff Christopher Matthew Batten has filed Objections to the R&R [Doc. 55], and Defendant has filed a Response to Plaintiff's Objections [Doc. 56]. For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## I. Background

The relevant factual allegations in this case are set forth in the R&R and are incorporated by reference as if set forth fully herein. The Court has also reviewed for clear error the portions of the Magistrate Judge's findings of undisputed material

fact that Plaintiff did not file objections to. [Doc. 53 at 2–14]. Having found no error, the Court adopts those facts as the undisputed material facts for purposes of this Order and will separately discuss the objected-to facts in the Discussion section below. To provide background, the Court summarizes the case's relevant procedural history.

Plaintiff brought the instant action against Defendant, his former employer, alleging that Defendant violated the Americans with Disabilities Act ("ADA") by failing to provide him with a reasonable accommodation and by retaliating against him after he requested a reasonable accommodation by terminating his employment. [Doc. 1]. After discovery closed, Defendant filed the pending Motion for Summary Judgment, which argues that both Plaintiff's failure to accommodate claim and his retaliation claim should be dismissed. [Doc. 29]. The Magistrate Judge agreed and recommended that summary judgment be granted in Defendant's favor. [Doc. 53].

As to the failure to accommodate claim, the Magistrate Judge found that because Plaintiff could perform the essential functions of his job without an accommodation, Defendant was under no obligation to provide him with an accommodation. [*Id.* at 28]. Alternatively, the Magistrate Judge found that Plaintiff could not prevail on his failure to accommodate claim because he caused a breakdown in the interactive process with Defendant that prevented the parties from considering reasonable accommodations. [*Id.* at 29–32]. As to Plaintiff's retaliation

claim, the Magistrate Judge recommended dismissal because Plaintiff failed to present evidence showing that Defendant terminated his employment because he sought accommodation. [*Id.* at 33]. Additionally, the Magistrate Judge recommended dismissal because the retaliation claim is based on the same facts as his failure to accommodate claim. [*Id.* at 33–34]. Plaintiff has filed objections to the R&R, which the Court discusses below. [Doc. 55].

## II. Legal Standard

In reviewing an R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citations omitted). If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error." *Lattimore v. Bank of Am.*, N.A., 2014 WL 11456272, at *1 (N.D. Ga. Feb. 10, 2014), *aff'd sub nom. Lattimore v. Bank of Am. Home Loans*, 591 F. App'x 693 (11th Cir. 2015). As Defendant has filed timely objections to the R&R in this case, the Court reviews the challenged portions of the R&R de novo and the remainder of the R&R for clear error.

## III. Discussion

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper when the record evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if evidence suggests a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party carries the initial burden, then the burden shifts to the non-moving party to demonstrate that there is an issue of material fact that precludes summary judgment. *Id.* Then, summary judgment is only appropriate if the non-moving party fails to meet its burden of presenting evidence sufficient to create a genuine issue of material fact as to an essential element of its claim. *Celotex Corp.*, 477 U.S. at 323. On summary judgment, the Court views the evidence and any inferences that may be reasonably drawn in the

light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159 (1970).

A. <u>Summary Judgment is Proper on Plaintiff's Failure to Accommodate Claim.</u>

Plaintiff has filed several objections to the Magistrate Judge's findings related to his failure to accommodate claim. Before turning to those objections, a discussion of the Eleventh Circuit standard governing failure to accommodate claims is necessary.

"The ADA imposes upon employers the duty to provide reasonable accommodations for known disabilities unless doing so would result in undue hardship to the employer." *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1526 (11th Cir. 1997). To survive summary judgment, a plaintiff must produce evidence that "(1) she was a qualified individual with a disability; (2) she made a specific request for a reasonable accommodation; and (3) her employer . . . failed to provide a reasonable accommodation, or engage in the requisite interactive process in order to identify a reasonable accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020). In this case, there is no dispute that Plaintiff has satisfied the first two elements for purposes of summary judgment. [Doc. 31 at 9; Doc. 50 at ¶ 60]. Thus, the only remaining issue is whether Defendant failed to

provide Plaintiff a reasonable accommodation or failed to engage in an interactive process to identify a reasonable accommodation.

