4months,APPEAL,CLOSED,WMRLC3

# U.S. District Court
# Northern District of Georgia (Rome)
# CIVIL DOCKET FOR CASE #: 4:22−cv−00179−WMR

| | |
|---|---|
| Batten v. K−VA−T Food Stores, Inc.<br>Assigned to: Judge William M. Ray, II<br>Cause: 42:12101 et seq. Americans with Disabilities Act of 1990 | Date Filed: 08/16/2022<br>Date Terminated: 12/08/2023<br>Jury Demand: Plaintiff<br>Nature of Suit: 445 Civil Rights: Americans with Disabilities − Employment<br>Jurisdiction: Federal Question |

**Plaintiff**

**Christopher Matthew Batten** represented by **Robert Ethan Hargraves**
Massey & Associates
6400 Lee Hwy.
Suite 101
Chattanooga, TN 37421
423−697−4529
Fax: 423−634−8886
Email: ethan@masseyattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

ATTEST: A TRUE COPY
CERTIFIED THIS
Date: Dec 20 2023
KEVIN P. WEIMER, Clerk
By: s/ T. Frazier
Deputy Clerk
United States District Court Northern District of Georgia

V.

**Defendant**

**K−VA−T Food Stores, Inc.**
*doing business as*
Food City

represented by **Howard B. Jackson**
Wimberly Lawson Wright Daves & Jones, PLLC
550 Main Ave.
Suite 900
Knoxville, TN 37902
865−546−1000
Email: hjackson@wimberlylawson.com
*ATTORNEY TO BE NOTICED*

**Mediator**

**John C. Harrison** represented by **John Cain Harrison**
Evans Harrison Hackett, PLLC
One Central Plaza, Suite 800
835 Georgia Avenue
Chattanooga, TN 37402
423−648−7890
Fax: 423−648−7897
Email: jharrison@ehhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/16/2022 | 1 | | COMPLAINT with Jury Demand filed by Christopher Matthew Batten. (Filing fee $402, receipt number AGANDC−12000216) (Attachments: # 1 Civil Cover Sheet)(tmf) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/16/2022) |
| 08/16/2022 | 2 | | Electronic Summons Issued as to K−VA−T Food Stores, Inc.. (tmf) (Entered: 08/16/2022) |
| 08/17/2022 | 3 | | CERTIFICATE OF SERVICE *Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant* by Christopher Matthew Batten.(Hargraves, Robert) (Entered: 08/17/2022) |
| 08/23/2022 | 4 | | Return of Service Executed by Christopher Matthew Batten. K−VA−T Food Stores, Inc. served on 8/22/2022, answer due 9/12/2022. (Hargraves, Robert) (Entered: 08/23/2022) |
| 09/13/2022 | 5 | | ANSWER to 1 COMPLAINT by K−VA−T Food Stores, Inc.. Discovery ends on 2/10/2023.(Jackson, Howard) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 09/13/2022) |
| 09/15/2022 | 6 | | Certificate of Interested Persons by K−VA−T Food Stores, Inc.. (Jackson, Howard) (Entered: 09/15/2022) |
| 09/16/2022 | 7 | | Clerks Notation re 6 Certificate of Interested Persons approved by District Judge Harold L. Murphy. (tmf) (Entered: 09/16/2022) |
| 09/29/2022 | 8 | | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Christopher Matthew Batten. (Hargraves, Robert) (Entered: 09/29/2022) |
| 09/29/2022 | 9 | | SCHEDULING ORDER: re: 8 Joint Preliminary Report and Discovery Plan. As an initial matter, the undersigned observes that mediation could be successful here, given the parties' indication that there is a possibility of settlement. The Court offers the services of its Magistrate Judges to mediate cases at no cost. Should the parties desire to mediate, they may contact the chambers of the Honorable Russell G. Vineyard (404−215−1375), Chief United States Magistrate Judge. Discovery ends on 2/10/2023. Motions under Local Rule 7.1(A)(2) including motions to amend pleadings due by 11/14/2022. Motions for summary judgment no later than 3/13/23. Proposed Pretrial Order due by 3/13/2023, or within thirty days from a final ruling on any motion for summary judgment that is not dispositive of all claims advanced by the parties. Signed by Magistrate Judge Walter E. Johnson on 9/29/22. (klb) (Entered: 09/29/2022) |
| 09/29/2022 | 10 | | NOTICE to Parties Regarding Summary Judgment Motions. Signed by Magistrate Judge Walter E. Johnson on 9/29/22. (klb) (Entered: 09/29/2022) |
| 10/04/2022 | 11 | | CERTIFICATE OF SERVICE filed by K−VA−T Food Stores, Inc. (Jackson, Howard) (Entered: 10/04/2022) |
| 10/21/2022 | 12 | | CERTIFICATE OF SERVICE filed by K−VA−T Food Stores, Inc. (Jackson, Howard) (Entered: 10/21/2022) |

| | | | |
|---|---|---|---|
| 12/30/2022 | | | Case Reassigned to Judge William M. Ray, II. Judge Harold L. Murphy no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 4:22−cv−179−WMR−WEJ. Please make note of this change in order to facilitate the docketing of pleadings in this case. (jpa) (Entered: 12/30/2022) |
| 01/04/2023 | 13 | | MOTION for Protective Order by K−VA−T Food Stores, Inc.. (Attachments: # 1 Exhibit Proposed Order)(Jackson, Howard) (Entered: 01/04/2023) |
| 01/05/2023 | 14 | | STIPULATED PROTECTIVE ORDER granting 13 Motion for Protective Order. Signed by Magistrate Judge Walter E. Johnson on 1/5/23. (klb) (Entered: 01/05/2023) |
| 01/05/2023 | 15 | | CERTIFICATE OF SERVICE filed by K−VA−T Food Stores, Inc. (Jackson, Howard) (Entered: 01/05/2023) |
| 01/05/2023 | 16 | | NOTICE to Take Deposition of Sherrell Lyon filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/05/2023) |
| 01/05/2023 | 17 | | NOTICE to Take Deposition of Gary Richards filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/05/2023) |
| 01/05/2023 | 18 | | NOTICE to Take Deposition of Emily Hobbs filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/05/2023) |
| 01/05/2023 | 19 | | NOTICE to Take Deposition of David Ellison filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/05/2023) |
| 01/19/2023 | 20 | | NOTICE to Take Deposition of Donnie Meadows filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/19/2023) |
| 01/19/2023 | 21 | | NOTICE to Take Deposition of Rickie Estep filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/19/2023) |
| 01/19/2023 | 22 | | NOTICE to Take Deposition of Archie Skeens filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/19/2023) |
| 01/19/2023 | 23 | | NOTICE to Take Deposition of K−VA−T Food Stores, Inc., d/b/a Food City filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 01/19/2023) |
| 01/30/2023 | 24 | | NOTICE by K−VA−T Food Stores, Inc. (Jackson, Howard) (Entered: 01/30/2023) |
| 02/08/2023 | 25 | | Unopposed MOTION for Extension of Time to Complete Discovery by Christopher Matthew Batten. (Hargraves, Robert) (Entered: 02/08/2023) |
| 02/09/2023 | | | ORDER granting 25 Motion for Extension of Time to Complete Discovery. Discovery ends on 3/13/2023. Motions for summary judgment no later than 4/12/2023. Proposed Pretrial Order due by 4/12/2023. Signed by Magistrate Judge Walter E. Johnson on 2/9/23. (klb) (Entered: 02/09/2023) |
| 02/27/2023 | 26 | | Amended NOTICE to Take Deposition of K−VA−T Food Stores, Inc., d/b/a Food City filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: 02/27/2023) |
| 02/28/2023 | 27 | | Amended NOTICE to Take Deposition of K−VA−T Food Stores, Inc., d/b/a Food City filed by Christopher Matthew Batten (Hargraves, Robert) (Entered: |

| | | | |
|---|---|---|---|
| | | | 02/28/2023) |
| 03/02/2023 | 28 | | Initial Disclosures by K−VA−T Food Stores, Inc..(Jackson, Howard) (Entered: 03/02/2023) |
| 04/11/2023 | 29 | | MOTION for Summary Judgment by K−VA−T Food Stores, Inc.. (Attachments: # 1 Exhibit Ex.1 − Plaintiff's deposition, # 2 Exhibit Ex. 1 Part II, # 3 Exhibit Ex. 2 − Richards Deposition, # 4 Exhibit Ex. 2 − Part II, # 5 Exhibit Ex. 3 − Ellison Deposition, # 6 Exhibit Ex. 3 − Part II, # 7 Exhibit Ex. 4 − Lyon Deposition, # 8 Exhibit Ex. 4− Part II, # 9 Exhibit Ex. 5 − Meadows Deposition, # 10 Exhibit Ex.5 − Part II)(Jackson, Howard) −−Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.−− (Entered: 04/11/2023) |
| 04/11/2023 | 30 | | Statement of Material Facts re 29 MOTION for Summary Judgment filed by K−VA−T Food Stores, Inc.. (Jackson, Howard) (Entered: 04/11/2023) |
| 04/11/2023 | 31 | | BRIEF in Support re 29 MOTION for Summary Judgment *in support of Motion* filed by K−VA−T Food Stores, Inc.. (Attachments: # 1 Exhibit Deposition of Plaintiff excerpts, # 2 Exhibit Richards depo excerpts, # 3 Exhibit Ellison depo excerpts, # 4 Exhibit Lyon depo excerpts, # 5 Exhibit Meadows depo excerpts)(Jackson, Howard) Modified on 4/11/2023 to edit text to reflect PDF (dob). (Entered: 04/11/2023) |
| 04/11/2023 | 32 | | Joint MOTION for Order *regarding deadline for PTO* by K−VA−T Food Stores, Inc.. (Jackson, Howard) (Entered: 04/11/2023) |
| 04/11/2023 | 33 | | DEPOSITION of Christopher Matthew Batten taken on January 11, 2023 by K−VA−T Food Stores, Inc..(Jackson, Howard) (Entered: 04/11/2023) |
| 04/11/2023 | 34 | | DEPOSITION of Gary Richards taken on January 12, 2023 by K−VA−T Food Stores, Inc..(Jackson, Howard) (Entered: 04/11/2023) |
| 04/11/2023 | 35 | | DEPOSITION of David Gary Ellison taken on January 11, 2023 by K−VA−T Food Stores, Inc..(Jackson, Howard) (Entered: 04/11/2023) |
| 04/11/2023 | 36 | | DEPOSITION of Sherrell Lyon taken on January 12, 2023 by K−VA−T Food Stores, Inc..(Jackson, Howard) (Entered: 04/11/2023) |
| 04/11/2023 | 37 | | DEPOSITION of Donnie Meadows taken on January 27, 2023 by K−VA−T Food Stores, Inc..(Jackson, Howard) (Entered: 04/11/2023) |
| 04/12/2023 | | | ORAL ORDER granting 32 Motion for Order re: pretrial order. Proposed Pretrial Order due by 4/12/23, or within thirty days from a final ruling on any motion for summary judgment that is not dispositive of all claims advanced by the parties. Entered by Magistrate Judge Walter E. Johnson on 4/12/23. (klb) (Entered: 04/12/2023) |
| 04/26/2023 | 38 | | Unopposed MOTION for Extension of Time File Response to Motion for Summary Judgment re: 29 MOTION for Summary Judgment by Christopher Matthew Batten. (Hargraves, Robert) (Entered: 04/26/2023) |
| 04/26/2023 | | | ORAL ORDER granting 38 Motion for Extension of Time to File Response to 29 MOTION for Summary Judgment . Plaintiff's Response due 5/16/2023. Entered by Magistrate Judge Walter E. Johnson on 4/26/23. (klb) (Entered: |