42 U.S.C. § 12111(9)(B) provides that a "reasonable accommodation" may include:

> job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

However, an employee is "not entitled to the accommodation of her choice, but only to a reasonable accommodation." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997) (quoting *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 947 (N.D. Ga. 1995)). "The key is 'reasonability,' meaning an employer is not required to accommodate an employee in *any* manner that the employee desires—or even provide that employee's preferred accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020).

To select an appropriate and reasonable accommodation, "it may be necessary for the [employer] to initiate an informal, interactive process with the individual . . . [to] identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). However, an employer is not liable for failure to accommodate when

it "does not obstruct an informal interactive process[,] makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses[,] and the employee's actions cause a breakdown in the interactive process." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Thus, "[u]nder the ADA, an employer will not be liable for failure to accommodate if the employee is responsible for the breakdown of the interactive process." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020).

Moreover, the Eleventh Circuit has historically held that "if an employee does not require an accommodation to perform her essential job functions, then the employer is under no obligation to make an accommodation, even if the employee requests an accommodation that is reasonable and could be easily provided." *D'Onofrio*, 964 F.3d at 1022; *see also Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) ("An accommodation can qualify as 'reasonable,' and thus be required by the ADA, only if it enables the employee to perform the essential functions of the job."). However, as the Magistrate Judge's R&R highlights, the Eleventh Circuit's recent panel opinion in *Beasley v. O'Reilly Auto Parts* calls this principle into question. 69 F.4th 744 (11th Cir. 2023). Specifically, the *Beasley* majority wrote:

> When faced with the question of whether an ADA plaintiff was a "qualified individual" under 42 U.S.C. § 12112(a), we have sometimes

> made broad statements that “an accommodation is ‘reasonable’ and necessary under the ADA only if it enables the employee to perform the essential functions of the job.” *Lucas*, 257 F.3d at 1259–60 (emphasis added); *see also LaChance v. Duffy’s Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998) (“An accommodation is reasonable — and, therefore, required under the ADA — only if it enables the employee to perform the essential functions of the job.”) (quotation marks omitted). And in a case where the employer provided all the accommodations that were required under the ADA, we said that “if an employee does not require an accommodation to perform her essential job functions, then the employer is under no obligation to make an accommodation.” *D’Onofrio*, 964 F.3d at 1022.
>
> Those statements about essential job functions in those three decisions are expansive, but they are necessarily tethered to the facts of those cases. That is important because “whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced.” *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010) (quotation marks omitted); *see also id.* (“Statements in an opinion that are not fitted to the facts, or that extend further than the facts of that case, or that are not necessary to the decision of an appeal given the facts and circumstances of the case, are dicta. We are not required to follow dicta in our own prior decisions.”).

*Beasley*, 69 F.4th at 756–57. Nevertheless, the *Beasley* majority did little to settle the debate, summing up its opinion by saying: “So what do we hold about whether the ADA’s requirement that an employer provide an employee with reasonable accommodations extends beyond those that will enable him to perform the essential functions of his job? Nothing, really. There is enough dicta on that subject already.” *Id.* at 760.

Plaintiff's first and most fervent objection is that the Magistrate Judge erred in following the *D'Onofrio* line of cases[1] that hold that an employer is under no obligation to make an accommodation if an employee does not require an accommodation to perform his essential job functions. [Doc. 55 at 7–16]. The Magistrate Judge relied on this principle in finding that Plaintiff, who could perform the essential functions of his job without reasonable accommodation, was not entitled to any accommodation from Defendant. [Doc. 53 at 28–29]. Plaintiff specifically objects that the facts in each of the *D'Onofrio* line of cases are distinguishable from the facts of this case and that the Magistrate Judge erred by applying the principles in those cases here. [Doc. 55 at 9–16]. Plaintiff also objects that the R&R "dismisses" the *Beasley* opinion and that it "goes too far by impliedly adding that not only must the accommodation enable the employee to do his job, but he must be totally *unable* to perform the essential functions of his job without it." [*Id.* at 9, 16].