| | | | |
|---|---|---|---|
| | | | 04/26/2023) |
| 05/12/2023 | 39 | | Second MOTION for Extension of Time to File Response re: 29 MOTION for Summary Judgment by Christopher Matthew Batten. (Hargraves, Robert) (Entered: 05/12/2023) |
| 05/12/2023 | | | ORAL ORDER granting 39 Motion for Extension of time to File Response re: 29 MOTION for Summary Judgment. Plaintiff's response due 5/26/2023. Entered by Magistrate Judge Walter E. Johnson on 5/12/23. (klb) (Entered: 05/12/2023) |
| 05/16/2023 | 40 | | MOTION to Order Case to Mediation by K−VA−T Food Stores, Inc.. (Jackson, Howard) Modified on 5/17/2023 to edit docket text (tas). (Entered: 05/16/2023) |
| 05/17/2023 | 41 | | ORDER − Plaintiff, Christopher Matthew Batten, filed this action 1 against defendant, K−VA−T Food Stores, Inc. (Food City), on August 16, 2022. After a period of discovery, Food City filed a Motion for Summary Judgment 29 , which plaintiff's deadline to respond is currently May 26, 2023. (See Docket Entry for May 12, 2023 (Oral Order granting second extension request 39 ).) Food City has now subsequently filed a Motion to Order Case to Mediation 40 . For good cause shown, that Motion 40 is GRANTED. Therefore, pursuant to Local Civil Rule 16.7, the parties are DIRECTED to mediation. While the parties have the option of mediation before a United States Magistrate Judge, or a private mediator, the parties are reminded that the Court offers the services of its Magistrate Judges to mediate cases at no cost. Should the parties desire to use that service, they may contact the chambers of the Honorable Russell G. Vineyard (404−215−1375), Chief United States Magistrate Judge. Regardless, the mediation shall be concluded within forty−five (45) days of the date of this order unless otherwise extended by the undersigned Magistrate Judge. The parties are DIRECTED to file a status report with the Court within ten (10) days of the conclusion of the mediation. In the meantime, plaintiffs above referenced response to defendants Motion for Summary Judgment is STAYED. Should mediation be unsuccessful, plaintiff's response to that Motion is due twenty−one (21) days after the mediation date. Signed by Magistrate Judge Walter E. Johnson on 5/17/23. (klb) Modified on 5/17/2023 to edit text (klb). (Entered: 05/17/2023) |
| 05/25/2023 | 42 | | RESPONSE in Opposition re 29 MOTION for Summary Judgment filed by Christopher Matthew Batten. (Attachments: # 1 Exhibit Exhibit A − Affidavit of Christopher Matthew Batten, # 2 Exhibit Exhibit B − Deposition of Christopher Matthew Batten, # 3 Exhibit Exhibit C − Deposition of David Ellison, # 4 Exhibit Exhibit D − Deposition of Gary Richards, # 5 Exhibit Exhibit E − Deposition of Donnie Meadows, # 6 Exhibit Exhibit F − Deposition of Food City's Corporate Representative, # 7 Exhibit Exhibit G − Deposition of Sherrell Lyons, # 8 Exhibit Exhibit H − Case Law)(Hargraves, Robert) (Entered: 05/25/2023) |
| 05/25/2023 | 43 | | Response to Statement of Material Facts re 29 MOTION for Summary Judgment filed by Christopher Matthew Batten. (Attachments: # 1 Exhibit Exhibit D − Deposition of Gary Richards, # 2 Exhibit Exhibit F − Deposition of Corporate Representative, # 3 Exhibit Exhibit C − Deposition of David Ellison, # 4 Exhibit Exhibit B − Deposition of Christopher Matthew Batten)(Hargraves, Robert) (Entered: 05/25/2023) |

| | | | |
|---|---|---|---|
| 05/25/2023 | 44 | | Statement of Material Facts re 29 MOTION for Summary Judgment filed by Christopher Matthew Batten. (Attachments: # 1 Exhibit Exhibit A − Affidavit of Christopher Matthew Batten, # 2 Exhibit Exhibit B − Deposition of Christopher Matthew Batten, # 3 Exhibit Exhibit D − Deposition of Gary Richards, # 4 Exhibit Exhibit C − Deposition of David Ellison, # 5 Exhibit Exhibit E − Deposition of Donnie Meadows, # 6 Exhibit Exhibit F − Deposition of Food City's Corporate Representative, # 7 Exhibit Exhibit G − Deposition of Sherrell Lyons)(Hargraves, Robert) (Entered: 05/25/2023) |
| 05/25/2023 | 45 | | DEPOSITION of Corporate Representative − Sherrell Lyons − Part One taken on March 3, 2023 by Christopher Matthew Batten.(Hargraves, Robert) (Entered: 05/25/2023) |
| 05/25/2023 | 46 | | DEPOSITION of Corporate Representative − Sherrell Lyons − Part Two taken on March 3, 2023 by Christopher Matthew Batten. (Attachments: # 1 Exhibit Depo Exhibit 1, # 2 Exhibit Depo Exhibit 2, # 3 Exhibit Depo Exhibit 3, # 4 Exhibit Depo Exhibit 4, # 5 Exhibit Depo Exhibit 5, # 6 Exhibit Depo Exhibit 6, # 7 Exhibit Depo Exhibit 7, # 8 Exhibit Depo Exhibit 8, # 9 Exhibit Depo Exhibit 9, # 10 Exhibit Depo Exhibit 10, # 11 Exhibit Depo Exhibit 11)(Hargraves, Robert) (Entered: 05/25/2023) |
| 06/05/2023 | 47 | | Joint MOTION for Extension of Time Complete Mediation by K−VA−T Food Stores, Inc.. (Jackson, Howard) (Entered: 06/05/2023) |
| 06/05/2023 | | | ORAL ORDER granting 47 Motion for Extension of Time to Complete Mediation . Mediation to be held by 7/14/2023. Entered by Magistrate Judge Walter E. Johnson on 6/5/23. (klb) (Entered: 06/05/2023) |
| 07/12/2023 | 48 | | MOTION for Leave to File *to File Reply Brief* by K−VA−T Food Stores, Inc.. (Jackson, Howard) (Entered: 07/12/2023) |
| 07/13/2023 | | | ORAL ORDER granting 48 Motion for Leave to File reply brief. Reply brief to be filed on or before July 27, 2023. Entered by Magistrate Judge Walter E. Johnson on 7/13/23. (klb) (Entered: 07/13/2023) |
| 07/14/2023 | 49 | | STATUS REPORT *ADR Neutral's Report to the Court* by John C. Harrison. (Harrison, John) (Entered: 07/14/2023) |
| 07/27/2023 | 50 | | Response to Statement of Material Facts re 29 MOTION for Summary Judgment *Response to Plaintiff's Statement of Additional Facts* filed by K−VA−T Food Stores, Inc.. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Jackson, Howard) (Entered: 07/27/2023) |
| 07/27/2023 | 51 | | REPLY BRIEF re 29 MOTION for Summary Judgment filed by K−VA−T Food Stores, Inc.. (Jackson, Howard) (Entered: 07/27/2023) |
| 07/27/2023 | | | Submission of 29 MOTION for Summary Judgment , to Magistrate Judge Walter E. Johnson. (klb) (Entered: 07/27/2023) |
| 08/14/2023 | 52 | | Unopposed MOTION for Hearing *on Defedant's Motion for Summary Judgment* by Christopher Matthew Batten. (Hargraves, Robert) (Entered: 08/14/2023) |
| 08/25/2023 | | | ORDER denying 52 Plaintiff's Unopposed Motion for Hearing. (found in text of Order and Final Report & Recommendation). Signed by Magistrate Judge Walter E. Johnson on 8/25/23. (klb) (Entered: 08/25/2023) |

| | | | |
|---|---|---|---|
| 08/25/2023 | 53 | | ORDER AND FINAL REPORT AND RECOMMENDATION re 1 Complaint, filed by Christopher Matthew Batten. Signed by Magistrate Judge Walter E. Johnson on 8/25/23. (klb) (Entered: 08/25/2023) |
| 08/25/2023 | | | ORDER AND FINAL REPORT AND RECOMMENDATION re 29 MOTION for Summary Judgment filed by K−VA−T Food Stores, Inc. The undersigned RECOMMENDS that Defendant's Motion for Summary Judgment 29 be GRANTED. The Clerk is DIRECTED to terminate the reference to the Magistrate Judge. Signed by Magistrate Judge Walter E. Johnson on 8/25/23. (klb) (Entered: 08/25/2023) |
| 08/25/2023 | 54 | | ORDER for Service of 53 Order and Final Report and Recommendation by Magistrate Judge Walter E. Johnson. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge Walter E. Johnson on 8/25/23. (klb) (Entered: 08/25/2023) |
| 09/08/2023 | 55 | | OBJECTIONS to 53 Report and Recommendation *of August 25, 2023* filed by Christopher Matthew Batten. (Attachments: # 1 Exhibit Affidavit of Matthew Batten, # 2 Exhibit Depositions, # 3 Exhibit Decisions)(Hargraves, Robert) (Entered: 09/08/2023) |
| 09/22/2023 | 56 | | REPLY to Objection to Report and Recommendation re 55 Objections to Report and Recommendation filed by K−VA−T Food Stores, Inc.. (Jackson, Howard) (Entered: 09/22/2023) |
| 09/25/2023 | | | Submission of FINAL REPORT AND RECOMMENDATION re 29 MOTION for Summary Judgment filed by K−VA−T Food Stores, Inc., 53 FINAL REPORT AND RECOMMENDATION re 1 Complaint, filed by Christopher Matthew Batten, to District Judge William M. Ray II. (tas) (Entered: 09/25/2023) |
| 12/08/2023 | 57 | | ORDER adopting in part and denying in part 53 Final Report and Recommendation ; Defendant's Motion for Summary Judgment [Doc. 29 ] is GRANTED. (R&R ruling per chambers) Signed by Judge William M. Ray, II on 12/8/2023. (tmf) (Entered: 12/08/2023) |
| 12/08/2023 | 58 | | CLERK'S JUDGMENT (tmf)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 12/08/2023) |
| 12/08/2023 | | | Civil Case Terminated. (tmf) (Entered: 12/08/2023) |
| 12/19/2023 | 59 | | NOTICE OF APPEAL as to 54 Order for Service of Report and Recommendation, Order on Motion for Hearing, 58 Clerk's Judgment, 57 Order on Final Report and Recommendation, Order on Motion for Summary Judgment by Christopher Matthew Batten. Filing fee $ 605, receipt number AGANDC−13107866. Transcript Order Form due on 1/2/2024 (Hargraves, Robert) (Entered: 12/19/2023) |
| 12/20/2023 | 60 | | NOTICE Of Filing Appeal Transmission Letter re 59 Notice of Appeal, (tmf) (Entered: 12/20/2023) |

FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Aug 25 2023

KEVIN P. WEIMER , Clerk

By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

CHRISTOPHER MATTHEW BATTEN,

Plaintiff,

v.

K-VA-T FOOD STORES, INC., d/b/a FOOD CITY,

Defendant.

CIVIL ACTION FILE NO.

4:22-CV-00179-WMR-WEJ

**ORDER AND**
**<u>FINAL REPORT AND RECOMMENDATION</u>**

Plaintiff, Christopher Matthew Batten, alleges that his former employer, K-VA-T Food Stores, Inc., d/b/a Food City ("Food City"), discriminated against him on the basis of his disability and retaliated against him, both in violation of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"). (See Compl. [1] ¶¶ 29-31.) After a period of discovery, defendant filed a Motion for Summary Judgment [29], which has been fully briefed, and plaintiff filed an unopposed Motion for Hearing [52]. For the reasons explained below, the

Case 4:22-cv-00179-WMR Document 63 Filed 12/20/23 Page 9 of 67

undersigned **DENIES** plaintiff's Motion for Hearing and **RECOMMENDS** that defendant's Motion for Summary Judgment be **GRANTED**.

## I. STATEMENT OF FACTS

In support of its Motion for Summary Judgment, defendant as movant filed a Statement of Material Facts as to Which There is no Genuine Issue ("DSMF") [30]. See N.D. Ga. Civ. R. 56.1(B)(1). As required by Local Rule 56.1(B)(2)(a), plaintiff submitted a response to those proposed facts. (See Pl.'s Resp. DSMF [43] ("PR-DSMF").) As allowed by Local Civil Rule 56.1(B)(2)(b), plaintiff filed a Statement of Additional Material Facts Which Present an Issue for Trial [44][1] ("PSAMF"), to which defendant filed a response. (See Def.'s Resp. to PSAMF [50] ("DR-PSAMF").)