The Court acknowledges that the Magistrate Judge's recommendation is in tension with the Eleventh Circuit's *Beasley* opinion, which casts doubt on the *D'Onofrio* line of cases that hold that an employer is under no obligation to make an

[1] These four cases include: *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014 (11th Cir. 2020); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249 (11th Cir. 2001); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832 (11th Cir. 1998); and *Willis v. Conopco, Inc.*, 108 F.3d 282 (11th Cir. 1997).

accommodation if an employee does not require an accommodation to perform his essential job functions. Nevertheless, the *Beasley* opinion does not provide substantial guidance on this issue because it says "[n]othing, really" to settle the debate. *Beasley*, 69 F.4th at 760. In any event, because the Court finds that Plaintiff caused a breakdown in the interactive process in this case, the Court need not decide whether an employer is required to provide an accommodation when an employee can perform the essential functions of his job—albeit, with some difficulty—without an accommodation. This is true regardless of whether the *D'Onofrio* line of cases, as Plaintiff contends, are distinguishable from this case. [Doc. 55 at 8–16].

The Magistrate Judge found, and Plaintiff contests, that "[P]laintiff caused a breakdown in the interactive process." [Doc. 53 at 30]. Plaintiff instead contends that the R&R "ignores facts from which a reasonable jury could conclude that it was the Defendant who caused the breakdown in the interactive process, not [Plaintiff]." [Doc. 55 at 22].

The undisputed evidence shows that Defendant initiated the interactive process on August 12, 2021, when it met with Plaintiff, advised him that his request to work with a service dog would not be approved, and offered him the USCAN position.[2] [Doc. 43 at ¶¶ 19, 32]; *Owens v. Governor's Off. of Student Achievement*,

---

[2] A USCAN cashier works inside the store and "make[s] sure store customers in the self-check-out lines are getting checked out right" and "check[s] ID[s] if individual customers are buying alcohol." [Doc. 43 at ¶ 20].

52 F.4th 1327, 1334 (11th Cir. 2022) (quoting 29 C.F.R. § 1630.2(o)(3)) (describing the employer's obligation to "'initiate an informal, interactive process' with the employee to discuss the employee's specific limitations, explore potential accommodations, and select the most appropriate accommodation for both the employer and the employee."). It is also undisputed that, at that meeting, Plaintiff "made it clear to [Defendant] that he would not accept any accommodation or position that did not include bringing the dog to work with him." [Doc. 43 at ¶¶ 22–23]. By doing this, Plaintiff limited the "universe" of potential accommodations to a single accommodation—one that Defendant did not find acceptable. *Owens*, 52 F.4th at 1335 (emphasis added) ("[W]hen an employee triggers an employer's accommodation duties, the employer must expend time and expense to explore the *universe* of reasonable accommodations, identify one that is *mutually agreeable* to the parties, and implement it.").

The law is clear: an employee is "not entitled to the accommodation of her choice, but only to a reasonable accommodation." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997) (quoting *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 947 (N.D. Ga. 1995)). By limiting the universe of potential accommodations to one, Plaintiff caused a breakdown of the interactive process and foreclosed Defendant from offering a "[reasonable accommodation] that [was] mutually agreeable to the parties." *Owens v. Governor's Off. of Student*

*Achievement*, 52 F.4th 1327, 1335 (11th Cir. 2022). This fact is fatal to Plaintiff's failure to accommodate claim. *See D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020) ("Under the ADA, an employer will not be liable for failure to accommodate if the employee is responsible for the breakdown of the interactive process.").

A reasonable jury could not conclude otherwise as Plaintiff contends, even if Defendant offered Plaintiff only one alternative (the USCAN position), and even if Plaintiff told Defendant that he could not perform the USCAN position because of his disability. [Doc. 55 at 23]. Unlike Plaintiff, Defendant did not foreclose all available alternatives that could be discussed in the future by anticipatorily denying those that did not involve bringing a service dog to work. Rather, Defendant opted to "discuss alternatives with Plaintiff and move forward with a different accommodation for Plaintiff other than the service dog," but was prevented from doing so because of Plaintiff's insistence on his one and only desired accommodation. [Doc. 43 at ¶ 31].