The Court uses the parties' proposed facts and responses as follows. Where one side admits a proposed fact, the Court accepts it as undisputed for purposes of this Motion and cites only the proposed fact. Where one side denies a proposed

---

[1] Plaintiff proposes seventy-seven (77) additional material facts. (See PSAMF.) In an Order [10] dated September 29, 2022, the Court limited the parties to fifty (50) numbered facts consisting of one sentence each. PSAMF does not comply with this Order. Nevertheless, the Court exercises its discretion to consider all of plaintiff's proposed facts; the Court further notes that defendant responded substantively to every proposed additional fact without asserting an objection to plaintiff's failure to abide by the Court-imposed limitation.

fact, the Court reviews the record cited and determines whether a fact dispute exists. If the denial is without merit, and the record citation supports the proposed fact, then the Court deems it admitted and includes it herein. The Court excludes any proposed facts that are stated as issues or legal conclusions or which are immaterial. The Court sometimes modifies a proposed fact per the record cited or per the other party's response. Given the extensive duplication between the parties' proposed facts, the Court sometimes cites one party's proposal and includes the other party's using a see also signal. Finally, the Court considers all proposed facts in light of the standards for summary judgment, set out infra Part II.

**A. Plaintiff's Injury**

Matthew Batten was involved in a horrific motorcycle crash in 2014. (PSAMF ¶ 1.) The crash caused Mr. Batten to need dozens of surgeries to install hardware and screws throughout the right side of his body. (Id. ¶ 2.) Eventually, the injuries he suffered in the crash led to the amputation of Mr. Batten's right arm. (Id. ¶ 3.) He also has a neurostimulator implant for pain and walks with an altered gait. (Id. ¶¶ 4, 6.)

**B. Plaintiff's Hiring at Food City**

Food City is a retail supermarket grocery store chain. (DSMF ¶ 3.) Plaintiff began his employment with Food City in May 2019 as a part-time fuel clerk at its

store in Ooltewah, Tennessee. (Id. ¶ 1.)[2] At the time of his hire, plaintiff interviewed with several Food City representatives, including David Ellison, who was the Ooltewah Store Manager and is now a Senior Human Resource Specialist with Food City. (Id. ¶ 4.) Plaintiff's disability was apparent in that he does not have the use of one arm; this was discussed with him in terms of performing the essential job duties of the fuel clerk position. (Id. ¶ 5.)

As of July of 2021, plaintiff had transferred to the fuel clerk position at Food City's Store in Ringgold, Georgia. (DSMF ¶ 2.) From his hire date in May 2019 through his last day of work in 2021, plaintiff performed his job as a fuel clerk at various Food City locations in a satisfactory manner. (Id. ¶ 6.) During the almost three years that Mr. Batten worked for Food City, he was able to perform the essential functions of his position, but doing so caused him constant daily pain. (PSAMF ¶ 7.) Furthermore, performing the essential functions of his job put plaintiff at risk for falling and injuring himself because of the effects that his disabilities have on his ability to ambulate. (Id.) However, plaintiff did not use a cane or any other assistive device at work. (DSMF ¶ 8.)

---

[2] The Court excludes PSAMF ¶¶ 12-16 as immaterial because they relate to plaintiff's time at the Food City at Ooltewah or his transfer.

Parts of Mr. Batten's job with Food City were particularly painful to perform because of his condition. (PSAMF ¶ 8.) Mr. Batten's difficulty in performing some tasks of his job remained consistent during his employment with Food City. (Id. ¶ 10.) Because of his condition, Mr. Batten needed a job with a chair and the ability to sit down. (Id. ¶ 5.) Working as a fuel clerk in the fuel kiosk gave Mr. Batten the needed opportunity to sit or stand as needed for his condition. (Id. ¶ 11.)[3]

**C. Events of July 23, 2021**

On July 23, 2021, Mr. Batten reported to work at Food City in Ringgold with his service animal (a dog). (DSMF ¶ 9.)[4] Shortly after arriving to work that day, Mr. Batten met with Human Resources Coordinator Emily Hobbs and Store

---

[3] The Court excludes PSAMF ¶ 17, 28 and 38 as immaterial.

[4] Plaintiff denies the above proposed fact because he argues that the record cited fails to support it. (PR-DSMF ¶ 9.) Although the citation defendant provides (Batten Dep. [33] 65) is erroneous, plaintiff testified as defendant contends on the preceding page of that transcript. Moreover, that plaintiff showed up one day with a service animal may not have been a surprise to Food City. Mr. Batten submitted a request for a service animal with a company that trains them in early-2017, which was before he started working for defendant. (PSAMF ¶ 18, modified per record cited.) Ringgold Store Manager Gary Richards was aware that Mr. Batten was taking leave from work to obtain a service animal. (Id. ¶ 19.) Additionally, Mr. Batten informed defendant of his plan to return to work with his service animal after completing a training camp. (Id. ¶ 20.) The Court overrules defendant's materiality objections to PSAMF ¶¶ 18-20.

Case 22-0007 Document 65 Filed 12/20/23 Page 13 of 67

Manager Gary Richards. (Id. ¶ 10.)[5] Mr. Richards told plaintiff that he had never dealt with the issue of a service animal, and that he would need to get input from Human Resources on the protocol for allowing one at work. (Id. ¶ 12.) After this conversation, Mr. Batten worked without incident as a fuel clerk with his service animal present for seven days (July 23-25, 27, 30-31, and August 1, 2021). (PSAMF ¶¶ 56-57.)[6] Store Manager Richards could not think of any reason why it would be a problem for Mr. Batten, as the fuel clerk, to have his service animal with him in the kiosk. (Id. ¶ 55.)

### D. Meeting of August 6, 2021

On August 6, 2021, plaintiff met with David Ellison[7] and Store Manager Richards. (DSMF ¶ 14; see also PSAMF ¶ 21.) During this meeting, Mr. Ellison

---

[5] Plaintiff denies the above proposed fact because he contends that the record cited fails to support it. (PR-DSMF ¶ 10.) Although the citation defendant provides (Batten Dep. [33] 62) is erroneous, plaintiff testified as defendant contends on pages 65-66 of that transcript. In any event, this is not a material fact dispute, because the parties agree that plaintiff's conversation with Ms. Hobbs and Mr. Richards took place sometime after he reported to work with his service animal. (DSMF ¶ 11.)

[6] The Court overrules defendant's materiality objections to the above proposed facts asserted in DR-PSAMF ¶¶ 56-57. The Court excludes PSAMF ¶ 58 as unsupported by the record cited and immaterial.

[7] Mr. Ellison was a Senior Human Resources Specialist, but had been the Manager of the Food City store where plaintiff initially worked. (DSMF ¶ 13.)

asked Mr. Batten about his ability to do his job. (PSAMF ¶ 22.) Mr. Batten advised Messrs. Ellison and Richards that his concerns and need for the service animal were isolation, stability, anxiety, and being there for stability to help him get up if he fell. (DSMF ¶ 15; see also PSAMF ¶ 23.) Mr. Batten told Mr. Ellison that he had fallen "maybe five times" while at work because of the stability issues caused by the extensive hardware in the right side of his body. (PSAMF ¶ 24; see also id. ¶ 9.) Mr. Batten added that his service animal can detect when he is beginning to have a "lock down panic attack" and can assist him with that. (Id. ¶ 25.)[8] He explained that his service animal provided stability to prevent falls and was also there to help him get back up if necessary. (Id. ¶¶ 26-27.)

Nevertheless, Mr. Batten also advised these gentlemen that he still had the ability to perform the same job he had been performing. (DSMF ¶ 17.) Plaintiff subsequently testified that nothing about his ability to perform his job at Food City

---

[8] Defendant objects to the above proposed fact because plaintiff did not testify about panic attacks in his deposition. (DR-PSAMF ¶ 25.) However, unless an affidavit or declaration contradicts prior deposition testimony without explanation, the Court cannot exclude it. See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."). Thus, the Court overrules the objection.

changed in 2021. (Id. ¶ 16.) Indeed, at all times during his employment, plaintiff was capable of performing the essential functions of the job of a fuel clerk. (Id. ¶ 7.)[9] At the conclusion of the August 6, 2021 meeting, Food City took Mr. Batten off work pending further investigation and discussion regarding his request. (Id. ¶ 18.)

### E. Food City's Decision to Deny Plaintiff's Request

Food City made the decision to deny Mr. Batten's request for use of his service animal between August 6 and August 12, 2021. (PSAMF ¶ 29.) The decisionmaker was Donnie Meadows, then Food City's Vice President of Human Resources. (DSMF ¶ 30; see also PSAMF ¶¶ 45, 47.)[10] Mr. Meadows elected to discuss alternatives with Mr. Batten and move forward with an accommodation for him other than a service animal. (DSMF ¶ 31.) Mr. Meadows testified that the reason he denied plaintiff use of his service animal was that Food City "could meet the need that Mr. Batten had requested assistance to through another

---

[9] The Court overrules plaintiff's objection (see PR-DSMF ¶ 7) because the fact stated is supported by the record cited.

[10] Mr. Meadows was in charge of Food City's Human Resources Department and responsible for the company's compliance with federal laws and regulations. (PSAMF ¶ 46.) He served in this position until his retirement on August 27, 2021. He was succeeded by Sherrill Lyon, who was the Director of Human Resources during plaintiff's employment. (DSMF ¶¶ 28-29.)

accommodation." (PSAMF ¶ 53.) In other words, defendant was willing to provide plaintiff with an accommodation, but not one that included a service animal. (DSMF ¶ 34.)[11] The defendant believed that offering plaintiff a USCAN position could have met plaintiff's expressed need for stability. (PSAMF ¶ 68.) In that position, plaintiff could assist customers in the self-check-out lines. (DSMF ¶ 20). However, Food City never got to explore that alternative because plaintiff would only accept an accommodation that included his service animal. (DR-PSAMF ¶ 68.)

Mr. Meadows admitted that Mr. Batten was a "qualified employee" under Food City's ADA policy. (PSAMF ¶ 48.) Under that policy, Food City provides reasonable accommodation to disabled employees when it does not cause any undue hardship on the company. (Id. ¶ 59.) Mr. Meadows also testified that a "qualified employee" was "eligible for a reasonable accommodation if there was a need." (Id. ¶ 49.) Food City agreed that, if Mr. Batten thought the use of his service

---

[11] Plaintiff objects to the above proposed fact in part because the accommodation offered (i.e., the USCAN position) would not have accommodated his needs. (PR-DSMF ¶ 34.) That may be true, but the undisputed fact is that Food City never got to the next step, which would have included offering plaintiff modifications to the USCAN position (such as use of a cane or stool), because he made clear that he would only accept an accommodation that allowed him to bring his service animal to work. (See infra Part I. F.)

animal was an appropriate accommodation, then Food City considered it to be an appropriate accommodation. (Id. ¶ 60.) Moreover, Food City did not believe that Mr. Batten was falsifying his need for an accommodation. (Id. ¶ 62.) Food City further agreed that Mr. Batten's having worked at his job for over two years without an accommodation did not make him ineligible for an accommodation, and his having worked without accommodation was not the reason it denied his request. (Id. ¶¶ 63-64.)

Neither Mr. Meadows nor anyone else at Food City made the determination that Mr. Batten's use of a service animal would constitute any burden on Food City, undue or otherwise. (PSAMF ¶¶ 50-51, 54.) In fact, Mr. Meadows stated that he had absolutely no problem with Mr. Batten's use of his service animal. (Id. ¶ 52.) Food City understood that Mr. Batten's request for a service animal pertained to his disability related to his anxiety, isolation, and stability. (Id. ¶ 65.) Food City further understood that any proposed accommodation would need to address Mr. Batten's anxiety, isolation, and stability. (Id. ¶ 66.) Food City had no reason to doubt that Mr. Batten's service animal helped him with his anxiety, isolation, and stability. (Id. ¶ 67.)[12]

---

[12] The Court excludes PSAMF ¶ 61 as an inappropriate legal conclusion.