Additionally, a reasonable jury could not find, as Plaintiff contends, that Defendant caused the breakdown in the interactive process. [Doc. 55 at 23–24]. When Plaintiff made clear at the August 12, 2021, meeting that he would not accept any accommodations that did not include a service dog, he caused the breakdown in the interactive process. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117

F.3d 1278, 1287 (11th Cir. 1997) (holding that an employee caused the breakdown in the interactive process when she "simply demanded that [her employer] capitulate" to her desired accommodation).[3] Even if Plaintiff ended the August 12, 2021, meeting by indicating that he would wait to hear other options from Defendant, he had already foreclosed Defendant from proposing a "mutually agreeable" accommodation by indicating that he would not accept any accommodation that did not include a service dog. *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1335 (11th Cir. 2022); [Doc. 55 at 23].

The Court similarly rejects Plaintiff's argument that a reasonable jury could conclude that "Defendant's blatantly hollow and insincere offer of an 'accommodation' that [it] knew would be ineffective was not 'reasonable' and therefore a failure to engage in the interactive process." [Doc. 55 at 24]. The purpose of the interactive process is to "discuss the employee's specific limitations [and] explore potential accommodations." *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022). That is precisely what Defendant initiated: a discussion about potential accommodations. [Doc. 43 at ¶¶ 19, 31]. And,

[3] To the extent that Plaintiff objects to the Magistrate Judge's reliance on *Stewart* because the facts of that case differ from the facts in this case, Plaintiff's objection is overruled. [Doc. 55 at 22–23]. The operative holding and facts that the Magistrate Judge referenced from that case are applicable here. *See* [Doc. 53 at 30–31]. Namely, Plaintiff, like the employee in *Stewart*, demanded that his employer acquiesce to his desired accommodation. *See Stewart*, 117 F.3d at 1280–83.

as discussed above, Plaintiff caused the breakdown in this process. Plaintiff cannot now benefit from the lack of results generated by the interactive process after he caused the process to fail in its infancy before other alternatives could be discussed. The Court agrees with the Magistrate Judge's assessment: "The defendant believed that offering plaintiff a USCAN position could have met plaintiff's expressed need for stability. (PSAMF ¶ 68.). . . . However, [Defendant] never got to explore that alternative because plaintiff would only accept an accommodation that included his service animal. (DR-PSAMF ¶ 68.)[.]" [Doc. 53 at 9]. In sum, Defendant cannot be liable because it "d[id] not obstruct an informal interactive process[,] ma[de] reasonable efforts to communicate with the employee and provide accommodations based on the information it possesse[d,] and the employee's actions cause[d] a breakdown in the interactive process." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

Finally, as it relates to Plaintiff's failure to accommodate claim, Plaintiff objects that the Magistrate Judge "ignored persuasive authority that is directly on-point" by failing to discuss the Northern District of Alabama's decision in *Hollingsworth v. O'Reilly Auto. Stores, Inc.*, 2015 WL 412894 (N.D. Ala. Jan. 30, 2015). [Doc. 55 at 17]. Plaintiff relied on *Hollingsworth* in his Response to Defendant's Motion and claims that it "stands for the proposition that an employer may be obligated to provide reasonable accommodation to an employee even if the

employee has been able to perform the essential functions of his job without accommodation." [*Id.*]. Plaintiff specifically contends that the Magistrate Judge erred by failing to explain how the *D'Onofrio* line of cases is consistent with the *Hollingsworth* decision. [*Id.*].

As an initial matter, when questions of federal law are at issue, this Court is bound only by decisions of the Eleventh Circuit and the Supreme Court. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("[A] district judge's decision neither binds another district judge nor binds him."). And, while it is true that other district court decisions are often persuasive, it is not this Court's duty to reconcile other district courts' decisions with Eleventh Circuit precedent. That task is uniquely reserved for the Eleventh Circuit when a party to an action files an appeal.[4] Therefore, the Magistrate Judge did not err by omitting discussion of *Hollingsworth* or by failing to explain how that case squares with the Eleventh Circuit's precedent.