### F. Meeting of August 12, 2021

Messrs. Ellison and Richards met with plaintiff a second time on August 12, 2021, at which point Mr. Ellison told plaintiff that his request to have his service animal at work was denied. (PSAMF ¶¶ 30-31; see also DSMF ¶ 32.) These Food City managers discussed with plaintiff the alternative accommodation of the position of a USCAN cashier inside the store. (DSMF ¶ 19; see also PSAMF ¶ 32.)[13] In response to the offer of the USCAN cashier position, Mr. Batten told Mr. Ellison that he has screws and hardware throughout the right side of his body as well as Complex Regional Pain Syndrome. (PSAMF ¶ 34.) Mr. Batten also told

[13] The duties of a USCAN cashier generally are to make sure store customers in the self-check-out lines are getting checked out right and to review identification if customers buy alcohol. (DSMF ¶ 20.) Plaintiff contends that the USCAN position did not accommodate his instability issues because without modification, the employee stands without use of a chair or stool. (PSAMF ¶¶ 33, 39, 69.) The Court agrees that PSAMF ¶ 33 is an inappropriate legal conclusion. (DR-PSAMF ¶ 33.) Nevertheless, even if the Court considered it, any dispute is immaterial, because Food City could have offered plaintiff the chance to perform the USCAN position using a cane or a stool. (DSMF ¶ 21.) However, Food City never made that offer (PSAMF ¶¶ 42-43, 70) because, as discussed infra, plaintiff refused to accept any job that did not include the presence of his service animal. (DR-PSAMF ¶¶ 42-43, 70.) The Court excludes PSAMF ¶ 44 as unsupported by the record cited; the Court further excludes PSAMF ¶¶ 71 and 76 as immaterial. Finally, the Court excludes PSAMF ¶ 77 (which is based on plaintiff's Affidavit [42-1] ¶ 18) because it contravenes his deposition testimony that he was able to perform the essential functions of his job without a service animal.

Case 4:22-cv-00179-WMR Document 61 Filed 08/22/23 Page 19 of 56

Mr. Ellison that, given his physical condition, "standing for an extended period of time doesn't work." (Id. ¶¶ 35, 41; see also PSAMF ¶ 40.) Mr. Batten added that he could not physically perform the USCAN cashier position. (DSMF ¶ 36.)

During this August 12 meeting, plaintiff made clear to Messrs. Ellison and Richards that, regardless of the job to which he was assigned and whether it was in-store or out of the store, his service animal was going to be there. (DSMF ¶ 22.) Indeed, plaintiff stated that he would not accept any accommodation or position that did not include bringing the service animal to work with him. (Id. ¶ 23.) Plaintiff subsequently testified that there would not have been any accommodation that Food City could have offered that would have been acceptable that did not include the service animal being present. (Id. ¶ 24.) Plaintiff also testified that he made it clear to Messrs. Ellison and Richards that there was no type of job that Food City could offer that would be acceptable to him that did not include the service animal being present. (Id. ¶ 25.) Plaintiff was "just not open to any solution other than the service animal" and effectively gave Food City an ultimatum that he either brought his service animal to work or he would not be at work. (Id. ¶ 26,

33.)[14] Before the August 12, 2021 meeting ended, Mr. Batten told Mr. Ellison, "I guess, at this time, I have to wait for whatever you guys come up with . . . ." (PSAMF ¶ 37.)[15]

### G. Meeting of August 18, 2021

On August 18, 2021, Mr. Ellison met with plaintiff along with Bryan Wattenbarger. (DSMF ¶ 35.) Mr. Ellison asked plaintiff to reconsider reassignment to the USCAN cashier position, which he declined. (Id. ¶ 36.) Plaintiff again advised Food City that he would not work at any position without his service animal present. (Id. ¶ 37.) As of August 18, 2021, Food City placed plaintiff on a leave of absence, the purpose of which was to allow him time to reconsider and engage in further discussion with Food City to identify other alternatives that would meet his needs besides the service animal, such as the

---

[14] Although plaintiff objects to the defendant's use of the word "ultimatum" (see PR-DSMF ¶¶ 26, 33; see also PSAMF ¶ 40), that is effectively what occurred. Thus, the Court deems DSMF ¶¶ 26 and 33 admitted. The Court also overrules plaintiff's evidentiary objections to the above-stated proposed facts. The Court excludes DSMF ¶ 27 as unsupported by the record cited.

[15] The Court overrules defendant's materiality objection to this proposed fact. (See DR-PSAMF ¶ 37.)

USCAN position. (Id. ¶ 38.) Food City informed Mr. Batten that he could not return to work with his service animal. (PSAMF ¶ 72.)

### H. Plaintiff's Termination

At some point after the August 18, 2021 meeting, Mr. Batten called Store Manager Richards to ask if he could return to work with his service animal. (PSAMF ¶ 73.) Mr. Richards told Mr. Batten that he could not. (Id. ¶ 74.) Food City terminated Mr. Batten's employment effective February 14, 2022 for failing to return to work after the leave of absence was exhausted. (Id. ¶ 75; see also DSMF ¶¶ 39-40.)

## II. SUMMARY JUDGMENT STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." Rice-Lamar v. City of Fort Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Those materials may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the

motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If in response the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. Rice-Lamar, 232 F.3d at 840. "In determining whether genuine issues of material fact exist, [the Court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." Id. (citing Anderson, 477 U.S. at 255).

In deciding a summary judgment motion, the court's function is not to resolve issues of material fact, but rather to determine whether there are any such issues to be tried. Anderson, 477 U.S. at 250. The applicable substantive law will

identify those facts that are material. Id. at 248. Facts that are disputed, but which do not affect the outcome of the case, are not material and thus will not preclude the entry of summary judgment. Id. Genuine disputes are those in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. For factual issues to be "genuine," they must have a real basis in the record. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). When the record as a whole could not lead a rational trier of fact to find for the non-movant, there is no "genuine issue for trial." Id. at 587 (citing First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

## III. DISCUSSION

The Complaint alleges disability discrimination under the ADA based on defendant's failure to provide reasonable accommodation. The Complaint also alleges that defendant retaliated against plaintiff after he requested reasonable accommodation by terminating his employment. The Court considers these claims separately below.

### A. Plaintiff's Motion for Hearing

As a preliminary matter, plaintiff filed an unopposed Motion for Hearing [52] on defendant's Motion for Summary Judgment. Unless ordered otherwise, motions filed in this Court "will be decided by the Court without oral hearing[.]"

N.D. Ga. Civ. R. 7.1(E). Oral argument is unnecessary if the parties' briefs sufficiently address the issues raised in a motion. Ahmed v. Kifle, No. 1:12-CV-02697-SCJ, 2015 WL 11182482, at *4 (N.D. Ga. June 5, 2015); see also Varsity Carpet Servs., Inc. v. Richardson, 146 B.R. 881, 884 (N.D. Ga. 1992), aff'd sub nom. In re Colortex Indus., Inc., 19 F.3d 1371 (11th Cir. 1994).

Here, oral argument on summary judgment is unnecessary because the parties' briefs sufficiently address the issues at hand. Plaintiff's Motion for Hearing is therefore **DENIED**.

**B. Plaintiff Fails to Establish a Disability Discrimination Claim**

A disability discrimination claim may be asserted for either disparate treatment or failure to accommodate (or both). Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1261-62 (11th Cir. 2007).[16] "Disparate treatment involves discriminatory animus or intent and occurs when a disabled individual is treated differently than a non-disabled or less disabled individual because of his disability."

[16] The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A).

Case 4:22-cv-00179-WMR Document 53 Filed 08/25/23 Page 18 of 35

Nadler v. Harvey, No. 06-12692, 2007 WL 2404705, at *4 (11th Cir. Aug. 24, 2007) (citing 42 U.S.C. § 12112(b)) (unpublished). "By contrast, a failure to make reasonable accommodation claim requires no animus and occurs when a covered entity fails to fulfill its affirmative duty to 'mak[e] reasonable accommodation to the known physical or mental limitations of an otherwise qualified [individual] with a disability' without demonstrating that 'the accommodation would impose an undue hardship on the operation of the business.'" Id. (quoting 42 U.S.C. § 12112(b)(5)).

Plaintiff makes a failure to accommodate claim here. "To establish a *prima facie* claim for failure to accommodate, [plaintiff] must show that (1) []he is disabled; (2) []he was a 'qualified individual' at the relevant time, meaning []he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) []he was discriminated against by way of the defendant's failure to provide a reasonable accommodation." Solloway v. Clayton, 738 F. App'x 985, 987 (11th Cir. 2018) (per curiam) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001)).[17] If a plaintiff establishes

---

[17] When a plaintiff contends that his employer failed to accommodate his disability, the McDonnell Douglas burden-shifting framework adopted from Title

all three elements of his prima facie case, then the burden shifts to the employer to prove that the plaintiff's requested accommodation imposes an undue hardship. Terrell v. USAir, 132 F.3d 621, 624 (11th Cir. 1998).

The parties only dispute element three of the prima facie case. As noted above, element three requires Mr. Batten to show that he was discriminated against by way of Food City's failure to provide a reasonable accommodation. Solloway, 738 F. App'x at 987. "What constitutes a reasonable accommodation depends on the circumstances, but it may include 'job restructuring, part-time or modified work schedules, [and] reassignment to a vacant position' among other things." Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016) (quoting 42 U.S.C. § 12111(9)(B)).[18] Thus, the ADA requires at least (1) modification of the particular job performed by the employee, or (2) reassignment to another job that can be

---

VII cases is inapplicable. See Nadler, 2007 WL 2404705, at *8 ("[A]pplying *McDonnell Douglas* to reasonable accommodation cases would be superfluous, since there is no need to prove discriminatory motivation.").

[18] The duty imposed by § 12111(9)(B) of the ADA is reinforced in the regulations. See 29 C.F.R. § 1630.2(o)(2)(ii) ("Reasonable accommodation may include but is not limited to . . . . Job restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modifications of equipment or devices; appropriate adjustment or modifications of examinations, training materials, or policies; the provision of qualified readers or interpreters; and other similar accommodations for individuals with disabilities.").

performed with or without the first type of accommodation. 42 U.S.C. § 12111(9)(B). A plaintiff bears the burden of identifying his reasonable accommodation, and of demonstrating that the accommodation allows him to perform the essential functions of the job. Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1286 (11th Cir. 1997).[19]

**1. Was Food City Required to Accommodate Plaintiff?**

Food City contends that, because it is undisputed that Mr. Batten could perform the essential functions of his job, he did not require an accommodation of any kind; therefore, it has no liability under the ADA. Defendant cites long-standing Eleventh Circuit precedent in support of its contention. (See Def.'s Reply Br. [51] 3, citing, e.g., LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 835 (11th Cir. 1998) ("An 'accommodation' is 'reasonable'—and, therefore, required

[19] The ADA also provides that reasonable accommodation may include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities[.]" 42 U.S.C. § 12111(9)(A); see also 29 C.F.R. § 1630.2(o)(2)(i) ("Reasonable accommodation may include but is not limited to: (i) Making existing facilities used by employees readily accessible to and usable by individuals with disabilities[.]"). This separate accommodation duty is not at issue here.

under the ADA—only if it enables the employee to perform the essential functions of her job.") (quoting 29 C.F.R. § 1630.2(o)(2)(ii)).[20]

Food City's initial Brief [31] cites and discusses one of the Circuit's more recent restatements of that precedent: D'Onofrio v. Costco Wholesale Corp., 964 F.3d 1014 (11th Cir. 2020), cert. denied, 141 S. Ct. 1435 (2021). In that case, the Circuit wrote as follows: "[I]f an employee does not require an accommodation to perform h[is] essential job functions, then the employer is under no obligation to make an accommodation, even if the employee requests an accommodation that is reasonable and could be easily provided." Id. at 1022 (citations omitted). Given that language, Food City writes as follows: "Under applicable Eleventh Circuit authority, the Plaintiff's request to work with his service dog was not a reasonable and required accommodation under the ADA because it was not necessary in order for Plaintiff to perform the essential functions of the fuel clerk position." (Def.'s Br. [31] 12.)