Moreover, because the Court grants summary judgment on Plaintiff's failure to accommodate claim based on Plaintiff causing the breakdown in the interactive

---

[4] Importantly, the defendant in *Hollingsworth* did not appeal the district court's denial of summary judgment in its favor. *See* Docket in 4:13-CV-01623-KOB, N.D. Ala; *see also Coleman v. Hillsborough Cnty.*, 41 F.4th 1319, 1324 (11th Cir. 2022) (quoting *Schmelz v. Monroe Cnty.*, 954 F.2d 1540, 1542 (11th Cir. 1992)) ("[A]n order denying a motion for summary judgment is not an appealable final order."). Thus, the Eleventh Circuit never had the opportunity to review the district judge's decision.

process, *Hollingsworth* retains little relevance to this case. In *Hollingsworth*, the employee requested accommodations on several occasions, but his requests were ignored and belittled. *See Hollingsworth*, 2015 WL 412894 at *2 (explaining that the employee's manager "failed to take any steps to insure that [the employee] received assistance lifting heavy items," and the employee's two phone calls to the employer's human resources department were never returned). Here, Defendant chose to "discuss alternatives with Plaintiff and move forward with a different accommodation for Plaintiff other than the service dog," but "Plaintiff made it clear to [Defendant] that he would not accept any accommodation or position that did not include bringing the dog to work with him." [Doc. 43 at ¶¶ 23, 31]. Because of these disparate facts, the Court declines to follow *Hollingsworth*.

B. <u>Summary Judgment is Proper on Plaintiff's ADA Retaliation Claim.</u>

The Magistrate Judge recommended that Plaintiff's retaliation claim be dismissed on two independent grounds. *See* [Doc. 53 at 32–34]. First, the Magistrate Judge found that Plaintiff failed to present evidence showing that Defendant terminated his employment because he sought accommodation. [*Id.* at 33]. The Magistrate Judge instead found that the undisputed facts show that Plaintiff was placed on leave after he informed Defendant that he would only accept an accommodation allowing him to use a service dog at work, and Defendant terminated Plaintiff's employment when he exhausted his leave and had not returned

to work. [*Id.*]. Second, the Magistrate Judge recommended that Plaintiff's retaliation claim be dismissed because the facts supporting it are the same as those supporting his failure to accommodate claim. [*Id.* at 33–34].

Plaintiff has not objected to the Magistrate Judge's recommendation that his retaliation claim be dismissed because it is based on the same facts as his failure to accommodate claim. [*Id.*]. After reviewing the Magistrate's finding on this point for clear error, the Court finds none. Accordingly, the Court adopts the Magistrate Judge's finding as the opinion of this Court. Although this is a sufficient and independent ground for dismissing Plaintiff's retaliation claim, the Court will also consider Plaintiff's objections to the remainder of the Magistrate Judge's findings as to his retaliation claim. Before considering those objections, a discussion of the standard governing retaliation claims is necessary.

"To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). In the context of requesting disability accommodations, a plaintiff engages in statutorily protected expression if he shows "that he had a good faith, objectively reasonable belief that he was entitled to [his requested] accommodations under the ADA." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998). If the

plaintiff establishes a *prima facie* case, "the burden then shifts to the defendant employer to come forward with legitimate non-discriminatory reasons for its actions that negate the inference of retaliation." *Stewart*, 117 F.3d at 1287. If the employer produces such evidence, "[t]he plaintiff must then demonstrate that it will be able to establish at trial that the employer's proffered non-discriminatory reasons are a pretextual ruse designed to mask retaliation." *Id.*

There is no dispute here that Plaintiff has satisfied the first two elements of a *prima facie* retaliation claim by engaging in statutorily protected expression (requesting an accommodation) and suffering an adverse employment action (having his employment terminated). Thus, the remaining issues are causation and the burden-shifting analysis. *See Stewart*, 117 F.3d at 1287. As it relates to causation, the Magistrate Judge found, and Plaintiff contests, that "there is no probative evidence that plaintiff was separated from employment because he sought accommodation." [Doc. 53 at 33]. Plaintiff objects that the Magistrate Judge "ignore[d] a clear chain of admissions" from which a reasonable jury could conclude that, "had [Plaintiff] not requested the use of a service dog, Defendant would never have placed him on leave or ultimately terminated his employment." [Doc. 55 at 21–22].