Although plaintiff seeks to distinguish D'Onofrio (see Pl.'s Mem. [42] 15-18), it is difficult to overcome the clear language of Willis and LaChance and cases

[20] The Eleventh Circuit expressed this exact sentiment a year earlier in Willis v. Conopco, Inc., 108 F.3d 282, 284 (11th Cir. 1997) (per curiam).

like D'Onofrio which apply that language. Nevertheless, in a panel opinion issued on May 24, 2023, after briefing ended in this case, a panel of the Circuit criticized D'Onofrio and its line of cases in Beasley v. O'Reilly Auto Parts, 69 F.4th 744 (11th Cir. 2023). However, a careful reading of Beasley shows that it fails to help Mr. Batten overcome the D'Onofrio line of cases.

The employer in Beasley argued that the plaintiff's claim failed because the accommodations he requested were not necessary for him to be able to perform any essential job functions. 69 F.4th at 756. Given the aforementioned language from the Eleventh Circuit (i.e., Willis, LaChance, and D'Onofrio), the district judge agreed that Mr. Beasley had to show that his requested accommodations served an essential job function, and concluded that none of them did. Accordingly, summary judgment issued for the employer. Id.

On appeal, the Beasley panel made the following observations:

> When faced with the question of whether an ADA plaintiff was a "qualified individual" under 42 U.S.C. § 12112(a), we have sometimes made broad statements that "[a]n accommodation is 'reasonable' *and necessary* under the ADA *only if* it enables the employee to perform the essential functions of the job." Lucas [v. W.W. Grainger, Inc.], 257 F.3d [1249], 1259-60 [(11th Cir. 2001)] (emphasis added); see also LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 835 (11th Cir. 1998) ("An accommodation is reasonable—and, therefore, required under the ADA—only if it enables the employee to perform the essential functions of the job.") (quotation marks omitted). And in a case where the employer

> provided all the accommodations that were required under the ADA, we said that "if an employee does not require an accommodation to perform her essential job functions, then the employer is under no obligation to make an accommodation." D'Onofrio, 964 F.3d at 1022.
>
> Those statements about essential job functions in those three decisions are expansive, but they are necessarily tethered to the facts of those cases. That is important because "whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 762 (11th Cir. 2010) (quotation marks omitted); see also id. ("Statements in an opinion that are not fitted to the facts, or that extend further than the facts of that case, or that are not necessary to the decision of an appeal given the facts and circumstances of the case, are dicta. We are not required to follow dicta in our own prior decisions.") (citations and quotation marks omitted).

Beasley, 69 F.4th at 756-57 (footnote omitted).

The Beasley panel then discussed the three cases mentioned in the first paragraph quoted above (i.e., LaChance, Lucas, and D'Onofrio), and found that the language relied upon by that defendant from those cases which undercut the plaintiff's case was mere dicta that it did not have to follow. Beasley, 69 F.4th at 758-60. Accordingly, the Beasley panel held that, "[t]o the extent that those three opinions' broad statements about essential job functions go beyond the facts of those cases, we are not bound by those statements." Id. at 760.

The concurrence in Beasley recognized, however, that at least with regard to the Lucas opinion, the language the panel sought to ignore was not dicta. Beasley,

69 F.4th at 761-62 (Luck, J., concurring). In fact, Judge Luck stated the obvious: "Lucas continues to bind us until the en banc court or the Supreme Court tells us otherwise." Id. at 762. He nonetheless joined the majority opinion. Id.

The Beasley panel also sought to buttress its rejection of LaChance, Lucas, and D'Onofrio in a footnote by citing three opinions from other Circuits, which it asserts "addressed the issue head-on [and] held that the statutory text and its implementing regulations do not require a plaintiff to show a connection between a reasonable accommodation and the essential functions of his jobs." Beasley, 69 F.4th at 757 n.9. The Beasley panel cited three cases in that footnote: Hill v. Assocs. For Renewal in Educ., Inc., 897 F.3d 232, 239 (D.C. Cir. 2018); Feist v. La. Dep't of Just., 730 F.3d 450, 452-53, 454 (5th Cir. 2013); and Sanchez v. Vilsack, 695 F.3d 1174, 1182 (10th Cir. 2012). Beasley, 69 F.4th at 757 n.9.

Review of the three cases cited by the panel shows, however, that two of them are inapposite. Feist did not address this issue head on. Instead, the plaintiff there sought a reserved parking space as an accommodation under 42 U.S.C. § 12111(9)(A). The Fifth Circuit reversed the entry of summary judgment because "the requested reserved on-site parking would presumably have made her workplace 'readily accessible to and usable' by her, and therefore might have been a potentially reasonable accommodation pursuant to § 12111(9)(A)." Feist, 730

F.3d at 453. Mr. Batten seeks an accommodation under a different ADA provision—42 U.S.C. § 12111(9)(B). See supra note 19 and accompanying text.

In Sanchez the plaintiff sought a transfer to a different city under the Rehabilitation Act of 1973, which allows transfer as a reasonable accommodation. 695 F.3d at 1180. ADA authority is contrary. See Lewis v. Zilog, Inc., 908 F. Supp. 931, 947 (N.D. Ga. 1995) (transfer to California is not a reasonable accommodation under the ADA as a matter of law).[21] Thus, at best only the Hill decision from the District of Columbia Circuit supports the Beasley panel's statement in its footnote 9.

In any event, even if all three of those cases from other Circuit Courts of Appeals support the Beasley panel's decision, the extant Eleventh Circuit law is to the contrary. Although the Beasley panel downplayed the decisions in LaChance, Lucas, and D'Onofrio, the undersigned's research has uncovered an additional 34 Eleventh Circuit opinions (and scores of district court opinions which are not cited in the following footnote) which have cited and discussed the language that the

---

[21] The ADA lists reassignment to a vacant position, not transfer to a different city, as a possible reasonable accommodation. See, e.g., 29 C.F.R. § 1630.2(o)(2)(ii) ("Reasonable accommodation may include but is not limited to: . . . reassignment to a vacant position . . . .").

Beasley panel calls dicta.[22] Although some of these opinions are unpublished, they are still persuasive. See 11th Cir. R. 36-2 ("Unpublished opinions are not

---

[22] **(1)** Belgrave v. Publix Super Mkt., Inc., No. 22-13021, 2023 WL 3477790, at *2 (11th Cir. May 16, 2023) (per curiam); **(2)** Edwards v. WellStar Med. Grp., LLC, No. 20-13866, 2022 WL 3012297, at *6 (11th Cir. July 29, 2022) (per curiam); **(3)** Owens v. Governor's Off. of Student Achievement, 52 F.4th 1327, 1335 (11th Cir. 2022); **(4)** Bosarge v. Mobile Area Water & Sewer Serv., No. 20-14298, 2022 WL 203020, at *7 (11th Cir. Jan. 24, 2022) (per curiam); **(5)** Sevillano v. Bd. of Cnty. Comm'rs, Orange Cnty., Fla., No. 21-12003, 2022 WL 2352222, at *2 (11th Cir. June 29, 2022) (per curiam); **(6)** Thomas v. Cobb Cnty. Sch. Dist., No. 21-11325, 2021 WL 5098767, at *2 (11th Cir. Nov. 2, 2021) (per curiam); **(7)** Barneman v. Int'l Longshoreman Ass'n Loc. 1423, 840 F. App'x 468, 478 (11th Cir. 2021) (per curiam); **(8)** Ryerson v. Jefferson Cnty. Comm'n, No. 20-14684, 2021 WL 3629906, at *1 (11th Cir. Aug. 17, 2021) (per curiam); **(9)** Kassa v. Synovus Fin. Corp., 800 F. App'x 804, 809 (11th Cir. 2020) (per curiam); **(10)** Goldberg v. Fla. Int'l Univ., 838 F. App'x 487, 492 (11th Cir. 2020) (per curiam); **(11)** Salem v. City of Port St. Lucie, 788 F. App'x 692, 694 (11th Cir. 2019) (per curiam); **(12)** Danielle-DiSerafino v. Dist. Sch. Bd. of Collier Cnty., Fla., 756 F. App'x 940, 943 (11th Cir. 2018) (per curiam); **(13)** Solloway, 738 F. App'x at 987; **(14)** Morris-Huse v. GEICO, 748 F. App'x 264, 266 (11th Cir. 2018) (per curiam); **(15)** Snead v. Fla. Agric. & Mech. Univ. Bd. of Trustees, 724 F. App'x 842, 847 (11th Cir. 2018) (per curiam); **(16)** Agee v. Mercedes-Benz U.S. Int'l, Inc., 646 F. App'x 870, 874 (11th Cir. 2016) (per curiam); **(17)** Abram v. Fulton Cnty. Gov't, 598 F. App'x 672, 677 (11th Cir. 2015) (per curiam); **(18)** Duble v. FedEx Ground Package Sys., Inc., 572 F. App'x 889, 894 (11th Cir. 2014) (per curiam); **(19)** Siudock v. Volusia Cty. Sch. Bd., 568 F. App'x 659, 663 (11th Cir. 2014) (per curiam); **(20)** Smith v. Sturgill, 516 F. App'x 775, 776 (11th Cir. 2013) (per curiam); **(21)** Galloway v. Aletheia House, 509 F. App'x 912, 913 (11th Cir. 2013) (per curiam); **(22)** Gilliard v. Ga. Dep't of Corr., 500 F. App'x 860, 868 (11th Cir. 2012) (per curiam); **(23)** Ivey v. First Quality Retail Serv., 490 F. App'x 281, 285 (11th Cir. 2012) (per curiam); **(24)** Knowles v. Sheriff, 460 F. App'x 833, 835 (11th Cir. 2012) (per curiam); **(25)** Cremeens v. City of Montgomery, Ala., 427 F. App'x

considered binding precedent, but they may be cited as persuasive authority."); accord Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

It is safe to say that the language the Beasley panel rejected as dicta is part of the Eleventh Circuit's ADA "boilerplate" addressing an employer's reasonable accommodation duty. It is cited again and again. The undersigned respectfully submits that the Beasley panel's decision to ignore not just three, but 34 other Eleventh Circuit opinions as dicta, is incorrect. As the concurrence in Beasley made clear, at a minimum, Lucas still governs this case until the Eleventh Circuit en banc or the Supreme Court direct otherwise. Beasley, 69 F.4th at 762 (Luck, J.,

---

855, 857 (11th Cir. 2011) (per curiam); **(26)** Anderson v. Embarq/Sprint, 379 F. App'x 924, 927 (11th Cir. 2010) (per curiam); **(27)** McKane v. UBS Fin. Servs., Inc., 363 F. App'x 679, 681 (11th Cir. 2010) (per curiam); **(28)** Wofsy v. Palmshores Ret. Cmty., 285 F. App'x 631, 633 (11th Cir. 2008) (per curiam); **(29)** Schwarz v. City of Treasure Island, 544 F.3d 1201, 1220-21 (11th Cir. 2008); **(30)** Novella v. Wal-Mart Stores, Inc., 226 F. App'x 901, 903 (11th Cir. 2007) (per curiam); **(31)** Holly, 492 F.3d at 1256; **(32)** Bishop v. Ga. Dep't of Fam. & Child. Servs., No. 04-16695, 2006 WL 572031, at *4 (11th Cir. Mar. 10, 2006) (per curiam); **(33)** Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000) (per curiam); and **(34)** Willis, 108 F.3d at 284.

Case 4:22-cv-00179-WMR Document 51 Filed 12/20/22 Page 28 of 57

concurring). Because neither event has occurred, the undersigned must apply Lucas and its progeny (like D'Onofrio) in this case.

Given this lengthy discussion, the Court restates the aforementioned rule of law from Willis, LaChance, and Lucas as articulated in D'Onofrio: "[I]f an employee does not require an accommodation to perform h[is] essential job functions, then the employer is under no obligation to make an accommodation, even if the employee requests an accommodation that is reasonable and could be easily provided." D'Onofrio, 964 F.3d at 1022.

In this case, the undisputed material facts show that Mr. Batten could perform the essential functions of his job without reasonable accommodation. (DSMF ¶¶ 6, 16-17.) In other words, he did not require an accommodation to perform his essential job functions. Therefore, Food City was under no obligation to make an accommodation even if the accommodation requested—assistance of a service animal—was reasonable and could be easily provided. "Put another way, because [Mr. Batten] was already capable of doing the job, []he did 'not require an accommodation to perform h[is] essential job functions' and [the employer] was thus 'under no obligation to make an accommodation.'" Edwards, 2022 WL 3012297, at *7 (quoting D'Onofrio, 964 F.3d at 1022). Because plaintiff cannot establish element three of a prima facie disability discrimination case, the

undersigned **RECOMMENDS** that summary judgment be **GRANTED** for defendant on plaintiff's failure to accommodate claim. See Pace v. S. Ry. Sys., 701 F.2d 1383, 1391 (11th Cir. 1983) (failure to establish a prima facie case warrants entry of summary judgment).

### 2. Assuming Food City Owed Plaintiff Reasonable Accommodation, Did He Cause a Breakdown in the Process?

As noted above, the undersigned reports that Food City owed plaintiff no reasonable accommodation. Therefore, summary judgment should be entered against Mr. Batten's ADA failure to accommodate claim. If, however, the presiding District Judge disagrees with that report, then the undersigned examines whether the undisputed material facts show that plaintiff failed to do his part in the interactive accommodation process.

The ADA's regulations state that an employer may in some circumstances need to "initiate an informal, interactive process" with a disabled employee to determine the appropriate reasonable accommodation. 29 C.F.R. § 1630.2(o)(3). "Therefore, when an employee triggers an employer's accommodation duties, the employer must expend time and expense to explore the universe of reasonable accommodations, identify one that is mutually agreeable to the parties, and implement it." Owens, 52 F.4th at 1335. "An employee with a disability is not

entitled to the accommodation of his choice, but only to a reasonable accommodation." McKane, 363 F. App'x at 681. "The key is 'reasonability,' meaning an employer is not required to accommodate an employee in *any* manner that the employee desires—or even provide that employee's preferred accommodation." D'Onofrio, 964 F.3d at 1022. There is no basis for imposing liability where any failure in the interactive process is attributable to the plaintiff. Gee, 818 F.3d at 1257; see also Stewart, 117 F.3d at 1287 ("Liability simply cannot arise under the ADA when an employer does not obstruct an informal interactive process; makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses; and the employee's actions cause a breakdown in the interactive process.").

In this case, the undisputed material facts show that plaintiff caused a breakdown in the interactive process. During the August 12, 2021 meeting with Messrs. Ellison and Richards, plaintiff made clear that he would accept no accommodation that did not include the presence of his service animal. He reaffirmed that position in his deposition, where he testified that there would not have been any accommodation that Food City could offer that would be acceptable to him if it did not include the presence of his service animal. (See DSMF ¶¶ 22-26, 36-37.) Plaintiff's ultimatum stopped the interactive process; thus, Food City

never got to the point of discussing with plaintiff how it could modify the USCAN position it had offered by allowing him use of a cane or stool. By refusing to consider any options other than the one he desired, plaintiff failed to engage in the interactive process and precluded Food City from considering with him the "universe of reasonable accommodations[.]" Owens, 52 F.4th at 1335.

This case is not unlike Stewart, where the employer offered accommodations, but the plaintiff refused to engage in the interactive process. Stewart, 117 F.3d at 1286-87. Instead, the plaintiff "simply demanded that [her employer] capitulate and provide a thirty minute paid break for her and all of her coworkers." Id. at 1287. Likewise, Mr. Batten simply demanded that Food City capitulate and allow him to bring his service animal to work. In such a scenario, Food City has no liability. See Knowles, 460 F. App'x at 835 (under Stewart, an employee who "simply demanded that the employer grant her demands" failed to engage in the interactive process); see also Jones v. Ga. Dep't of Corr., No. 1:07-CV-1228-RLV, 2008 WL 779326, at *7 (N.D. Ga. Mar. 18, 2008) (granting summary judgment for employer because the process of identifying a reasonable accommodation stopped because of what the plaintiff did, not because of any action taken by the employer).

Given these undisputed material facts, the undersigned **RECOMMENDS** that summary judgment be entered for defendant on plaintiff's failure to

accommodate claim because his demand for use of his service animal caused the breakdown in the interactive process. See Hoskins v. City of Atlanta, No. 1:15-CV-00508-AT-CMS, 2018 WL 7075598, at *6 (N.D. Ga. Jan. 26, 2018) ("The undisputed evidence reveals that it was Plaintiff, not Deputy Chief Meadows, who caused the breakdown in the interactive process. As such, there is no basis for imposing liability on the City for failing to engage in an interactive process to identify accommodations.").

**C. Plaintiff Cannot Establish a Prima Facie Retaliation Case**

Plaintiff's retaliation claim is analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Todd v. Fayette Cnty. Sch. Dist., 998 F.3d 1203, 1219 (11th Cir. 2021). To establish a prima facie retaliation case, plaintiff must show that: (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse employment action; and (3) there was some causal connection between the two events. Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). If the plaintiff establishes a prima facie case, then the employer must articulate a legitimate, nondiscriminatory reason for the challenged action. Wascura v. City of S. Miami, 257 F.3d 1238, 1242 (11th Cir. 2001). If the employer does so, then the presumption of retaliation

is eliminated, and the plaintiff has the opportunity to present evidence that the offered reason is pretextual. Id. at 1243.

Plaintiff alleges that defendant terminated him in retaliation for requesting reasonable accommodation. However, there is no probative evidence that plaintiff was separated from employment because he sought accommodation. See Callahan v. Emory Healthcare, Inc., No. 1:18-CV-4856-WMR-JSA, 2021 WL 2483160, at *28 (N.D. Ga. Jan. 7, 2021) ("Plaintiff has failed to present any evidence suggesting that her request for an accommodation was a 'but for' cause of the reprimand."), R. & R. adopted, 2021 WL 732352 (N.D. Ga. Feb. 10, 2021), aff'd, No. 21-10541, 2021 WL 4461587 (11th Cir. Sept. 29, 2021). Instead, the undisputed material facts show that, after plaintiff informed Food City that he would only accept an accommodation that allowed him to use his service animal at work, Food City placed him on leave. The undisputed material facts further show that Food City terminated plaintiff's employment when he exhausted his leave and had not returned to work.

An additional reason for rejecting plaintiff's retaliation claim is that the facts supporting it are the same as those supporting his failure to accommodate claim. In this situation, the Circuit directs that a district court should not entertain a retaliation claim. See Gilliard, 500 F. App'x at 869 ("We have refused to address

a plaintiff's retaliation claims based on an employer's refusal to accommodate her where the described acts 'relate directly to her 'reasonable accommodation' discrimination claim, not her retaliation claim.'") (quoting Stewart, 117 F.3d at 1288).

The Eleventh Circuit adopted such a rule because it "recognized that different forms of discrimination claims may not be repackaged or 'reclothe[d] into other claims.'" Zalezhnev v. Wonderworld Montessori Acad. Corp., No. 20-10277, 2021 WL 4553019, at *3 (11th Cir. Oct. 5, 2021) (per curiam) (quoting Lucas, 257 F.3d at 1261). The Court will not consider plaintiff's retaliation claim because it is simply a repackaged failure to accommodate claim. Because the failure to accommodate claim failed, plaintiff's retaliation claim should fail as well. See Lucas, 257 F.3d at 1261 (recognizing that Lucas's asserted adverse action for both his retaliation and failure-to-accommodate claims was identical and failure in one was fatal to the other). In sum, for both of the above-stated reasons, the undersigned **RECOMMENDS** that summary judgment be **GRANTED** in defendant's favor on plaintiff's ADA retaliation claim.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the undersigned **DENIES** Plaintiff's Unopposed Motion for Hearing [52]; and

**RECOMMENDS** that Defendant's Motion for Summary Judgment [29] be **GRANTED**.

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO ORDERED and RECOMMENDED**, this 25th day of August, 2023.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

CHRISTOPHER MATTHEW BATTEN,

Plaintiff,

v.

K-VA-T FOOD STORES, INC., d/b/a FOOD CITY,

Defendant.

CIVIL ACTION FILE
NO. 4:22-cv-00179-WMR

**ORDER**

Before the Court is the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 53], which recommends that Defendant K-VA-T Food Stores, Inc.'s Motion for Summary Judgment [Doc. 29] be granted. Plaintiff Christopher Matthew Batten has filed Objections to the R&R [Doc. 55], and Defendant has filed a Response to Plaintiff's Objections [Doc. 56]. For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## I. Background

The relevant factual allegations in this case are set forth in the R&R and are incorporated by reference as if set forth fully herein. The Court has also reviewed for clear error the portions of the Magistrate Judge's findings of undisputed material

fact that Plaintiff did not file objections to. [Doc. 53 at 2–14]. Having found no error, the Court adopts those facts as the undisputed material facts for purposes of this Order and will separately discuss the objected-to facts in the Discussion section below. To provide background, the Court summarizes the case's relevant procedural history.

Plaintiff brought the instant action against Defendant, his former employer, alleging that Defendant violated the Americans with Disabilities Act ("ADA") by failing to provide him with a reasonable accommodation and by retaliating against him after he requested a reasonable accommodation by terminating his employment. [Doc. 1]. After discovery closed, Defendant filed the pending Motion for Summary Judgment, which argues that both Plaintiff's failure to accommodate claim and his retaliation claim should be dismissed. [Doc. 29]. The Magistrate Judge agreed and recommended that summary judgment be granted in Defendant's favor. [Doc. 53].

As to the failure to accommodate claim, the Magistrate Judge found that because Plaintiff could perform the essential functions of his job without an accommodation, Defendant was under no obligation to provide him with an accommodation. [*Id.* at 28]. Alternatively, the Magistrate Judge found that Plaintiff could not prevail on his failure to accommodate claim because he caused a breakdown in the interactive process with Defendant that prevented the parties from considering reasonable accommodations. [*Id.* at 29–32]. As to Plaintiff's retaliation

claim, the Magistrate Judge recommended dismissal because Plaintiff failed to present evidence showing that Defendant terminated his employment because he sought accommodation. [*Id.* at 33]. Additionally, the Magistrate Judge recommended dismissal because the retaliation claim is based on the same facts as his failure to accommodate claim. [*Id.* at 33–34]. Plaintiff has filed objections to the R&R, which the Court discusses below. [Doc. 55].

## II. Legal Standard

In reviewing an R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citations omitted). If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error." *Lattimore v. Bank of Am.*, N.A., 2014 WL 11456272, at *1 (N.D. Ga. Feb. 10, 2014), *aff'd sub nom. Lattimore v. Bank of Am. Home Loans*, 591 F. App'x 693 (11th Cir. 2015). As Defendant has filed timely objections to the R&R in this case, the Court reviews the challenged portions of the R&R de novo and the remainder of the R&R for clear error.

## III. Discussion

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper when the record evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if evidence suggests a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party carries the initial burden, then the burden shifts to the non-moving party to demonstrate that there is an issue of material fact that precludes summary judgment. *Id.* Then, summary judgment is only appropriate if the non-moving party fails to meet its burden of presenting evidence sufficient to create a genuine issue of material fact as to an essential element of its claim. *Celotex Corp.*, 477 U.S. at 323. On summary judgment, the Court views the evidence and any inferences that may be reasonably drawn in the

Case 4:22-cv-00179-WMR Document 67 Filed 12/28/23 Page 47 of 67

light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159 (1970).

A. Summary Judgment is Proper on Plaintiff's Failure to Accommodate Claim.

Plaintiff has filed several objections to the Magistrate Judge's findings related to his failure to accommodate claim. Before turning to those objections, a discussion of the Eleventh Circuit standard governing failure to accommodate claims is necessary.

"The ADA imposes upon employers the duty to provide reasonable accommodations for known disabilities unless doing so would result in undue hardship to the employer." *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1526 (11th Cir. 1997). To survive summary judgment, a plaintiff must produce evidence that "(1) she was a qualified individual with a disability; (2) she made a specific request for a reasonable accommodation; and (3) her employer . . . failed to provide a reasonable accommodation, or engage in the requisite interactive process in order to identify a reasonable accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020). In this case, there is no dispute that Plaintiff has satisfied the first two elements for purposes of summary judgment. [Doc. 31 at 9; Doc. 50 at ¶ 60]. Thus, the only remaining issue is whether Defendant failed to

provide Plaintiff a reasonable accommodation or failed to engage in an interactive process to identify a reasonable accommodation.

42 U.S.C. § 12111(9)(B) provides that a "reasonable accommodation" may include:

> job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

However, an employee is "not entitled to the accommodation of her choice, but only to a reasonable accommodation." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997) (quoting *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 947 (N.D. Ga. 1995)). "The key is 'reasonability,' meaning an employer is not required to accommodate an employee in *any* manner that the employee desires—or even provide that employee's preferred accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020).

To select an appropriate and reasonable accommodation, "it may be necessary for the [employer] to initiate an informal, interactive process with the individual . . . [to] identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). However, an employer is not liable for failure to accommodate when

it "does not obstruct an informal interactive process[,] makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses[,] and the employee's actions cause a breakdown in the interactive process." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Thus, "[u]nder the ADA, an employer will not be liable for failure to accommodate if the employee is responsible for the breakdown of the interactive process." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020).

Moreover, the Eleventh Circuit has historically held that "if an employee does not require an accommodation to perform her essential job functions, then the employer is under no obligation to make an accommodation, even if the employee requests an accommodation that is reasonable and could be easily provided." *D'Onofrio*, 964 F.3d at 1022; *see also Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) ("An accommodation can qualify as 'reasonable,' and thus be required by the ADA, only if it enables the employee to perform the essential functions of the job."). However, as the Magistrate Judge's R&R highlights, the Eleventh Circuit's recent panel opinion in *Beasley v. O'Reilly Auto Parts* calls this principle into question. 69 F.4th 744 (11th Cir. 2023). Specifically, the *Beasley* majority wrote:

> When faced with the question of whether an ADA plaintiff was a "qualified individual" under 42 U.S.C. § 12112(a), we have sometimes

Case 4:22-cv-00179-WMR Document 57 Filed 12/08/23 Page 8 of 21

> made broad statements that "an accommodation is 'reasonable' and necessary under the ADA only if it enables the employee to perform the essential functions of the job." *Lucas*, 257 F.3d at 1259–60 (emphasis added); *see also LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998) ("An accommodation is reasonable — and, therefore, required under the ADA — only if it enables the employee to perform the essential functions of the job.") (quotation marks omitted). And in a case where the employer provided all the accommodations that were required under the ADA, we said that "if an employee does not require an accommodation to perform her essential job functions, then the employer is under no obligation to make an accommodation." *D'Onofrio*, 964 F.3d at 1022.
>
> Those statements about essential job functions in those three decisions are expansive, but they are necessarily tethered to the facts of those cases. That is important because "whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010) (quotation marks omitted); *see also id.* ("Statements in an opinion that are not fitted to the facts, or that extend further than the facts of that case, or that are not necessary to the decision of an appeal given the facts and circumstances of the case, are dicta. We are not required to follow dicta in our own prior decisions.").

*Beasley*, 69 F.4th at 756–57. Nevertheless, the *Beasley* majority did little to settle the debate, summing up its opinion by saying: "So what do we hold about whether the ADA's requirement that an employer provide an employee with reasonable accommodations extends beyond those that will enable him to perform the essential functions of his job? Nothing, really. There is enough dicta on that subject already." *Id.* at 760.

Case 4:22-cv-00179-WMR Document 67 Filed 12/08/23 Page 51 of 67

Plaintiff's first and most fervent objection is that the Magistrate Judge erred in following the *D'Onofrio* line of cases[1] that hold that an employer is under no obligation to make an accommodation if an employee does not require an accommodation to perform his essential job functions. [Doc. 55 at 7–16]. The Magistrate Judge relied on this principle in finding that Plaintiff, who could perform the essential functions of his job without reasonable accommodation, was not entitled to any accommodation from Defendant. [Doc. 53 at 28–29]. Plaintiff specifically objects that the facts in each of the *D'Onofrio* line of cases are distinguishable from the facts of this case and that the Magistrate Judge erred by applying the principles in those cases here. [Doc. 55 at 9–16]. Plaintiff also objects that the R&R "dismisses" the *Beasley* opinion and that it "goes too far by impliedly adding that not only must the accommodation enable the employee to do his job, but he must be totally *unable* to perform the essential functions of his job without it." [*Id*. at 9, 16].

The Court acknowledges that the Magistrate Judge's recommendation is in tension with the Eleventh Circuit's *Beasley* opinion, which casts doubt on the *D'Onofrio* line of cases that hold that an employer is under no obligation to make an

[1] These four cases include: *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014 (11th Cir. 2020); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249 (11th Cir. 2001); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832 (11th Cir. 1998); and *Willis v. Conopco, Inc.*, 108 F.3d 282 (11th Cir. 1997).

accommodation if an employee does not require an accommodation to perform his essential job functions. Nevertheless, the *Beasley* opinion does not provide substantial guidance on this issue because it says "[n]othing, really" to settle the debate. *Beasley*, 69 F.4th at 760. In any event, because the Court finds that Plaintiff caused a breakdown in the interactive process in this case, the Court need not decide whether an employer is required to provide an accommodation when an employee can perform the essential functions of his job—albeit, with some difficulty—without an accommodation. This is true regardless of whether the *D'Onofrio* line of cases, as Plaintiff contends, are distinguishable from this case. [Doc. 55 at 8–16].

The Magistrate Judge found, and Plaintiff contests, that "[P]laintiff caused a breakdown in the interactive process." [Doc. 53 at 30]. Plaintiff instead contends that the R&R "ignores facts from which a reasonable jury could conclude that it was the Defendant who caused the breakdown in the interactive process, not [Plaintiff]." [Doc. 55 at 22].

The undisputed evidence shows that Defendant initiated the interactive process on August 12, 2021, when it met with Plaintiff, advised him that his request to work with a service dog would not be approved, and offered him the USCAN position.[2] [Doc. 43 at ¶¶ 19, 32]; *Owens v. Governor's Off. of Student Achievement*,

[2] A USCAN cashier works inside the store and "make[s] sure store customers in the self-check-out lines are getting checked out right" and "check[s] ID[s] if individual customers are buying alcohol." [Doc. 43 at ¶ 20].

52 F.4th 1327, 1334 (11th Cir. 2022) (quoting 29 C.F.R. § 1630.2(o)(3)) (describing the employer's obligation to "'initiate an informal, interactive process' with the employee to discuss the employee's specific limitations, explore potential accommodations, and select the most appropriate accommodation for both the employer and the employee."). It is also undisputed that, at that meeting, Plaintiff "made it clear to [Defendant] that he would not accept any accommodation or position that did not include bringing the dog to work with him." [Doc. 43 at ¶¶ 22–23]. By doing this, Plaintiff limited the "universe" of potential accommodations to a single accommodation—one that Defendant did not find acceptable. *Owens*, 52 F.4th at 1335 (emphasis added) ("[W]hen an employee triggers an employer's accommodation duties, the employer must expend time and expense to explore the *universe* of reasonable accommodations, identify one that is *mutually agreeable* to the parties, and implement it.").

The law is clear: an employee is "not entitled to the accommodation of her choice, but only to a reasonable accommodation." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997) (quoting *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 947 (N.D. Ga. 1995)). By limiting the universe of potential accommodations to one, Plaintiff caused a breakdown of the interactive process and foreclosed Defendant from offering a "[reasonable accommodation] that [was] mutually agreeable to the parties." *Owens v. Governor's Off. of Student*

*Achievement*, 52 F.4th 1327, 1335 (11th Cir. 2022). This fact is fatal to Plaintiff's failure to accommodate claim. *See D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020) ("Under the ADA, an employer will not be liable for failure to accommodate if the employee is responsible for the breakdown of the interactive process.").

A reasonable jury could not conclude otherwise as Plaintiff contends, even if Defendant offered Plaintiff only one alternative (the USCAN position), and even if Plaintiff told Defendant that he could not perform the USCAN position because of his disability. [Doc. 55 at 23]. Unlike Plaintiff, Defendant did not foreclose all available alternatives that could be discussed in the future by anticipatorily denying those that did not involve bringing a service dog to work. Rather, Defendant opted to "discuss alternatives with Plaintiff and move forward with a different accommodation for Plaintiff other than the service dog," but was prevented from doing so because of Plaintiff's insistence on his one and only desired accommodation. [Doc. 43 at ¶ 31].

Additionally, a reasonable jury could not find, as Plaintiff contends, that Defendant caused the breakdown in the interactive process. [Doc. 55 at 23–24]. When Plaintiff made clear at the August 12, 2021, meeting that he would not accept any accommodations that did not include a service dog, he caused the breakdown in the interactive process. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117

F.3d 1278, 1287 (11th Cir. 1997) (holding that an employee caused the breakdown in the interactive process when she "simply demanded that [her employer] capitulate" to her desired accommodation).[3] Even if Plaintiff ended the August 12, 2021, meeting by indicating that he would wait to hear other options from Defendant, he had already foreclosed Defendant from proposing a "mutually agreeable" accommodation by indicating that he would not accept any accommodation that did not include a service dog. *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1335 (11th Cir. 2022); [Doc. 55 at 23].

The Court similarly rejects Plaintiff's argument that a reasonable jury could conclude that "Defendant's blatantly hollow and insincere offer of an 'accommodation' that [it] knew would be ineffective was not 'reasonable' and therefore a failure to engage in the interactive process." [Doc. 55 at 24]. The purpose of the interactive process is to "discuss the employee's specific limitations [and] explore potential accommodations." *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022). That is precisely what Defendant initiated: a discussion about potential accommodations. [Doc. 43 at ¶¶ 19, 31]. And,

[3] To the extent that Plaintiff objects to the Magistrate Judge's reliance on *Stewart* because the facts of that case differ from the facts in this case, Plaintiff's objection is overruled. [Doc. 55 at 22–23]. The operative holding and facts that the Magistrate Judge referenced from that case are applicable here. *See* [Doc. 53 at 30–31]. Namely, Plaintiff, like the employee in *Stewart*, demanded that his employer acquiesce to his desired accommodation. *See Stewart*, 117 F.3d at 1280–83.

Case 4:22-cv-00179-WMR Document 57 Filed 12/08/23 Page 14 of 16

as discussed above, Plaintiff caused the breakdown in this process. Plaintiff cannot now benefit from the lack of results generated by the interactive process after he caused the process to fail in its infancy before other alternatives could be discussed. The Court agrees with the Magistrate Judge's assessment: "The defendant believed that offering plaintiff a USCAN position could have met plaintiff's expressed need for stability. (PSAMF ¶ 68.). . . . However, [Defendant] never got to explore that alternative because plaintiff would only accept an accommodation that included his service animal. (DR-PSAMF ¶ 68.)[.]" [Doc. 53 at 9]. In sum, Defendant cannot be liable because it "d[id] not obstruct an informal interactive process[,] ma[de] reasonable efforts to communicate with the employee and provide accommodations based on the information it possesse[d,] and the employee's actions cause[d] a breakdown in the interactive process." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

Finally, as it relates to Plaintiff's failure to accommodate claim, Plaintiff objects that the Magistrate Judge "ignored persuasive authority that is directly on-point" by failing to discuss the Northern District of Alabama's decision in *Hollingsworth v. O'Reilly Auto. Stores, Inc.*, 2015 WL 412894 (N.D. Ala. Jan. 30, 2015). [Doc. 55 at 17]. Plaintiff relied on *Hollingsworth* in his Response to Defendant's Motion and claims that it "stands for the proposition that an employer may be obligated to provide reasonable accommodation to an employee even if the

employee has been able to perform the essential functions of his job without accommodation." [*Id.*]. Plaintiff specifically contends that the Magistrate Judge erred by failing to explain how the *D'Onofrio* line of cases is consistent with the *Hollingsworth* decision. [*Id.*].

As an initial matter, when questions of federal law are at issue, this Court is bound only by decisions of the Eleventh Circuit and the Supreme Court. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("[A] district judge's decision neither binds another district judge nor binds him."). And, while it is true that other district court decisions are often persuasive, it is not this Court's duty to reconcile other district courts' decisions with Eleventh Circuit precedent. That task is uniquely reserved for the Eleventh Circuit when a party to an action files an appeal.[4] Therefore, the Magistrate Judge did not err by omitting discussion of *Hollingsworth* or by failing to explain how that case squares with the Eleventh Circuit's precedent.

Moreover, because the Court grants summary judgment on Plaintiff's failure to accommodate claim based on Plaintiff causing the breakdown in the interactive

[4] Importantly, the defendant in *Hollingsworth* did not appeal the district court's denial of summary judgment in its favor. *See* Docket in 4:13-CV-01623-KOB, N.D. Ala; *see also Coleman v. Hillsborough Cnty.*, 41 F.4th 1319, 1324 (11th Cir. 2022) (quoting *Schmelz v. Monroe Cnty.*, 954 F.2d 1540, 1542 (11th Cir. 1992)) ("[A]n order denying a motion for summary judgment is not an appealable final order."). Thus, the Eleventh Circuit never had the opportunity to review the district judge's decision.

Case 4:22-cv-00179-WMR Document 61 Filed 11/20/23 Page 16 of 25

process, *Hollingsworth* retains little relevance to this case. In *Hollingsworth*, the employee requested accommodations on several occasions, but his requests were ignored and belittled. *See Hollingsworth*, 2015 WL 412894 at *2 (explaining that the employee's manager "failed to take any steps to insure that [the employee] received assistance lifting heavy items," and the employee's two phone calls to the employer's human resources department were never returned). Here, Defendant chose to "discuss alternatives with Plaintiff and move forward with a different accommodation for Plaintiff other than the service dog," but "Plaintiff made it clear to [Defendant] that he would not accept any accommodation or position that did not include bringing the dog to work with him." [Doc. 43 at ¶¶ 23, 31]. Because of these disparate facts, the Court declines to follow *Hollingsworth*.

B. Summary Judgment is Proper on Plaintiff's ADA Retaliation Claim.

The Magistrate Judge recommended that Plaintiff's retaliation claim be dismissed on two independent grounds. *See* [Doc. 53 at 32–34]. First, the Magistrate Judge found that Plaintiff failed to present evidence showing that Defendant terminated his employment because he sought accommodation. [*Id.* at 33]. The Magistrate Judge instead found that the undisputed facts show that Plaintiff was placed on leave after he informed Defendant that he would only accept an accommodation allowing him to use a service dog at work, and Defendant terminated Plaintiff's employment when he exhausted his leave and had not returned

Case 4:22-cv-01079-WMR Document 57 Filed 12/20/23 Page 17 of 21

to work. [*Id.*]. Second, the Magistrate Judge recommended that Plaintiff's retaliation claim be dismissed because the facts supporting it are the same as those supporting his failure to accommodate claim. [*Id.* at 33–34].

Plaintiff has not objected to the Magistrate Judge's recommendation that his retaliation claim be dismissed because it is based on the same facts as his failure to accommodate claim. [*Id.*]. After reviewing the Magistrate's finding on this point for clear error, the Court finds none. Accordingly, the Court adopts the Magistrate Judge's finding as the opinion of this Court. Although this is a sufficient and independent ground for dismissing Plaintiff's retaliation claim, the Court will also consider Plaintiff's objections to the remainder of the Magistrate Judge's findings as to his retaliation claim. Before considering those objections, a discussion of the standard governing retaliation claims is necessary.

"To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). In the context of requesting disability accommodations, a plaintiff engages in statutorily protected expression if he shows "that he had a good faith, objectively reasonable belief that he was entitled to [his requested] accommodations under the ADA." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998). If the

plaintiff establishes a *prima facie* case, "the burden then shifts to the defendant employer to come forward with legitimate non-discriminatory reasons for its actions that negate the inference of retaliation." *Stewart*, 117 F.3d at 1287. If the employer produces such evidence, "[t]he plaintiff must then demonstrate that it will be able to establish at trial that the employer's proffered non-discriminatory reasons are a pretextual ruse designed to mask retaliation." *Id.*

There is no dispute here that Plaintiff has satisfied the first two elements of a *prima facie* retaliation claim by engaging in statutorily protected expression (requesting an accommodation) and suffering an adverse employment action (having his employment terminated). Thus, the remaining issues are causation and the burden-shifting analysis. *See Stewart*, 117 F.3d at 1287. As it relates to causation, the Magistrate Judge found, and Plaintiff contests, that "there is no probative evidence that plaintiff was separated from employment because he sought accommodation." [Doc. 53 at 33]. Plaintiff objects that the Magistrate Judge "ignore[d] a clear chain of admissions" from which a reasonable jury could conclude that, "had [Plaintiff] not requested the use of a service dog, Defendant would never have placed him on leave or ultimately terminated his employment." [Doc. 55 at 21–22].

The Court agrees with Plaintiff that he has produced sufficient evidence to show a causal connection between his request for accommodation and his firing.

[Doc. 55 at 21–22]. "To establish a causal connection, a plaintiff must show that the relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (quoting *Shannon v. Bellsouth Telecomm.., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)).[5] This requires Plaintiff to make a showing of "but-for causation." *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). Here, the undisputed facts show that Plaintiff was placed on leave so that he could "reconsider and engage in further discussion with Food City to identify other alternatives that would meet his needs besides the service dog, such as the USCAN position." [Doc. 43 at ¶ 38]. The undisputed facts further show that Defendant terminated Plaintiff "for failing to return from leave." [Doc. 50 at ¶ 75]. In other words, but for Plaintiff's request for an accommodation, he would not have been placed on leave, and but for his failure to return from that leave, he would not have been fired. Thus, in a technical sense, the Court cannot say that Plaintiff's request for accommodation and his firing were "wholly unrelated." *Kidd*, 731 F.3d at 1211.

[5] Although *Kidd* is a Title VII retaliation case, courts in the Eleventh Circuit "assess ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

However, the Court finds that Defendant has "come forward with legitimate non-discriminatory reasons for its actions that negate the inference of retaliation," and Plaintiff has failed to "demonstrate that it will be able to establish at trial that the employer's proffered non-discriminatory reasons are a pretextual ruse designed to mask retaliation." *Stewart*, 117 F.3d at 1287. Plaintiff and Defendant agree that Plaintiff "was terminated by Defendant effective February 14, 2022, for failing to return from leave." [Doc. 50 at ¶ 75].[6] Plaintiff's failure to return to work (*i.e.*, his absenteeism) is a legitimate and non-discriminatory reason to terminate his employment. *See Cunningham v. Nature's Earth Pellets, L.L.C.*, 433 F. App'x 751, 753 (11th Cir. 2011) (finding that the plaintiff's "history of absenteeism" was a legitimate reason to terminate her employment); *Wills v. Postmaster General*, 300 F. App'x 748, 752 (11th Cir. 2008) ("Here, the [employer] offered [the employee's] excessive absences as a legitimate, nondiscriminatory explanation for its actions, and, therefore, [the employee] was required to demonstrate that that reason was pretextual."). Plaintiff has failed to introduce any evidence that "meet[s] that reason

[6] Defendant placed Plaintiff on a leave of absence on August 18, 2021. [Doc. 43 at ¶ 38]. As it relates to Defendant's policy for personal leave, David Ellison, a Senior Human Resources Specialist for Defendant, testified at his deposition that an employee may take up to two personal leaves of 90 days in a 365-day calendar year (for a total of 180 days of leave). [Doc. 29-5 at 10:18–20; 18:4–11; 70:13–17]. Mr. Ellison testified that "[o]nce those leaves are, you know, exhausted and someone does not return to work they are, you know, terminated." [*Id.* at 60:2–5]. Plaintiff's 180 days of leave expired on February 14, 2022, and he did not return to work. [*Id.* at 70:18–20; Doc. 43 at ¶ 40].

head on and rebut[s] it." *Chapman v. AI Transp.*, 229 F.3d 1012 , 1030 (11th Cir. 2000). Thus, Plaintiff has failed to raise a genuine issue of material fact that Defendant's proffered reason was a pretext for discrimination.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. 29] is **GRANTED**.

**IT IS SO ORDERED**, this 8th day of December, 2023.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| CHRISTOPHER MATTHEW BATTEN,<br>Plaintiff,<br><br>vs.<br><br>K-VA-T FOOD STORES, INC.<br>Defendant. | CIVIL ACTION FILE<br><br>No. 4:22-cv-00179-WMR |

**J U D G M E N T**

This action having come before the court, the Honorable William M. Ray, II, United States District Judge, for consideration of the magistrate judge's final report and recommendation and of defendant’s motion for summary judgment, and the court having adopted said recommendation in part and granted said motion, it is

**Ordered and Adjudged** that plaintiff take nothing; that defendant recover costs of this action, and that the action be, and the same hereby, is **DISMISSED.**

Dated at Rome, Georgia, this 8th day of December, 2023.

KEVIN P. WEIMER
CLERK OF COURT

By: /s/ T. Frazier
Deputy Clerk

Prepared, Filed, and Entered in
the Clerk's Office
December 8, 2023
Kevin P. Weimer
Clerk of Court

By: /s/ T. Frazier
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW BATTEN,** | ) | |
| | ) | |
| **Plaintiff** | ) | **DOCKET NO.** |
| | ) | **4:22-CV-00179** |
| **v.** | ) | |
| | ) | |
| **K-VA-T FOOD STORES, INC., d/b/a** | ) | |
| **FOOD CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**NOTICE OF APPEAL**

---

Plaintiff, Christopher Matthew Batten, appeals to the United States Court of Appeals for the 11th Circuit from the final judgment entered on December 8, 2023.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*

R. Ethan Hargraves, GA No. 793839
Joshua R. Ward, GA No. 746261
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ph: 423.697.4529/ F: 423.634.8886
ethan@masseyattorneys.com
josh@masseyattorneys.com
*Attorneys for Plaintiff/Appellant*

Case 4:22-cv-00091-TWP-RMR Document 59 Filed 12/19/23 Page 2 of 2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Notice of Appeal was served upon Defendant using the CM/ECF system which will automatically send email notification of such filing to the following:

Howard B. Jackson
Mary Moffatt
Wimberly Lawson Wright Daves & Jones PLLC
550 W. Main Avenue, Suite 900
Knoxville, TN 37902
hjackson@wimberlylawson.com
mmoffatt@wimberlylawson.com

This 19th day of December 2023.

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves
Joshua R. Ward

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies compliance with LR 5.1(B) regarding Font and Point selections.

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves
Joshua R. Ward

Case 4:22-cv-00179-WMR Document 60 Filed 12/20/23 Page 1 of 1

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, SW
ATLANTA, GEORGIA 30303-3361

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

December 20, 2023

Clerk's Office
U.S. Court of Appeals
Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia 30303

**U.S.D.C. No.: 4:22-cv-00179-WMR**
**U.S.C.A. No.: 00-00000-00**
**In re: Batten v. K-VA-T Food Stores, Inc.**

Enclosed are documents regarding an appeal in this matter. Please acknowledge receipt on the enclosed copy of this letter.

__X__ **Certified copies of the Notice of Appeal, Clerk's Judgment, Opinion & Order and Docket Sheet appealed enclosed.**

_____ This is not the first notice of appeal. Other notices were filed on .

__X__ **There is no transcript.**

_____ The court reporter is .

_____ There is sealed material as described below: .

_____ Other: Original record A/V Record Exhibits transmitted pursuant to request. (See attached copy of request.)

__X__ **Fees HAVE been paid electronically on 12/19/23. (Receipt# AGANDC-13107866)**

_____ Appellant has been leave to appeal *in forma pauperis*.

_____ This is a bankruptcy appeal. The Bankruptcy Judge is .

__x__ **The Magistrate Judge is Walter E. Johnson.**

__X__ **The District Judge William M. Ray, II.**

_____ This is a **DEATH PENALTY** appeal.

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By: T. Frazier
Deputy Clerk