The Court agrees with Plaintiff that he has produced sufficient evidence to show a causal connection between his request for accommodation and his firing.

[Doc. 55 at 21–22]. "To establish a causal connection, a plaintiff must show that the relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (quoting *Shannon v. Bellsouth Telecomm.., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)).[5] This requires Plaintiff to make a showing of "but-for causation." *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). Here, the undisputed facts show that Plaintiff was placed on leave so that he could "reconsider and engage in further discussion with Food City to identify other alternatives that would meet his needs besides the service dog, such as the USCAN position." [Doc. 43 at ¶ 38]. The undisputed facts further show that Defendant terminated Plaintiff "for failing to return from leave." [Doc. 50 at ¶ 75]. In other words, but for Plaintiff's request for an accommodation, he would not have been placed on leave, and but for his failure to return from that leave, he would not have been fired. Thus, in a technical sense, the Court cannot say that Plaintiff's request for accommodation and his firing were "wholly unrelated." *Kidd*, 731 F.3d at 1211.

[5] Although *Kidd* is a Title VII retaliation case, courts in the Eleventh Circuit "assess ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

However, the Court finds that Defendant has "come forward with legitimate non-discriminatory reasons for its actions that negate the inference of retaliation," and Plaintiff has failed to "demonstrate that it will be able to establish at trial that the employer's proffered non-discriminatory reasons are a pretextual ruse designed to mask retaliation." *Stewart*, 117 F.3d at 1287. Plaintiff and Defendant agree that Plaintiff "was terminated by Defendant effective February 14, 2022, for failing to return from leave." [Doc. 50 at ¶ 75].[6] Plaintiff's failure to return to work (*i.e.*, his absenteeism) is a legitimate and non-discriminatory reason to terminate his employment. *See Cunningham v. Nature's Earth Pellets, L.L.C.*, 433 F. App'x 751, 753 (11th Cir. 2011) (finding that the plaintiff's "history of absenteeism" was a legitimate reason to terminate her employment); *Wills v. Postmaster General*, 300 F. App'x 748, 752 (11th Cir. 2008) ("Here, the [employer] offered [the employee's] excessive absences as a legitimate, nondiscriminatory explanation for its actions, and, therefore, [the employee] was required to demonstrate that that reason was pretextual."). Plaintiff has failed to introduce any evidence that "meet[s] that reason

[6] Defendant placed Plaintiff on a leave of absence on August 18, 2021. [Doc. 43 at ¶ 38]. As it relates to Defendant's policy for personal leave, David Ellison, a Senior Human Resources Specialist for Defendant, testified at his deposition that an employee may take up to two personal leaves of 90 days in a 365-day calendar year (for a total of 180 days of leave). [Doc. 29-5 at 10:18–20; 18:4–11; 70:13–17]. Mr. Ellison testified that "[o]nce those leaves are, you know, exhausted and someone does not return to work they are, you know, terminated." [*Id.* at 60:2–5]. Plaintiff's 180 days of leave expired on February 14, 2022, and he did not return to work. [*Id.* at 70:18–20; Doc. 43 at ¶ 40].

head on and rebut[s] it." *Chapman v. AI Transp.*, 229 F.3d 1012 , 1030 (11th Cir. 2000). Thus, Plaintiff has failed to raise a genuine issue of material fact that Defendant's proffered reason was a pretext for discrimination.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. 29] is **GRANTED**.

**IT IS SO ORDERED**, this 8th day of December, 2023.

William M. Ray II
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE